THE LAW OFFICE OF

# MILLSAPS & ASSOCIATES PLLC

August 12, 2021

Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

      **Re:**    *Goolden v. Wardak and Wardak v. Goolden*, No. 19-CV-6257 (ALC)

Dear Judge Carter,

I represent Defendant/Counterclaim-Plaintiff Hamed Wardak in the above-referenced matter. We write now to request that the Court issue the attached Letter of Request for International Judicial Assistance (the "Letter"), pursuant to Federal Rule of Civil Procedure 28(b), to the appropriate authority in the United Kingdom requesting assistance to obtain testimony and documents from Farris El-Alwan relating to this case. Counsel for Plaintiff/Counterclaim-Defendant Sarah Goolden has had an opportunity to review the Letter; while Ms. Goolden declined to join this request, she consents to Mr. Wardak's request for its issuance by this Court. As fact discovery currently is scheduled to close on October 29, 2021 under the Civil Case Management Plan and Scheduling Order, we respectfully request that the Court issue the Letter as soon as practicable.

Article 1 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") provides that a judicial authority of a signatory state may request the competent authority of another signatory state to obtain evidence by means of a Letter of Request. *See* Hague Convention, Oct. 7, 1972, 23 U.S.T. 2555, 847 U.N.T.S. 231. The United Kingdom and the United States are both signatories to the Hague Convention. Pursuant to its authority in Article 24, the United Kingdom has designated the Senior Master of the Queen's Bench Division of the Senior Courts of England and Wales as a competent authority to receive Letters of Request.

In this action for money damages, Ms. Goolden alleges (i) that Mr. Wardak physically assaulted her on the morning of July 6, 2018, while she and Mr. El-Alwan were staying at Mr. Wardak's home in Miami, Florida, by pulling her by her hair out of the bed that she was sharing with Mr. El-Alwan and physically carrying her to Mr. Wardak's bedroom; (ii) that Mr. Wardak sexually assaulted and raped Ms. Goolden in Mr. Wardak's home where Mr. El-Alwan also was staying on July 7, 2018, the morning after Ms. Goolden accepted Mr. Wardak's marriage proposal at a celebratory dinner at a restaurant in Miami with an assembly of their friends; and (iii) that Mr. Wardak intentionally inflicted emotional distress on Ms. Goolden by threatening, stalking, and harassing Ms. Goolden and her father after she broke off the engagement.

Hon. Andrew L. Carter, Jr.
August 12, 2021
Page 2 of 3

Mr. Wardak has denied Ms. Goolden's allegations and is countersuing Ms. Goolden for defamation, alleging that Ms. Goolden has made these allegations to third parties and brought this case maliciously and solely to defame him.  Mr. Wardak specifically alleges that he and Ms. Goolden had an on-and-off romantic friendship for eight years, which became an exclusive relationship beginning in or around May 2018.  Beginning around that time, Mr. Wardak alleges that Ms. Goolden inveigled several hundred thousand dollars in cash and gifts from him over the course of two months, including an approximately $160,000 Harry Winston diamond engagement ring that Mr. Wardak purchased for Ms. Goolden at her insistence while she, Mr. El-Alwan, and their friend Stephanie Raphael were staying with Mr. Wardak at his home in Miami around the July 4, 2018 holiday.  It is alleged that Mr. El-Alwan accompanied Mr. Wardak to Harry Winston in Miami and identified the ring that Ms. Goolden had selected, which Mr. Wardak immediately purchased.  As Mr. Wardak alleges, the parties then had a lavish engagement dinner with friends paid for by Mr. Wardak, Ms. Goolden got "cold feet" the next day and left Mr. Wardak's apartment for a hotel with Mr. El-Alwan before texting Mr. Wardak to apologize and returning to his home that evening, and two days Ms. Goolden left Miami with the engagement ring and "ghosted" Mr. Wardak while she went to Mykonos, Greece with her purported ex-boyfriend.

According to the allegations in both Ms. Goolden's Complaint ("Compl.") and Mr. Wardak's Answer and Counterclaim ("CC"), Mr. El-Alwan is a central witness in this case. Both Ms. Goolden and Mr. Wardak allege that Mr. Wardak came home to find Ms. Goolden in bed with Mr. El-Alwan in Mr. Wardak's guest room on the morning of July 5 or 6, 2018.  *See* Compl. ¶¶ 22-28; CC ¶¶ 7, 36-37.  Ms. Goolden alleges that Mr. Wardak proceeded to physically assault her in front of Mr. El-Alwan, while Mr. Wardak avers that the parties had a verbal argument, but no such physical assault took place.  Compl. ¶¶ 23-24; CC ¶ 3, 7, 36-37.  Mr. Wardak alleges that following this incident, Mr. El-Alwan accompanied him to Harry Winston, where Mr. El-Alwan pointed out the ring that Ms. Goolden wanted Mr. Wardak to buy for her. CC ¶¶ 5, 38.  Both parties allege that Mr. El-Alwan was in Mr. Wardak's apartment when Ms. Goolden alleges that Mr. Wardak raped her on the morning of July 7, 2018, and that Ms. Goolden and Mr. El-Alwan left Mr. Wardak's home together that day to go to a hotel before returning to Mr. Wardak's home that evening.  Comp.. ¶¶ 53-69; CC ¶ 3, 7, 9, 40-4.

Additionally, Mr. El-Alwan remained in contact with Mr. Wardak by various electronic means for months following the alleged July 2018 incidents in Miami, and Ms. Goolden has produced documents showing that she and Mr. El-Alwan exchanged thousands of text, image, and audio messages between June 2019 and May 2021, many of which relate to this case and the parties' dueling allegations.  Ms. Goolden apparently deleted her communications with Mr. El-Alwan prior to June 2019, so Mr. El-Alwan likely is the only source of those documents to the extent they are in his possession, custody, or control.

On July 23, 2021, we wrote to Mr. El-Alwan to ask if he would voluntarily attend a deposition in London to spare the parties, this Court, and the English courts the trouble and expense of this proceeding; I additionally sent Mr. El-Alwan an email on July 26, 2021 to inform him that Mr. Wardak would consider conducting such a deposition remotely by video link as

Hon. Andrew L. Carter, Jr.
August 12, 2021
Page 3 of 3

well.  Mr. El-Alwan did not respond as requested by July 30 and has not responded to those communications to date.

As further detailed in the attached Letter, Mr. El-Alwan's testimony is essential to the parties' claims and defenses in this case, and it is highly likely that Mr. El-Alwan possesses documents relevant to the parties' claims and defenses that are not available elsewhere.

For the foregoing reasons and those set forth in the attached Letter, Mr. Wardak respectfully requests, with Ms. Goolden's consent, that the Court issue the Letter.

Respectfully submitted,

/s/ *Rhett O. Millsaps II*

*Attorney for Defendant/Counterclaim-Plaintiff Hamed Wardak*

Enclosure

Cc:  All Counsel of Record (via ECF and email)