# The Law Offices of
# Millsaps & Associates PLLC

June 28, 2022

**SO ORDERED**
*/s/ Valerie Figueredo*
VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 6-29-2022

Plaintiff's counsel shall submit a response to Defendant's letter motion, ECF No. 152, by Friday, July 1.

<u>VIA ECF</u>

Honorable Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Goolden v. Wardak and Wardak v. Goolden*, No. 19-CV-6257 (ALC)(VF)

Dear Judge Figueredo,

      We represent Defendant/Counterclaim-Plaintiff Hamed Wardak in the above-referenced matter. Fact discovery is scheduled to close today in this case. We write to request a conference with the Court pursuant to Local Civil Rule 37.2 and to inform the Court of an urgent discovery matter that arose for the first time this morning and that will be the subject of an anticipated motion by Mr. Wardak for sanctions against Plaintiff/Counterclaim-Defendant Sarah Goolden ("Plaintiff").

      This matter was filed on July 5, 2019, and discovery began in January 2021, with an original fact discovery deadline of October 29, 2021. The parties exchanged the bulk of their respective document productions on May 28, 2021, and all document production was completed—following multiple discovery extensions granted by the Court—on or around March 23, 2022 (aside from a single Whatsapp media file that Plaintiff had failed to produce but produced on May 2, 2022, at Mr. Wardak's insistence in advance of her deposition). Plaintiff's deposition was completed on May 9 and May 10, 2022.

      The only outstanding discovery following Plaintiff's deposition was (i) Plaintiff's production of a purportedly relevant dress that she brought up for the first time at her deposition but still has yet to produce for inspection,[1] (ii) Mr. Wardak's deposition, and (iii) expert discovery, including an expert evaluation of Plaintiff. As agreed by the parties and ordered by the Court, *see* Dkt. No. 151, Mr. Wardak's deposition was scheduled to take place yesterday and today, with fact discovery closing today following multiple discovery extensions in this case. The first day of Mr. Wardak's deposition was completed yesterday as planned. But at 11:34 p.m. last night, Plaintiff's counsel sent a text message to counsel for Mr. Wardak stating, "We have to postpone the second day of the deposition. I will explain tomorrow and will call you in the morning. (No one is sick.)"

---

[1] Plaintiff's counsel wrote only a week ago, on June 21, 2022, to advise that Plaintiff had located the dress and to ask for a proposal for the production and inspection of the dress.

Hon. Valerie Figueredo
June 28, 2022
Page 2 of 3

At 8:39 a.m. this morning—twenty-one minutes before the second day of Mr. Wardak's deposition was scheduled to begin—Plaintiff produced through her counsel an approximately 28-minute audiovisual recording apparently created by Plaintiff (the "Video") that Plaintiff failed to produce in the 18 months of discovery in this case leading up to today. The parties then met and conferred briefly by telephone this morning; Plaintiff's counsel was unable to explain why the Video was not produced before today and represented that she was trying to get to the bottom of it with her client.

The Video is highly relevant to Mr. Wardak's discovery requests and the parties' respective claims and defenses in this case, which revolves around Plaintiff's allegations that Mr. Wardak sexually assaulted her at his home in Miami, Florida in July 2018 on the morning after they became engaged to be married. The Video appears to be a recording that Plaintiff herself made—without Mr. Wardak's knowledge or consent—of a private conversation between Plaintiff and Mr. Wardak in Mr. Wardak's bedroom in Miami, Florida in July 2018 following the alleged sexual assault and the parties' engagement celebration with their friends.

Plaintiff's failure to produce the Video prior to today—the day that fact discovery is set to close after 18 months of intensive discovery in a case that has been pending in this Court for almost three years, and the day after Mr. Wardak's first day of deposition—is inexcusable and severely prejudicial to Mr. Wardak. Additionally, Plaintiff's recording of her private conversation with Mr. Wardak without Mr. Wardak's knowledge or consent appears to be both a criminal and a civil violation of Florida law.

Accordingly, Mr. Wardak respectfully requests an urgent conference with the Court to discuss this egregious violation of Plaintiff's discovery obligations and Mr. Wardak's anticipated motions, which may include requests for (i) an evidentiary hearing, (ii) dismissal of this action, (iii) preclusion of the use of the Video for any purpose in this case, (iv) preclusion of any further deposition of Mr. Wardak, (v) Mr. Wardak's attorneys' fees and costs incurred in connection with the motion and Plaintiff's discovery failure, (vi) monetary sanctions, and (vii) any other and further relief appropriate under law or equity. Mr. Wardak further respectfully requests that the Court hold open fact discovery in this case for the limited purposes of (a) addressing Plaintiff's inexcusable failure to produce the Video prior to today and (b) production and inspection of Plaintiff's belatedly identified dress. Additionally, Mr. Wardak's expert will be unable to complete her tasks until these issues have been resolved, so Mr. Wardak will seek a further extension of the expert discovery deadline at an appropriate time. Finally, Mr. Wardak reserves the right to move for disqualification of Plaintiff's counsel if warranted following further investigation of this matter.

ChaudhryLaw PLLC

/s/ *Priya Chaudhry*
Priya Chaudhry

Sincerely,

/s/ *Rhett O. Millsaps II*
Rhett O. Millsaps II

*Attorneys for Defendant/Counterclaim-Plaintiff Hamed Wardak*

Hon. Valerie Figueredo
June 28, 2022
Page 3 of 3

Cc: All Counsel of Record (via ECF)

3