646.666.8908 | 16 COURT STREET, 33rd FLOOR | BROOKLYN, NY 11241
WWW.CAGOLDBERGLAW.COM

July 11, 2022

VIA ECF

Honorable Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**RE: Goolden v Wardak and Wardak v Goolden, No. 19-CV-6257(ALC)(VF)**

Dear Judge Figueredo:

We represent Plaintiff/Counterclaim-Defendant Sarah Goolden ("Ms. Goolden") in the above-referenced matter. On June 28, 2022, counsel for Defendant/Counterclaim-Plaintiff Hamed Wardak ("Mr. Wardak") requested a conference with the Court pursuant to Local Civil Rule 37.2 with regards to a discovery issue. (Dkt No. 152). Also on June 28, 2022 we filed a letter with the court requesting time to consult with an ethics attorney on this sudden and recent situation that had presented itself. (Dkt No. 153) Pursuant to our letter, the Court granted us time to respond on or before July 11, 2022. (Dkt No. 155).

We hereby join Mr. Wardak's counsel in requesting a conference with the court. We strongly object to the relief Mr. Wardak seeks in his letter motion and we intend to seek additional and expanded discovery, in addition to other remedies that we continue to consider.

The court should be aware of additional context, and clarification, of Defendant counsel's misleading characterizations of the procedural history to date. Mr. Wardak's deposition was scheduled to be conducted on June 27th and June 28th. It was our office's understanding that both parties had completed their production of all items requested prior to the parties' depositions. However, Defendant's counsel did request additional production during Ms. Goolden's deposition (conducted on May 9th and 10th). That production has not been completed to date.

In light of the above, as of the morning of June 27, 2022, discovery on this matter was ongoing as the Defendant, Mr. Wardak, had yet to be deposed and Defendant had outstanding production requests. On June 27th we commenced the first of Mr. Wardak's two days of deposition and the first day of his testimony concluded that day around 4:30 pm.

On the evening of June 27th, our office became aware of a video recording that purported to be of Mr. Wardak and Ms. Goolden taken in July 2018. Upon our receipt of the video recording we



C.A. GOLDBERG
PLLC. NEW YORK

646.666.8908  |  16 COURT STREET, 33rd FLOOR  | BROOKLYN, NY 11241
WWW.CAGOLDBERGLAW.COM

informed Mr. Wardak's counsel that the second day of Mr. Wardak's deposition would likely need to be postponed and that there was an issue we needed to discuss first thing the following morning. On the morning of June 28, 2022 we informed Mr. Wardak's counsel of the existence of the video, and sent it electronically to Mr. Wardak's counsel within minutes of that phone call. Both parties consented to the postponement of the second day of Mr. Wardak's deposition.

Mr. Wardak's response to receiving the video at this admittedly late stage in discovery – threatening to have Ms. Goolden's counsel disqualified, Ms. Goolden's claims dismissed, restricting further discovery of Mr. Wardak, implying impropriety, threatening sanctions, etc. -- is overwrought and self-serving. The video was properly turned over to Defendant's counsel within hours of coming into possession of it, while discovery <u>was still open.</u>  No trial date has been set. The expert discovery deadline is not until August 12, 2022. While we undoubtedly regret that this video was not produced sooner, it was nevertheless produced months, if perhaps not years (due to the court's backlog), before trial, and immediately upon our receipt of it. It's hard to imagine how the timing of the video production hinders Defendant's ability to prepare a proper defense or counterclaims.

Likely Defendant counsel's agita surrounding the video is related not so much to the timing of their receipt of the video but its content. Unquestionably, that content is material to the allegations underlying this proceeding.  The video portrays key party admissions by Mr. Wardak that support the allegations underlying Ms. Goolden's causes of action and that plainly contradict the version of facts that Mr. Wardak has been perpetuating in court filings and sworn statements throughout the life of this case.  The incongruencies of critical facts contained in Mr. Wardak's sworn deposition testimony versus those revealed in the video cannot be understated and are at the heart of the material issues in dispute.

Defendant's counsel ought not use this court as a delivery mechanism for new threats of civil and criminal retaliation or as an excuse to evade the second and final day of Defendant's deposition. This video is catastrophic to the merits of Defendant's position.  Hence, these scare tactics.

However, it is absolutely egregious to expect the provision of this video <u>during fact discovery</u> to constitute grounds for dismissal, cancellation of the rest of Defendant's deposition, justification for attorney's fees or sanctions, or an evidentiary hearing aimed at rooting around in attorney-client privileged information with the aim of interfering with the attorney-client relationship between Ms. Goolden and her counsel. At its core this matter involves a discovery dispute that can be further addressed through additional discovery mechanisms. We believe the subsequent question of the video's admissibility should then be presented for the court's consideration through a motion in limine.



C.A. GOLDBERG

PLLC. NEW YORK

646.666.8908 | 16 COURT STREET, 33rd FLOOR | BROOKLYN, NY 11241
WWW.CAGOLDBERGLAW.COM

We look forward to further conferencing the parties' anticipated motions with the court.

Sincerely,

C. A. Goldberg, PLLC

/s/ *Aurore C. DeCarlo*
Aurore DeCarlo

/s/ *Carrie A. Goldberg*
Carrie Goldberg


The Mullen Law Firm

/s/ *Corinne Mullen*
Corinne Mullen

