**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

---

**No. 19-CV-06257 (ALC)(VF)**

SARAH GOOLDEN,

**DECLARATION OF AURORE C. DECARLO IN OPPOSITION TO DEFENDANT'S MOTION FOR RULE 37 DISCOVERY SANCTIONS**

Plaintiff/Counter-Defendant,

v.

HAMED WARDAK,

Defendant/Counter-Plaintiff.

---

I, AURORE C. DECARLO, hereby declare as follows:

1.   I am lead counsel to Plaintiff/Counterclaim-Defendant Sarah Goolden ("Ms. Goolden" or "Plaintiff") in this action. I submit this declaration in opposition to Defendant's Motion for Rule 37 Sanctions (the "Motion"). I make this declaration based upon my knowledge of matters in this action and to place before the Court the following documents.

2.   Attached hereto as Exhibit A is a deficiency notice, dated November 4, 2021, that Plaintiff served on Defendant during the course of discovery.

3.   Attached hereto as Exhibit B is a relevant portion of the transcript of a pre-motion discovery conference held on March 15, 2022. At this conference counsel for Defendant made a number of representations related to Defendant's missing iPhone, as detailed in the annexed transcript.

4.   Attached hereto as Exhibit C is Plaintiff's Authorization to Release Cellular Phone and Messaging Records. This was furnished to Defendant on or around September 28, 2021. That

authorization instructed the recipient to provide Defendant's counsel with "copies of any and all cellular phone records, including but not limited to telephone bills containing detailed call and text records, statements, text data, notes, and any other documents whatsoever pertaining to the above individual for the for period from July 3, 2018 through July 17, 2018."

5. On or around June 28, 2022 counsel for Plaintiff produced a video recording ("the Recording") that had been discovered by Plaintiff on June 27, 2022. The Recording depicts a conversation between Plaintiff and Defendant that took place on July 8, 2018.

6. On May 1, 2023 and during a continuation date of May 5, 2023 Defendant had an opportunity to depose Plaintiff at length about the Recording, her discovery of the Recording, the phone on which the Recording was housed, and the whereabouts of the phone prior to plaintiff's discovery of it. A true copy of Plaintiff's deposition transcripts is attached as Exhibit D.

7. At a discovery hearing held on September 14, 2023 in front of Magistrate Judge Valerie Figueredo, counsel for Plaintiff advised that in an effort to resolve the discovery dispute around the Recording, Plaintiff would consent to the preclusion of the deposition testimony given by Defendant on June 27, 2022 and the preclusion of any reference made to Defendant's testimony during that deposition. Plaintiff's counsel suggested rescheduling Defendant's deposition anew so that Defendant could testify with the benefit of knowing the contents of the Recording and the circumstances around its creation and storage. Defendant's counsel rejected that proposal and demanded additional and more far-reaching sanctions.

8. Attached as Exhibit E is a copy of pages labeled Goolden004340-004341. These pages are a portion of a transcript of testimony Plaintiff gave during a hearing in which Plaintiff sought an order of protection against Defendant in New York City Family Court. Plaintiff gave this testimony on June 17, 2019. Defendant was present for her testimony. The family offense

petition was originally filed by Plaintiff in January 2019. The testimony transcript was produced

by Plaintiff in this proceeding on or around October 12, 2021.

9.   Attached as Exhibit F is a copy of pages labeled Goolden007827-007828. These pages

are a portion of records produced by Plaintiff on or around October 12, 2021. The records

purport to be copies of text exchanges between Plaintiff and her father.

10. Attached as Exhibit G is a copy of pages labeled WU0006-0007. These pages are a

portion of records produced by non-party witness Alexandra Wu in November 2021. The records

purport to be text exchanges between Plaintiff and Ms. Wu.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.

Executed this 30th day of November, 2023, in Brooklyn, New York.

_____

Aurore C. DeCarlo