# **<u>EXHIBIT A</u>**

646.666.8908 | 16 COURT STREET, 33rd FLOOR | BROOKLYN, NY 11241
AURORE@CAGOLDBERGLAW.COM | WWW.CAGOLDERGLAW.COM | 646-666-8608

November 4, 2021

Rhett Millsaps
The Law Office of Millsaps & Associates, PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
*Via Email:* rhett@millsaps-law.com

**Re: Goolden v. Wardak, Case No. 19-CV-6257 (ALC)**

Dear Rhett –

I am writing regarding a number of deficiencies in Mr. Wardak's first and second productions. We are hoping Mr. Wardak can remedy these deficiencies as quickly as possible so that we can avoid raising these issues with the court. We will not be able to proceed with the parties' depositions until these deficiencies are adequately addressed.

As you recall, Plaintiff initially served her First Request for Production of Documents on or around August 20, 2020 ("Plaintiff's First Request"). Defendant did not produce documents in response to this request until May 28, 2021. Mr. Wardak failed to produce any documents in response to many of the requests. He otherwise produced incomplete records and/or documents that appeared to have been tampered with or manipulated, in response to other requests.

Plaintiff then served a Second Request for Production of Documents on or around August 6, 2021 ("Plaintiff's Second Request"). Mr. Wardak served responses, absent of any productions, on September 7, 2021. Then Mr. Wardak produced documents in response to Plaintiff's second request on or around October 26, 2021. Again, Mr. Wardak failed to produce any documents whatsoever to many of the requests outlined in the Plaintiff's Second Request and/or produced incomplete documents and/or documents that appeared to have been manipulated.

While we continue to review the documents produced by Mr. Wardak, we do ask that you respond to the deficiencies we have noted to date as further outlined below:

**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

*REQUEST NO. 1*
*Any and all documentation evidencing or pertaining to Defendant's criminal record and history, including but not limited to, arrests, violations, complaints, reports, citations, indictments, and/or criminal proceeding and/or law enforcement investigations.*

Mr. Wardak has not provided any documents related to his criminal record and history. Clearly these documents are relevant insofar as evidencing a history of behavior similar to that which he inflicted on Ms. Goolden and are documents that would be relevant to Mr. Wardak's credibility.

Mr. Wardak had admitted that he was arrested on at least two occasions when he violated the temporary restraining order Ms. Goolden had been issued. We are aware that Mr. Wardak has previously been the subject of criminal complaints filed by third parties. Please confirm that Mr. Wardak will perform a further search and promptly provide any documents in Mr. Wardak's possession, control, and or custody that are related to any previous arrests, violations, complaints, reports, indictments, and/or criminal proceeding and/or law enforcement investigations. If he cannot produce these documents, please explain why he cannot.

REQUEST NO. 2
*Any and all documentation evidencing or pertaining to any orders of protection or restraining orders, whether civil or criminal, to which Defendant was a party.*

Mr. Wardak has failed to provide any documentation evidencing or pertaining to any orders of protection or restraining orders, whether civil or criminal, to which Defendant was a party other than those issued in protection of Ms. Goolden in the family offense proceeding *Goolden v. Wardak*. We are aware that other parties were issued orders of protection against Mr. Wardak, including but not limited to, Carlee Leonard and Shakla Karzai. Please produce any and all documents related to restraining orders issued to or on behalf of any other third parties, including but not limited to those involving Carlee Leonard and/or Shakla Karzai.

REQUEST NO. 6
*Any and all documentation evidencing or pertaining to any psychotherapy services received by Defendant.*

Mr. Wardak has failed to produce any documentation in response to this request. Any information evidencing or pertaining to any psychotherapy services received by Defendant are clearly relevant to Mr. Wardak's defenses and counterclaim, as well as the damages he alleges he suffered. Please provide these records and/or executed authorization form(s) directing any relevant health providers to make these records available for our inspection and review.

REQUEST NO. 7
*Any and all documents evidencing or related to any claim for monetary damages Defendant claims to have incurred as a result of Plaintiff's actions and/or this lawsuit.*

Mr. Wardak has failed to provide any documents in response to this Request despite alleging that "Goolden's defamation *per se*…has cost Wardak at minimum $100,000 in losses" that "Wardak's lost economic income is at least $100,000 which reflects his investment in the music business that he otherwise would have recouped in 2019 if not for Goolden's malicious and knowingly false accusation.." and that "Wardak also expended significant sums of money on legal fees to defend this sham action and for search engine optimization to mitigate the further propagation of the false and defamatory statements made by Goolden to the press." (Wardak Counterclaim, ¶¶ 21, 78, and 80).

Please provide documents evidencing the financial losses that cost Mr. Wardak at least $100,000 as claimed; documents evidencing the "significant" sums of money on legal fees to defend this

action; and costs expended for search engine optimization as alleged in Mr. Wardak's Counterclaim.

REQUEST NO. 8
*Any and all documents evidencing or related to any communications between Plaintiff and Defendant.*

We continue to review Mr. Wardak's productions, those submitted in response to both Plaintiff's First and Second Requests for Production (Requests No. 8 and No.2 respectively therein). Several of the communications provided appear to be screenshots, and/or copies of documents produced during discovery in other proceedings. We are also cataloguing exchanges that appear to be missing from various time periods. Please explain the process by which these records were identified, preserved, and collected.

REQUEST NO. 10
*Any and all documents evidencing or pertaining to any social media and website accounts controlled by or used by Defendant and any activity related to those accounts, including but not limited to any posts, comments, likes, direct messages, "retweets" or "regrams".*

Mr. Wardak's productions in response to this Request were limited to a number of comments posted on Instagram (HW_0003570-00003651). This production is insufficient. Mr. Wardak's social media activity is relevant to the claims, defenses, and counterclaims alleged by the Parties. Please produce evidence of all social media accounts associated with Mr. Wardak including but not limited to any Facebook, Instagram, Twitter, and/or Snapchat accounts. Please produce all posts, direct messages, "retweets", or "regrams" associated with these accounts from the period of January 1, 2018 through the present.

REQUEST NO. 11
*Copies of all W2 tax forms and IRS tax returns evidencing earnings by Defendant from 2010 to present.*

Mr. Wardak failed to provide any documents in response to this Request. This information is clearly relevant to the allegations underpinning Mr. Wardak's defenses and counterclaim in this proceeding, including but not limited to his claim of financial damages suffered on account of Plaintiff's alleged defamation. Please confirm that Mr. Wardak will promptly produce these documents.

REQUEST NO. 13
*Any and all documents evidencing or pertaining to bank and/or brokerage accounts held by Defendant, including but not limited to monthly or quarterly statements.*

Mr. Wardak failed to provide any documents in response to this Request. This information is clearly relevant to the allegations underpinning Mr. Wardak's defenses and counterclaim in this proceeding including but not limited to his claim of financial damages suffered on account of

Plaintiff's alleged defamation. Please confirm that Mr. Wardak will promptly produce these documents.

**Wardak's Production in Response to Plaintiff's First Request**

Farris El-Alwan WhatsApp Voice Memos

Please provide the audio files for the voice memos exchanged between Mr. El-Alwan and Mr. Wardak via WhatsApp on HW_00003164, HW_00003167.

**PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS**

REQUEST NO. 1
*Any and all documentation evidencing or pertaining to Defendant's expenditures on any recreational travel, airfare, hotel stays, luxury items, shopping, gifts, restaurants, boat or yacht cruises, bars, and/or nightclubs during the period of January 1, 2017 through the present.*

Mr. Wardak has failed to provide any documentation evidencing or pertaining to expenditures he alleges he spent on shopping, bars, restaurant, and/or nightclubs. More specifically, in his Third Amended Answer and Counterclaim, Mr. Wardak claims that he paid for an all-expense paid luxury shopping strips and expensive meals and nightlife benders for Ms. Goolden and her friends in July 2018; that he bought Ms. Goolden and her friends $40,000 worth of designer clothes and handbags, that Ms. Goolden and her friends spent that July week on a bender getting drunk day and night at Wardak's expense, that Wardak arranged for an intravenous-drip hydration service (Wardak Counterclaim ¶¶1, 2, 4). Mr. Wardak has failed to provide any documentation evidencing these expenditures. Mr. Wardak has not provided a single receipt, invoice, bill, credit card statement, or other proof of payment related to these alleged purchases and expenditures. Please confirm that Mr. Wardak will promptly provide these documents.

REQUEST NO. 2
*Any and all documentation evidencing or pertaining to any and all correspondence between Defendant Wardak and Plaintiff Goolden, including but not limited to texts, voicemails, WhatsApp or Signal messages, Instagram and/or Facebook Direct Messages, and/or email during the period of January 2010 through July 15, 2018.*

We continue to review Mr. Wardak's productions, those submitted in response to both Plaintiff's First and Second Requests for Production (Requests No. 8 and No.2 respectively. Several of the communications provided appear to be screenshots, and/or copies of documents produced during discovery in other proceedings. We are also cataloguing exchanges that appear to be missing from various time periods. Please explain the process by which these records were identified, preserved, and collected.

REQUEST NO. 4
*Any and all documentation evidencing or pertaining to Defendant's "business contacts" in music or party venues and/or nightclubs located in New York, NY and Miami, Fl, including but not limited to any communications between Defendant and these "business contacts" during the period of January 2017 through the present.*

Mr. Wardak has failed to produce any documents responsive to this request. This information is clearly relevant to the allegations underlying Mr. Wardak's counterclaim. Please instruct your client to promptly produce these records or to provide an explanation as to why he cannot.

REQUEST NO. 5
*Any and all documentation evidencing or related to any events, shows, bookings, and/or appearances Defendant participated in or was scheduled to participate in as a "musical artist" or "producer" during the period of January 2017 through the present.*

Mr. Wardak has failed to provide any documentation evidencing or related to any events, shows, bookings, and/or appearances Mr. Wardak participated in or was scheduled to participate in as a "musical artist" or "producer" during the relevant period despite Mr. Wardak's claims that Ms. Goolden's alleged defamation cost him multiple bookings. Please confirm that Mr. Wardak will promptly provide evidence of any such bookings.

REQUEST NO. 10
*Any and documentation evidencing or pertaining to any communications to or from Matteo Garzia including but not limited to texts, voicemails, WhatsApp or Signal messages, Instagram and/or Facebook Direct Messages, and/or email during the period of January 1, 2018 through the present.*

- Mr. Wardak has improperly limited his production in response to this request to direct messages he exchanged with Mr. Garzia on Instagram. Mr. Wardak has failed to provide any communications he exchanged with Mr. Garzia via iMessage, text, WhatsApp, or other platforms despite making direct references to these other exchanges in his communication with Mr. Garzia via Instagram. By way of example, Mr. Wardak made a number of references to texts when messaging Mr. Garzia on Instagram, revealing that the parties exchange messages via text:
  "When you're free text me before" HW_00008873
  "Text me today when ur in Seaport" HW_00008821

  Please instruct your client to promptly provide any communications exchanged with Mr. Garzia via iMessage, text, WhatsApp, or other messaging platforms.

- Media referenced or depicted in the Instagram messages between Mr. Wardak and Mr. Garzia are missing. By way of example please see:
  - HW_00008757:

> Matteo Garzia
> 
> Aug 18, 2020, 4:32 AM

- o HW_00008825:

> Matteo Garzia
> 
> May 29, 2019, 10:04 AM

- o HW_00008827:

> Matteo Garzia
> 
> May 29, 2019, 9:31 AM

Please have your client promptly provide files of all the media missing in his Instagram DM exchanges with Mr. Garzia.

- The direct messages exchanged with Mr. Garzia cut off prior to May 29, 2019 (*See*, HW00008842). Please have your client promptly provide <u>all</u> message history with Matteo Garzia from January 1, 2018 through the present.

<u>REQUEST NO. 11</u>
*Any and all documentation evidencing or pertaining to communications to or from Ashlen Alexandra (aka Ashlen Gilmore) including but not limited to texts, voicemails, WhatsApp or Signal messages, Instagram and/or Facebook Direct Messages, and/or email during the period of January 2018 through the present.*

- Mr. Wardak has improperly limited his production in response to this request to direct messages he exchanged with Ashlen Gilmore on Instagram. Mr. Wardak has failed to provide any communications he exchanged with Ms. Gilmore via iMessage, text, WhatsApp, or other platforms despite making direct references to these other exchanges in his communication with Ms. Gilmore via Instagram. By way of example, Mr. Wardak made a reference to text exchanges when messaging Ms. Gilmore on Instagram, revealing that the parties would exchange messages via text:
  - o "Check your text" (HW_00008284)

Please instruct your client to promptly provide any communications exchanged with Mr. Garzia via iMessage, text, WhatsApp, or other messaging platforms.

- Media referenced or depicted in the Instagram messages between Mr. Wardak and Ms. Gilmore are missing. By way of example please see:
  - o HW_00008294:



Please have your client promptly provide files of all the media missing in his Instagram DM exchanges with Ms. Gilmore.

*REQUEST NOS. 12 – 18, 20-27, 29-32, 34-40, and 43,*

Requests Nos. 12 – 18, 20-27, 29-32, 34-40, and 43 sought documentation evidencing or pertaining to communications to or from the following individuals:

> *Alex Jos (Request No. 12)*
> *Brian Gefter (Request No. 13)*
> *Steve Martinez (Request No. 14)*
> *Ben Housen (Request No. 15)*
> *Joanna Polumsky (Request No. 16)*
> *Gregory Choplin (Request No. 17)*
> *Ryan Van Milligan (Request No. 18)*
> *James Zummaraga (Request No. 20)*
> *Joanni Gammill (Request No. 21)*
> *Jermaine Santiago (Request No. 22)*
> *Juriel Zeligman (Request No. 23)*
> *Rob Toma (Request No. 24)*
> *David Danese (Request No. 25)*
> *Coloma Kaboomsky (Request No. 26)*
> *David Sinopoli (Request No. 27)*
> *Chris Martinez (Request No. 29)*
> *Yura Shabetayev (Request No. 30)*
> *Maddie Powell (Request No. 31)*
> *Melissa Bullock (Request No. 32)*
> *Derek Bullock (Request No. 33)*
> *Luis Berrios (Request No. 34)*
> *Nancy Marcus (Request No. 35)*
> *Yoni Benvinisti (Request No. 36)*
> *Anastasia Matviienko (Request No. 37)*
> *Michael Saylor (Request No. 38)*
> *Bill Dean (Request No. 39)*
> *Carlee Leonard (Request No.40)*
> *Nina Nowicka (Request No. 43)*

Mr. Wardak has refused or failed to produce any documents evidencing or pertaining to communications to or from the named individuals despite naming many of them as pertinent

witnesses on Defendant's Rule 26 initial disclosures. Other named individuals are believed to have knowledge of facts relevant to the parties' claims, defenses, and/or counterclaim. Please instruct your client to promptly provide these records or to provide an explanation as to why he is unable to provide them.

REQUEST NO. 19

*Any and all documentation evidencing or pertaining to communications to or from Luis Rodriguez, including but not limited to texts, voicemails, WhatsApp or Signal messages, Instagram and/or Facebook Direct Messages, and/or email during the period of January 2018 through the present.*

- Mr. Wardak has improperly limited his production in response to this request to direct messages he exchanged with Luis Rodriguez on Instagram. Mr. Wardak has failed to provide any communications he exchanged with Mr. Rodriguez via iMessage, text, WhatsApp, or other platforms despite making direct references to these other exchanges in his communication with Mr. Rodriguez via Instagram. By way of example, Mr. Wardak made a reference to text exchanges when messaging Mr. Rodriguez on Instagram, revealing that the parties would exchange messages via text:
    - "Can you text it to me please" (HW_00008682)

    Please instruct your client to promptly provide any communications exchanged with Mr. Rodriguez via iMessage, text, WhatsApp, or other messaging platforms.

- Mr. Wardak has failed to provide any communications exchanged with Mr. Rodriguez during the period of July 2018 or prior to then despite identifying Mr. Rodriguez as a witness present during the July 2018 Miami visit by Ms. Goolden and her friends in Mr. Wardak's Rule 26 initial disclosures. Please instruct your client to promptly produce any communications with Mr. Rodriguez exchanged during this period.

REQUEST NO. 44

*Any and all documentation evidencing communications sent to or from the Defendant including but not limited to texts, voicemails, WhatsApp or Signal messages, Instagram and/or Facebook Direct Messages, and/or email, during the period of July 1, 2018 through July 31, 2018.*

Mr. Wardak has failed to sufficiently produce documents in response to this Request. Any communications that Mr. Wardak exchanged during this critical period are relevant to the claims, defenses, and/or counterclaim asserted in the instant proceeding.

REQUEST NO. 48

*Any and all documentation evidencing or pertaining to any emotional or psychological damages alleged to be incurred by Defendant as described in Defendant's counterclaim.*

Mr. Wardak has failed to produce any documents evidencing or pertaining to any emotional or psychological damages he is alleged to have incurred, as described in his Counterclaim. Please instruct your client to promptly produce any such documents.

**Wardak's Production in Response to Plaintiff's Second Request for Production**

Communications with Unidentified Third Parties

Please identify the following individuals and their relationship to Mr. Wardak:
1. "Kit not Kate" (HW_00008458 – 00008558)
2. "Heidi"( HW_00008426 – 00008456)
3. "Lisa Medeiros" (HW_00008559)
4. "Louiza" (HW_00008560-00008676)
5. "Sophia" (HW_00008883-00008909)
6. "Dyryck (HW_
7. "Purp" (HW_0000843-00008880)

Mr. Wardak has failed to produce communications through other messaging platforms between himself and these individuals as well, despite his reference to other types of messages (texts, WhatsApp, etc) in his Instagram messages to those individuals. Please direct your client to promptly produce communications with these individuals exchanged via iMessage, text, WhatsApp, or other messaging platforms.

Additionally, Mr. Wardak has failed to produce any communications exchanged with "Purp" during the period between November 17, 2017 and August 3, 2018 despite "Purp" being present at the July 2018 events noted in the Complaint and Counterclaim. Please instruct your client to promptly produce any communications with "Purp" during this period.

Redactions

In Mr. Wardak's production in response to Plaintiff's Second Request, a number of the documents contain redactions (*See e.g.* HW_00008943-44, HW_000008946, HW_0000047-49, HW_00008953. Please provide a privilege log for any and all redactions made to documents produced by Mr. Wardak.

We look forward to your prompt response on these matters.

Respectfully,

Aurore DeCarlo
C.A. Goldberg PLLC
*Attorneys for Sarah Goolden*

