# EXHIBIT B

```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK


In re:                               :
                                       Docket #1:19-cv-06257-
GOOLDEN, SARAH,                      : ALC-DCF

               Plaintiff,            :

  - against -                        :

WARDAK, HAMED,                       : New York, New York
                                       March 15, 2022
               Defendant.            :
                                       TELEPHONE CONFERENCE
------------------------------------ :


                     PROCEEDINGS BEFORE
               THE HONORABLE DEBRA C. FREEMAN,
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          C.A. GOLDBERG PLLC
                        BY:  AURORE CIRCLE DECARLO, ESQ.
                        16 Court Street, Suite 2500
                        Brooklyn, NY 11241


For Defendant:          LEX LUMINA PLLC
                        BY:  RHETT OWEN MILLSAPS, II, ESQ.
                        745 Fifth Ave., Ste. 500
                        New York, NY 10151

                        CHAUDHRY LAW PLLC
                        BY:  PRIYA CHAUDHRY, ESQ.
                        45 West 29th Street, Suite 303
                        New York, NY 10001


Transcription Service:  Carole Ludwig, Transcription Services
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Email:  Transcription420@aol.com


Proceedings conducted telephonically and recorded by
electronic sound recording;
Transcript produced by transcription service.
```

<u>**INDEX**</u>

<u>**E X A M I N A T I O N S**</u>

| <u>**Witness**</u> | <u>**Direct**</u> | <u>**Cross**</u> | <u>**Re-<br>Direct**</u> | <u>**Re-<br>Cross**</u> |
|---|---|---|---|---|
| None | | | | |

<u>**E X H I B I T S**</u>

| <u>**Exhibit<br>Number**</u> | <u>**Description**</u> | <u>**ID**</u> | <u>**In**</u> | <u>**Voir<br>Dire**</u> |
|---|---|---|---|---|
| None | | | | |

|     |                                                              |
| --- | ------------------------------------------------------------ |
| 1   | PROCEEDINGS                                      12          |
| 2   | of his own prior counsel for any documents that they may    |
| 3   | have in their possession that preserved earlier records,    |
| 4   | and wouldn't they have to turn them over to Mr. Wardak if   |
| 5   | he asks for them?                                            |
| 6   | MS. DECARLO:  Absolutely.  And I believe         |
| 7   | Mr. Wardak's counsel, based on letters he produced from     |
| 8   | December, made efforts to acquire these records.  But from  |
| 9   | what I understand --                                         |
| 10  | THE COURT:  Well, what makes you think there are |
| 11  | such records?                                                |
| 12  | MS. DECARLO:  Because Mr. Wardak represented to us |
| 13  | that he had turned his phone over to his prior counsel.  So |
| 14  | then --                                                      |
| 15  | THE COURT:  I'm sorry, the very phone that is    |
| 16  | supposedly lost was supposedly in the possession of         |
| 17  | counsel?                                                     |
| 18  | MS. DECARLO:  That's correct.                     |
| 19  | THE COURT:  Of prior counsel?                     |
| 20  | MS. DECARLO:  Well, it was at one point, I        |
| 21  | believe, to extract data from the phone and then was        |
| 22  | returned to Mr. Wardak, who then subsequently lost it.  And |
| 23  | obviously, I'll let Mr. Wardak's counsel specify, you know, |
| 24  | the exact timeline and what happened.  But that's our       |
| 25  | understanding, anyway.  So it's our understanding that at   |

```
 1                           PROCEEDINGS                     13
 2   some point prior to his losing the phone, Mr. Wardak turned
 3   it over to his prior counsel.  And, again, just to remind
 4   the Court, the parties have been involved on at least three
 5   other lawsuits in different venues.  So there's been a
 6   history of the exchange of discovery on other actions.  And
 7   the phone I believe was turned over to produce discovery in
 8   another lawsuit that the parties were involved in.  And
 9   prior counsel has been, it seems, unresponsive to
10   Mr. Millsaps' inquiries about --
11               THE COURT:  Wait a second.  Was discovery produced
12   in that other case, discovery from the phone?
13               MS. DECARLO:  I can't say.  I think some of it
14   was.  I can't say for sure what was produced or what wasn't
15   from the phone.
16               THE COURT:  I'm sorry, who was in that other case?
17   That was also Ms. Goolden's in the other case?
18               MS. DECARLO:  That was a case in Florida, yes.
19               THE COURT:  Okay, so Ms. Goolden is a party --
20               MS. DECARLO:  And it was a federal court
21   proceeding.
22               THE COURT:  All right, Ms. Goolden was a party to
23   that action and requested discovery in that action.  And
24   why would she not know if material was produced from that
25   phone in that action?
```

```
 1                         PROCEEDINGS                14
 2              MS. DECARLO:  We -- she can't -- first of all,
 3    it's not clear to us that any discovery was produced in the
 4    federal case in Florida.  There was also a family court
 5    proceeding in New York Family Court, a family offense
 6    petition.  And I believe some discovery was produced in
 7    that context.  We don't know what was produced from the
 8    phone or what wasn't.
 9              THE COURT:  Well, how would you not know that?
10              MS. DECARLO:  We don't -- because we -- well, we
11    weren't -- first of all, we weren't attorneys on those
12    cases.
13              THE COURT:  No, but your client was a party.  So
14    if discovery was produced to her, why wouldn't she know if
15    any early phone records were produced to her?
16              MS. DECARLO:  Well, we certainly have some
17    screenshots that were produced, but we don't have any way
18    of knowing if that was the entirety of it or what, you
19    know -- and the requests in those cases may have been
20    different, narrower in scope -- I don't know -- from the
21    requests that we've made here.  But, I  mean, the point is
22    is we just want to know whether the prior counsel extracted
23    data from the phone or not; and if they did, whether all of
24    that data was -- is still in their possession or custody
25    and can be produced.  We just simply haven't --
```

```
 1                          PROCEEDINGS                    15

 2            THE COURT:  Let me hear -- let me hear from

 3    Mr. Wardak's counsel on this.

 4            MR. MILLSAPS:  Your Honor, we did -- we have

 5    followed up with all of Mr. Wardak's prior counsel.  And

 6    Mr. Wardak, as I explained to Ms. DeCarlo, believed that

 7    his prior counsel had taken his phone sometime in 2019 and

 8    extracted the ESI from it.  You know, his prior counsel was

 9    not very cooperative with us.  We ended up having to send

10    them very strong demand letters for this information.  And

11    they all sent over what they had in their files, and none

12    of them had the ESI that plaintiff is seeking here and that

13    frankly we would love to recover ourselves.  It just

14    doesn't exist.

15            THE COURT:  And what gives you the confidence that

16    they've turned over everything they had?

17            MR. MILLSAPS:  Just based on their representations

18    and their -- you know, we sent them quite strong demand

19    letters, you know, essentially pointing out their own

20    liability here if they failed to turn over what they have.

21    I've spoken with each of them, and I've received, you know,

22    what they have represented is their entire file.  They've

23    also explained to me -- each of them has explained to me

24    that they never extracted the ESI from Mr. Wardak's phone.

25            THE COURT:  So Mr. Wardak's recollection of this
```

46

## C E R T I F I C A T E

I, Carole Ludwig, certify that the foregoing transcript of proceedings in the case of Goolden v. Wardak, Docket #19-cv-06257-ALC-DCF, was prepared using digital transcription software and is a true and accurate record of the proceedings.

Signature _Carole Ludwig_

Carole Ludwig

Date:    March 24, 2022