**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SARAH GOOLDEN,

                    Plaintiff, Counterclaim-Defendant

     -against-

HAMED WARDAK,

               Defendant, Counterclaim-Plaintiff.

**19-CV-6257 (ALC) (VF)**

---

**DEFENDANT/COUNTERCLAIM-PLAINTIFF HAMED WARDAK'S REPLY**
**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR DISCOVERY**
**SANCTIONS**

---

YANKWITT LLP
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.:  (914) 686-1500
Fax:  (914) 487-5000
*Counsel for Defendant/*
*Counterclaimant Hamed Wardak*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ......................................................................................................................... 3

I.    Plaintiff Willfully Violated Discovery Obligations, Requiring Sanctions ............................ 3

    A.  Plaintiff Ignores Defendant's Request for Attorney's Fees and Costs or Sanctions
    Resulting from Plaintiff's Violation of Rule 26(g) .................................................... 3

    B.  Plaintiff's Failure to Produce the Recording Timely In Response to Discovery
    Demands Constitutes a Sanctionable Abuse of the Discovery Rules ..................................... 5

    C.  Plaintiff's Attempt to Inject a Bad Faith Requirement to the Sanctions
    Analysis Falls Short ................................................................................................ 6

II.   Defendant's Requested Sanctions are Warranted and Supported by Softel and Binding
    Precedent ....................................................................................................................... 7

    A.  Plaintiff's Inconsistent Position on the Importance of the Recording Belies her
    Argument Against Preclusion .................................................................................... 7

    B.  Plaintiff's Tale of Misplacing and then Discovering the Phone and
    Recording Lacks Credibility ..................................................................................... 8

    C.  Defendant Suffered Prejudice as a Result of Plaintiff's Abrogation of the
    Discovery Process ..................................................................................................... 9

CONCLUSION ...................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                        **Page(s)**

*Ali v. Dainese USA, Inc.*,
  577 F.Supp.3d 205 (S.D.N.Y. 2021) ............................................................................. 3, 4

*Beverly Hills Teddy Bear Co. v. Best Brands Consumer Products, Inc.*,
  2020 WL 7342724 (S.D.N.Y. 2020) ............................................................................... 4

*First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*,
  218 F.Supp.2d 369 (S.D.N.Y. 2002) ............................................................................... 4

*Google LLC v. Starovikov*,
  2022 WL 16948296 (S.D.N.Y. 2022) ............................................................................. 4

*In re UBS AG Securities Litigation,*
  2012 WL 44711265 (S.D.N.Y. 2012) ............................................................................. 4

*Met. Opera Ass'n, Inc. v. Local 100, Hotel Emps. and Restaurant Emps. Intern. Union,*
  212 F.R.D. 178 (S.D.N.Y. 2003) ................................................................................... 4

*Peerless Network, Inc. v. AT&T Corp.*,
  2022 WL 3700141 (S.D.N.Y. 2022) ............................................................................. 4

*Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*,
  280 F.R.D. 147 (S.D.N.Y. 2012) ................................................................................... 4

**Rules**

Rule 26(g) ................................................................................................................. 3, 4

Rule 37(c) ....................................................................................................................... 6

Rules 26 and 37 of the Federal Rules of Civil Procedure ............................................... 1

Defendant/Counterclaim Plaintiff Hamed Wardak ("Defendant") respectfully submits this reply memorandum of law in further support of his motion for discovery sanctions (the "Motion") against Plaintiff/Counterclaim Defendant Sarah Goolden ("Plaintiff"), pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

Plaintiff's opposition memorandum of law is more noteworthy for what it does not say than what it does.  In her opposition brief, Plaintiff does not dispute: (1) that the Recording was in her possession during the entirety of the litigation; (2) that the Recording was on Plaintiff's own iPhone, which during this litigation she regularly used for a time and which she then kept upon switching to use of a new phone; (3) that Defendant made numerous discovery requests that encompassed the iPhone and Recording; (4) that Plaintiff was obligated to produce the Recording in response to each and every one of those requests and failed to do so; and (5) that Plaintiff's miraculously-timed re-discovery of the Recording – on her iPhone in her closet in an electronic folder where she had specifically placed the Recording previously for safekeeping – came after she had testified and just moments after Defendant testified in this case, upon a search so simple that all Plaintiff had to do was walk over to her closet and look at the phone.

Additionally, while Plaintiff purports to oppose categorically all of the relief Defendant seeks in consequence of Plaintiff's willful discovery violation, Plaintiff makes no specific or sustained argument in opposition to several forms of relief Defendant seeks.  Plaintiff does not,

---

[1] "Moving Brief" or "Moving Br." refers to Defendant/Counterclaim-Plaintiff's Memorandum of Law in Support of Motion for Discovery Sanctions (Doc. No. 200).  "Opposition" or "Opp'n" refers to Plaintiff/Counterclaim-Defendant's Memorandum of Law in Opposition to Defendant's Motion (Doc. No. 202).  "DeCarlo Decl." refers to the Declaration of Aurore C. DeCarlo in Opposition to Defendant/Counterclaim Plaintiff's Motion (Doc. No. 203).  Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Moving Brief.

for example, offer any argument in opposition to imposition of costs and fees, nor could she: Defendant has been prejudiced entirely by the costs and fees expended on this issue, none of which would ever have been necessary if Plaintiff had simply complied with her discovery obligations. Indeed, Defendant tried to ameliorate this prejudice by sending a list of questions to Plaintiff more than a year ago, and Plaintiff declined to respond, which necessitated further litigation including expert retention and a deposition.

Plaintiff also does not offer any sustained or persuasive argument in response to preclusion of Defendant's deposition testimony. Relatedly, while Plaintiff seeks to turn her discovery failure upside down, and use it as a basis for a second-bite-at-the-apple in deposing Defendant again, she also offers no basis why such a windfall should come to her.

As for what Plaintiff does say and address in her opposition, it is likewise unpersuasive. Plaintiff attempts to oppose preclusion of the Recording as a sanction, on the ground that the Recording is important. But *in the very same brief*, Plaintiff concedes, as she must, that the video is unimportant and duplicative of other evidence and assertions. Indeed, Plaintiff's concession is true, as the Recording does not prove Plaintiff's claims, and is consistent with Defendant's claims, and thereby is not so critical that, under the *Softel* factors, preclusion of the Recording in consequence of Plaintiff's willful discovery violation is unduly harsh.

In addition, Plaintiff appears to argue that the "suboptimal" timing of her production of the Recording was because she forgot she had it. This excuse is neither credible nor sufficient. As to credibility, Plaintiff admitted in her deposition that she had the Recording throughout the litigation, that she specifically looked at the iPhone on which the Recording was located weeks or months before the deposition of Defendant, and that immediately after Defendant testified, she promptly located the Recording. This was no forgotten piece of evidence. Moreover, as to sufficiency, even

if Plaintiff forgot that she had the Recording, which she did not, that is no excuse.  It was incumbent on Plaintiff to search her files for responsive items and find those within her possession, not merely to "forget" she had a contemporaneous video recording of Defendant and to think no more of it.

## ARGUMENT

### I.        Plaintiff Willfully Violated Discovery Obligations, Requiring Sanctions

#### A.        Plaintiff Ignores Defendant's Request for Attorney's Fees and Costs or Sanctions Resulting from Plaintiff's Violation of Rule 26(g)

*First*, Plaintiff does not substantively dispute that attorney's fees and costs stemming from her various discovery failures are warranted.  In fact, Plaintiff does not even bother to address Defendant's request for the imposition of attorney's fees and costs, generally, or for violation of Rule 26 (g), which "explicitly encourage[es] the imposition of sanctions," specifically in the form of fees resulting from said violation.  (*See* Moving Br., at 10.)  Instead, Plaintiff's only reference to Defendant's requests for sanctions *other* than preclusion, is the singular line as follows:  "Among other sanctions, Defendant seeks to preclude claims to which the Recording relates and to preclude the Recording itself."  (*See* Plaintiff's Opp. Br., at 5.)

Plaintiff then goes further, citing case law that affirmatively imposes lesser sanctions in an attempt to distract the Court, stating that "milder sanction[s] may be appropriate," yet never directly addresses Defendant's fees request.  (*See* Plaintiff's Opp. Br., at 8, citing *Ali v. Dainese USA, Inc.*, 577 F.Supp.3d 205, 227 (S.D.N.Y. 2021).)  Tellingly, Plaintiff instead attempts, and fails, to distinguish this case, stating that lesser sanctions are "not an issue here," because the specific sanction in that case, reopening discovery, does not apply here.  (*See id.*).  However, what Plaintiff fails to disclose to the Court, is in *Ali*, on top of reopening discovery, the court *also* granted the Defendant's motion for "attorneys' fees and costs and other just relief."  *Ali*, 577 F.Supp.3d at 229.

In a similar show of misdirection, Plaintiff does actually point the Court to an example where monetary sanctions are imposed, *Google LLC v. Starovikov*, 2022 WL 16948296, at \*13 (S.D.N.Y. 2022), but does so only in an attempt to inject a bad faith standard into the sanctions analysis, where there is indisputably no such standard.  (*See* Plaintiff's Opp. Br., at 6-7; *see also infra*, at 5-7.)  What Plaintiff again fails to clarify, is that attorney's fees and costs are **not** only awarded where bad faith exists, as alluded to in her argument, but rather, are commonly awarded as the "mildest" of sanctions.  (*See* Moving Br., at 13); *see also Beverly Hills Teddy Bear Co. v. Best Brands Consumer Products, Inc.*, 2020 WL 7342724, at \*19 (S.D.N.Y. 2020) (ordering the party that violated discovery obligations to pay the movant's costs and attorney's fees); *Peerless Network, Inc. v. AT&T Corp.*, 2022 WL 3700141, at \*6 (S.D.N.Y. 2022) (same); *Met. Opera Ass'n, Inc. v. Local 100, Hotel Emps. and Restaurant Emps. Intern. Union*, 212 F.R.D. 178, 231 (S.D.N.Y. 2003) (same); *Ali v. Dainese USA, Inc.*, 577 F.Supp.3d 205, 229 (S.D.N.Y. 2021) (same).  In fact, the case Plaintiff relies upon to attest that courts "must consider less drastic responses" before precluding evidence, also states "it is generally appropriate, at a minimum, to require a party that has not complied with its discovery obligations to pay the reasonable fees and costs incurred by the moving party in seeking . . . discovery sanctions."  (*See* Moving Br., at 13, citing *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 156 (S.D.N.Y. 2012).)[2]

Thus, aside and apart from Defendant's request for additional sanctions, legal fees and costs stemming from Plaintiff's abrogation of her discovery obligations must be awarded.

---

[2] Plaintiff's avoidance of Defendant's request for both attorney's fees and costs as a sanction generally, and for sanctions as a result of Plaintiff's many violations of Rule 26(g), constitutes a waiver and "conce[ssion] through silence" that attorney's fees and costs are warranted.  *See In re UBS AG Securities Litigation*, 2012 WL 44711265, at \*11 (S.D.N.Y. 2012); *see also First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F.Supp.2d 369, 392-393, n. 16 (S.D.N.Y. 2002) (considering an argument not addressed in opposition papers waived).

**B.      Plaintiff's Failure to Produce the Recording Timely In Response to Discovery Demands Constitutes a Sanctionable Abuse of the Discovery Rules**

*Next*, Plaintiff attempts to argue that the disclosure of the Recording was timely, stating "Plaintiff promptly notified her counsel as soon as she became aware of the Recording," and then relies almost exclusively upon the fact that the Recording was produced during fact discovery. (*See* Plaintiff's Opp. Br., at 6, 8.)  However, this contention is entirely beside the point.  While it is true that Plaintiff produced the Recording prior to the end of fact discovery (by one day), the reality is that Plaintiff was aware of the existence of the Recording during the pendency of this litigation and years prior to June 27, 2022, the alleged date of "discovery."  Yet, Plaintiff affirmatively did **not** disclose its existence during the approximately three years prior to that time. (*See* Moving Br. at 8-9, 14-15.)

Plaintiff then appears to seek credit for not having committed a crime and/or an ever more egregious discovery violation than her willful failure to produce: "Plaintiff did not delete the Recording or keep it hidden from disclosure until trial or through the entire life of the case," (see Plaintiff's Opp. Br., at 8).  But this does her no credit, as her conduct was harmful enough: she willfully withheld relevant discovery from production in response to numerous requests, for years, until the moment after Defendant testified.  (*See* Moving Br., at 8, detailing Plaintiff's deposition testimony where she actively moved the Recording to a "hidden" folder on her iPhone, citing her duty to preserve relevant evidence.)  Additionally, while it is true that the Recording was not "hidden" until trial, or "the entire life of the case" per se, it was kept secret just long enough for Plaintiff's deposition and one day of Defendant's deposition to conclude, even though Plaintiff testified that she specifically located the phone months prior, in April or May of 2022, and knew of the existence of the Recording years earlier.  (*See* Moving Br., at 9.)

5

Finally, Plaintiff even directly acknowledges the untimeliness of the disclosure in the Opposition Brief, stating that the timing of the disclosure was "suboptimal." (*See* Opp. Br., at 4.) Considering all of the above, the "suboptimal" timing of the disclosure as pointed out by Plaintiff, and the arguments set forth in the Moving Brief, Plaintiff's conduct plainly constitutes a violation of discovery obligations and requires appropriate sanctions.

### C.    Plaintiff's Attempt to Inject a Bad Faith Requirement to the Sanctions Analysis Falls Short

*Lastly*, Plaintiff appears to argue that because her conduct does not "imply bad faith," it therefore cannot be a sanctionable discovery violation. (*See* Plaintiff's Opp. Br., at 7-8.) This is quite curious, because although Plaintiff initially appears to recognize that there is no showing of bad faith required, citing to Rule 37(c), she simultaneously argues that "[s]anctions are not appropriate when new material evidence is immediately disclosed to the opposing party upon discovery and there have been no previous acts indicating that Plaintiff was resisting discovery or misleading the Court." (*See* Plaintiff's Opp. Br., at 7.) Plaintiff does not cite to any authority to support this fabrication, and indeed she cannot, as it is plainly not the law. (*See* Moving Br., at 11-12, setting forth the law that sanctions are warranted for "[ordinary] negligence or tactical intransigence as well as willful or intentional wrongs.")

Additionally, pointing the Court to Plaintiff's compliance with prior discovery requests[3] and production of authorizations for Plaintiff's cellular phone records is an obvious red herring,

---

[3] Plaintiff attempts to paint herself as a shining star of discovery compliance, casting doubt upon Defendant's compliance, stating that "Plaintiff fulfilled Defendant's discovery demands through multiple productions," and "Defendant . . . failed to meet many of Plaintiff's discovery requests and produced a number of documents with several deficiencies." (*See* Plaintiff's Opp. Br., at 3.) Without stating the obvious, if Plaintiff had actually "fulfilled Defendant's discovery demands," Defendant would not have been forced to spend an inordinate amount of time and fees to investigate Plaintiff's abject discovery failures. Additionally, Plaintiff cites to her deficiency notices sent to Defendant (*see* DeCarlo Decl., Ex. A), but again fails to clarify that Defendant also served multiple of his own deficiency letters on Plaintiff. (*See* Moving Br., at 3-5.)

meant to obfuscate the simple truth that Plaintiff violated her discovery obligations by failing to timely disclose the Recording. (*See* Plaintiff's Opp. Br. at 7-8.) Even if the above was deemed to demonstrate "no indication of bad faith," this is relevant only as to the severity of the sanctions and must not be factored into whether the conduct is sanctionable in the first place. (*See* Moving Br., at 12.)

Overall, there should be no question what has occurred here: Plaintiff had the Recording for years during the pendency of the litigation, and affirmatively chose not to disclose its existence until it was advantageous for her, namely, a) after her deposition had concluded, and b) after the first day of Defendant's deposition had concluded. This conduct is a plain violation of Plaintiff's discovery obligations and requires sanctions.

II.     **Defendant's Requested Sanctions are Warranted and Supported by *Softel* and Binding Precedent**

   A.     **Plaintiff's Inconsistent Position on the Importance of the Recording Belies her Argument Against Preclusion**

*First*, as detailed in the Moving Brief, the unimportance of the Recording as direct evidence weighs in favor of preclusion. *(See* Moving Br., at 15.). Indeed, Plaintiff's opposition supports this view, as in multiple points in her argument, she explains just how duplicative and unimportant the Recording is, stating for example, that the "Recording does not unveil any new allegations or new facts that would have taken Defendant by surprise," and that Plaintiff "provided many documents that reflected similar evidence as that introduced by the Recording." (*See, e.g.*, Plaintiff's Opp. Br., at 4, 14, 15, 16.) Yet Plaintiff tries to have it both ways, arguing elsewhere in the same brief in opposition to preclusion of the Recording, that it is an "undeniably important piece of evidence." (*See* Plaintiff's Opp. Br., at 11-13.) The Recording cannot be unimportant for purposes of Plaintiff satisfying her discovery obligations, but important for purposes of evidence

7

preclusion.  As such, Plaintiff's position shows plainly that the Recording's evidentiary value, and

lack thereof, weighs in favor of preclusion.

Additionally, contrary to Plaintiff's description of the value of the substance of the

Recording, the information contained within the Recording does not prove nor support Plaintiff's

claims, and rather, supports Defendant's defenses and repeated denial of Plaintiff's baseless

allegations.  (*See* Moving Br., at 15.)  Plaintiff's cherry picking out of context snippets of the

Recording misrepresents the conversation that took place and demonstrates yet another example

of Plaintiff shaping the facts in her favor.  (*See* Plaintiff's Opp. Br., at 11-12).

**B.      Plaintiff's Tale of Misplacing and then Discovering the Phone and Recording
         Lacks Credibility**

*Next*, Plaintiff argues in her Opposition Brief that because she "clearly state[d] and

repeat[ed] the same facts" during her deposition, that therefore she sufficiently explained the

reasoning for her late disclosure.  (*See* Plaintiff's Opp. Br., at 9-10.)  However, simply repeating

the same facts does not matter when the facts repeated do not withstand scrutiny and are not

supported by the record.  Plaintiff had the iPhone that held the Recording in her possession since

at least the start of this litigation in 2019, yet did not produce it; Plaintiff identified this same

iPhone in her residence at least two months prior to the date of the alleged "discovery" of the

iPhone and Recording, yet again did not produce it and just "left it there"; and contrary to

Plaintiff's argument that she thought this iPhone was "missing," in reality, Plaintiff testified that

throughout the litigation she repeatedly moved this same iPhone, in and out of storage, and kept it

through multiple moves.  (*See* Moving Br., at 14-15.)  It is plain based on the record that the iPhone

was never "missing," Plaintiff knew exactly where it was, and affirmatively kept the iPhone and

Recording in hopes that there would be a time when producing it could be more beneficial.

It is also important to note that despite Defendant's repeated request to review the entirety of the iPhone at issue, Plaintiff instead provided a backup of the phone, and has never turned the actual phone over to Defendant for review and inspection.  (*See* Benjamin Allee Declaration in Further Support of Motion for Sanctions ("Allee Decl. IFSO"), Ex. A. [Archer Hall Expert Report], characterizing the "Apple Backup" as "not the recommended cellphone data to review for cellphone activity and analysis," and stating that if there was a "full File System Extraction," the analysis could have been more in-depth.)  Moreover, Plaintiff's surreptitious filming of the Recording is a crime in Florida, a two-party state regarding consent for recording, and even though Plaintiff knew of the existence of the iPhone that housed the Recording prior to her deposition, she failed to produce the Recording until after her deposition.  (*See* Moving Br., at 9, 14.)  The convenient timing does not point to a simple coincidence, but rather, a calculated move by Plaintiff whereby she avoided being deposed on her criminal behavior.

Finally, even if Plaintiff's characterization of the events is true, "forgetting about" the iPhone is not an excuse: rather, the discovery obligation is an affirmative one, which requires Plaintiff to actually search for relevant devices/documents.  It is abundantly clear based on Defendant's investigation that Plaintiff did not satisfy her due diligence in searching for responsive materials, calling into question whether Plaintiff even bothered to look for additional devices back in July 2021, when Plaintiff's counsel represented to Defendant's former counsel that Plaintiff did not have any more devices.  (*See* Moving Br., at 4-6.)  As such, Plaintiff's inconsistent and implausible explanation for her untimely disclosure of the Recording weighs firmly in favor of preclusion.

**C. Defendant Suffered Prejudice as a Result of Plaintiff's Abrogation of the Discovery Process**

Lastly, Plaintiff argues that Defendant is not prejudiced "since the contents of the Recording did not allege any new fact or reveal any evidence that has not already been alleged for years." (*See* Plaintiff's Opp. Br., at 17.)  Plaintiff is wrong.  By withholding discovery from production, she put Defendant in the disadvantageous position of litigating the case on unequal footing for years.  Defendant and his counsel were prejudiced by not having the recording when deposing Plaintiff.  Defendant was prejudiced by not being able to refresh his recollection with the Recording prior to his deposition, as Plaintiff could do herself with the evidence that she withheld. And Defendant has been stuck for over a year in the needless position of having to get to the bottom of why and how Plaintiff committed this discovery failure, which has generated costs and attorney's fees entirely unnecessary but for Plaintiff's failure, and which has prolonged this case in which Defendant vehemently denies Plaintiff's allegations against him. (*See* Moving Br., at 7, citing to Dkt. No. 171., which includes a letter from Defendant from over a year ago, requesting that Plaintiff provide answers to a list of questions concerning the Recording, to which Plaintiff declined to respond.)

All of this could have been avoided had Plaintiff only complied with her discovery obligations, and Defendant will be similarly further prejudiced if he has to prepare for and attend another round of depositions.  Put simply, it is not Defendant's fault that Plaintiff chose to play games with discovery, picking and choosing when to disclose evidence as it suits her, and Defendant has been and is continuing to be prejudiced by Plaintiff's wrongful choice.

## CONCLUSION

For the reasons stated herein, Defendant respectfully moves the Court to award sanctions against Plaintiff, as outlined herein and in Defendant's Moving Brief.

10

Dated:  White Plains, New York
       December 14, 2023

YANKWITT LLP

By: _____

Russell M. Yankwitt
Benjamin Allee
Connor Hilbie
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.: (914) 686-1500
Fax: (914) 487-5000
*Attorneys for Defendant/Counter-*
*Claimant Hamed Wardak*

11