UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

SARAH GOOLDEN,

        **Plaintiff,**

   -against-                               1:19-cv-06257 (ALC)

HAMED WARDAK,                        **OPINION AND ORDER**

        **Defendant.**
───────────────────────────────────────

**ANDREW L. CARTER JR., United States District Judge:**

        Plaintiff/Counterclaim Defendant Sarah Goolden ("Plaintiff") brings this action against Defendant/Counterclaim Plaintiff Hamed Warzak ("Defendant"), alleging sexual assault and rape. In the instant motion, Plaintiff moves to dismiss Defendant's counterclaim, alleging defamation per se pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiff argues that the challenged allegations in the counterclaim ("CC") are absolutely privileged as a matter of law and therefore cannot form the basis of a defamation claim. The Defendant argues that the challenged allegations fall within the *Williams* exception where statements made maliciously and solely for the purpose of defaming the defendant are not protected by the absolute privilege rule. For the reasons set forth below, this Court finds that the Defendant has sufficiently pleaded facts in his counterclaim alleging that the Plaintiff's sole motive was to defame him and therefore her allegations are not absolutely privileged as a matter of law. Therefore, the Plaintiff's motion to dismiss the counterclaim is hereby **DENIED**.

**BACKGROUND**

    **I.**       **Statement of Facts**

The Court assumes the Parties' familiarity with the facts, which are set forth more fully in the Complaint ("Compl."). ECF No. 1. The Plaintiff alleges that the Defendant sexually assaulted and raped her shortly after their engagement. *See* Compl. ¶¶ 38-56. The Plaintiff's allegation includes claims that the Defendant "forcibly pulled [her] out of bed, picked her up, and then carried her to his bedroom, where he then threw her onto his bed" and "[d]uring the assault, Defendant Wardak threatened [her] that he would ruin her life if she did not stay with him and agree to do what he wanted." *Id*. ¶ 24-26. In a counterclaim against the Plaintiff, the Defendant alleges that the Plaintiff "made knowingly false and malicious claims that Wardak had assaulted and raped her…in his Miami apartment" CC ¶ 3. The Defendant also alleges that the Plaintiff spoke to the *New York Post* to publish her "false and malicious allegations as widely as possible." CC ¶ 73. The Defendant specifically alleges that, "On July 20, 2019, the *New York Post* published an article, titled "Model claims former Afghan defense minister's son raped her" (the "NY Post Article"). As Goolden knew it would (or should have known after speaking with the reporter prior to publication), the article repeats Goolden's knowingly false and defamatory allegations that Wardak assaulted and raped her, stating that Wardak 'stalked and raped a Manhattan fashion model after she rejected him' and noting that Goolden 'accuses Hamed Wardak of attacking her twice during a trip the two took to Miami on July 4th weekend 2018.'" *Id*. ¶ 74.

## II.     Procedural History

On July 5, 2019, Plaintiff filed the original Complaint in this action. ECF No. 1. On October 7, 2021, Defendant filed a counterclaim alleging defamation per se against Plaintiff. ECF No. 105. On October 21, 2021, Plaintiff filed a motion to dismiss the counterclaim of defamation per se pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 108-110. On

2

November 4, 2021, Defendant filed his opposition to the instant motion to dismiss. ECF Nos. 111-112. On November 11, 2021, Plaintiff filed a reply memorandum in support of the motion to dismiss. ECF Nos. 113-114. The Court considers this matter fully briefed.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663. Indeed, deciding whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79 (2009) (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

This Court finds that the Defendant has sufficiently alleged facts to plausibly plead defamation per se. Under New York law, a defamation claim must allege "(1) a false statement about the [complainant]; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation per se or caused 'special damages.'" *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F.Supp.2d 405, 411 (S.D.N.Y. 2009) (alterations in original) (quoting *Gargiulo v. Forster & Garbus Esqs.*, 651 F.Supp.2d 188, 192 (S.D.N.Y. 2009)). Submissions "in the course of a judicial or quasi-judicial proceedings are absolutely privileged so long as they are material and pertinent to the questions involved notwithstanding the motive with which they are made." *Bernstein v. Seeman*, 593 F. Supp. 2d 630, 636 (S.D.N.Y. 2009). The litigation privilege is extremely broad, encompassing "anything that may possibly or plausibly be relevant or pertinent, with the barest rationality, divorced from any palpable or pragmatic degree of probability." *O'Brien v. Alexander*, 898 F. Supp. 162, 171 (S.D.N.Y. 1995) (quoting *Grasso v. Mathew*, 164 A.D.2d 476, 479 (3d Dep't 1991)).

An exception to the general privilege for statements in judicial proceedings and communications to regulators, however, exists where the statements are made maliciously and *solely* for the purpose of defaming the defendant. *See Williams v. Williams,* 23 N.Y.2d 592 (1969) (interpreting N.Y. Civil Rights Law. § 74) (emphasis added). Indeed, New York courts have consistently held that this exception is a "narrow one" and "does not apply 'in the absence of any allegation that the ... action was brought maliciously and solely for the purpose of later defaming the plaintiff.'" *Riel v. Morgan Stanley,* No. 06cv524 (TPG), 2007 WL 541955, at *12 (S.D.N.Y. Feb. 16, 2007) (quoting *Branca v. Mayesh,* 101 A.D.2d 872, 476 N.Y.S.2d 187, 189

4

(1984), *aff'd,* 63 N.Y.2d 994, 483 N.Y.S.2d 1011, 473 N.E.2d 261 (1984)) (omission in original), *aff'd sub nom. Riel v. Stanley,* 299 Fed.Appx. 91 (2d Cir.2008).

      Here, Plaintiff argues that the allegedly defamatory statements in the Defendants' lawsuits and in the *New York Post* article are absolutely privileged under New York law because they are restatements of the allegations that the Plaintiff made in her original complaint. The Defendant, however, argues that the challenged allegations fall squarely within the *Williams* exception to the absolute privilege rule. Notably, the Defendant relies on *Frydman* to argue that while statements made in the course of litigation are generally shielded by absolute privilege under New York law, there is a well-settled "exception to the general privilege for statements in judicial proceedings…where the statements are made maliciously and *solely* for the purpose of defaming the defendant." *Frydman v. Verschleiser*, 172 F. Supp. 3d 653, 672-73 (S.D.N.Y. 2016) (emphasis added).

      This Court finds that the Defendant has sufficiently pleaded facts that allege that the Plaintiff's sole motive was to defame him. As an initial matter, "issues of intent and motive are typically factual inquiries that should not be decided on a motion to dismiss 'unless the nonmovant has failed to allege any evidence ... that the defendants acted with scienter.'" *LBBW Luxemburg S.A. v. Wells Fargo Securities LLC*, 10 F. Supp. 3d 504, 517 (S.D.N.Y. 2014) (quoting *In re JWP Inc. Sec. Litig*., 928 F. Supp. 1239, 1256 (S.D.N.Y. 1996) (internal alteration omitted)). At this stage in the litigation, this Court cannot decide whether the Plaintiff acted with the sole motive to defame the Defendant. For example, in *Frydman*, the plaintiffs alleged that the statements in the letter to the SEC and the allegations in the lawsuits were made maliciously and solely for the purpose of harming the plaintiffs. Judge Koeltl found that, "[w]hether the first and third lawsuits and the SEC letter meet this standard is an open question of fact that cannot be

resolved on a motion to dismiss." *Frydman v. Verschleiser*, 172 F. Supp. 3d 653, 673 (S.D.N.Y. 2016). This is the case here as well where the Court cannot resolve this factual inquiry regarding whether the Plaintiff's sole motive was to harm the Defendant at the motion to dismiss stage. Instead, this Court's inquiry is whether the Defendant has pleaded sufficient facts that allege that the Plaintiff's sole motive was to defame the Defendant. We find that he has.

      Here, the Defendant alleges that the Plaintiff's claims "are an utter fabrication from start to finish, intended solely to destroy [the Defendant's] reputation and career. There was no rape, no sexual assault, and no assault or battery." CC. ¶ 3 Additionally, the Defendant alleges that the Plaintiff's father told him that "unless he stopped trying to recover the money he had given them, Goolden would falsely accuse him of sexual assault and rape to destroy his reputation and career." *Id*. ¶ 16. Furthermore, the Defendant alleges that the Plaintiff's claims of assault and rape are "completely fabricated, brought maliciously by Goolden for the sole purpose of defaming [the Defendant] under the guise of litigation and its attendant privilege." *Id*. ¶ 64. Finally, the Defendant also claims that the Plaintiff spoke to the *New York Post* reporter with the intent to damage his reputation and injure his business. *Id*. ¶ 73. Indeed, the counterclaim focuses almost entirely on purporting evidence that seeks to demonstrate that the Plaintiff brought this instant action to solely defame him in retaliation for the Defendant's pursuit of his legal claims for restitution. Therefore, the Defendant's counterclaim falls within the *Williams* exception to the absolute privilege rule and cannot be dismissed as a matter of law.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **DENIED**.

**SO ORDERED.**

**Dated: August 13, 2024**
      **New York, NY**

                                      **ANDREW L. CARTER, JR.**
                                      **United States District Judge**