

October 18, 2024

**By ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    **Sarah Goolden v. Hamed Wardak**,
            **19 Civ. 06257 (ALC/VF)**

Dear Judge Figueredo:

    We represent the defendant Hamed Wardak ("Defendant") in the above-referenced action. Pursuant to Your Honor's Individual Rules of Practice III(a) and Local Civil Rules 6.1 and 7.1(d), Defendant respectfully submits this Letter-Motion to request a Pre-Motion Conference and briefly set forth the bases for Defendant's contemplated application for attorneys' fees and expenses (the "Fee Application") pursuant to Your Honor's Order of May 8, 2024 (the "Order"), as well as for an Order staying the deposition of the Defendant until briefing is completed, an Order has been issued by Your Honor on the Fee Application, and plaintiff Sarah Goolden ("Plaintiff") has paid the Defendant's reasonable attorneys' fees and expenses ordered.

    **Background**

    On May 8, 2024, Your Honor issued the Order, setting forth the Defendant's entitlement to an award of "costs and attorneys' fees in connection with the deposition of Plaintiff concerning the recording and in connection with [such] instant motion," as well as for reimbursement of "costs associated with the first day of [Defendant's] deposition on June 27, 2024." Additionally, the Order also stated that Defendant's deposition be "redone in its entirety." Since issuance of the Order, on behalf of Defendant, we have worked in good faith with counsel for Plaintiff to receive payment of reasonable attorneys' fees and costs as detailed above. Specifically, we have provided a letter setting forth the fees and costs due and owing, backup in the form of invoices requested by Plaintiff's counsel, and additional backup information thereafter requested by Plaintiff's counsel, in May, June, and July 2024, respectively.

    On August 29, 2024, with assistance from our accounting team, we provided to Plaintiff's counsel a specific itemized spreadsheet of certain of the attorneys' fees and costs, which in whole, including former counsel's reasonable fees and costs, total approximately $176,000. Plaintiff's counsel responded shortly thereafter on the same day in sum and substance that they dispute the fees, and they would try to get us a number they believed was "correct." Neither then nor thereafter did Plaintiff ever provide any basis or support for disputing the actual legal fees and costs incurred as a result of Plaintiff's discovery violation. Rather, on September 25, 2024, Plaintiff's counsel simply and apparently arbitrarily took the position that they thought the reasonable fees were "closer to" $30,000.

Subsequently, in response to our email on October 7, 2024, attempting again to request support or any basis for Plaintiff's position, Plaintiff responded without specifics, citing generally to case law for the position that our fee request was "outrageous" for such a "simple" motion, outside the scope of the Order, and again, apparently arbitrarily, stating that in Plaintiff's counsel's experience, a reasonable fee would be "much closer" to $30,000 to $40,000. We responded on October 16, 2024, disagreeing with the Plaintiff's characterization of the last 18 months of litigation as "simple," and clarified that such litigation would not have been necessary but for Plaintiff's discovery failures, and requested once again for Plaintiff to reimburse such fees requested. Plaintiff responded on October 17, 2024, refusing to pay our requested fees, and agreed that the Parties were at an impasse.

Thus, for a period of over approximately five (5) months, we have attempted to work with Plaintiff's counsel to come to an agreement on payment of attorneys' fees in good faith. This effort has been unsuccessful and resulted in an impasse, with Plaintiff evidently taking the position that the actual, reasonable attorney's fees expended by Defendant as a result of Plaintiff's discovery violation will not be paid, and rather an arbitrary fraction of that sum is what she prefers to pay. Accordingly, we seek resolution of this impasse by the Court, in order that the Court's Order be enforced.

### Discovery

Aside from Defendant's deposition, fact discovery is complete. In addition to our application to the Court for an Order concerning our reasonable fee award, Defendant also would request that the Court stay discovery until the Order is enforced and Plaintiff completes payment of Defendant's fees and costs so-ordered by Your Honor.

### Conference

As a result of the above, and Plaintiff's failure to pay our reasonable attorneys' fees or even participate in good faith negotiations thereto, we have confirmed that the Court's intervention is required. Accordingly, we request a conference with Your Honor, at which we anticipate the setting of a motion schedule for full briefing on our fee application, as well as on our request for a stay of Defendant's deposition until such fee application has been briefed, a decision rendered, and payment made by the Plaintiff.

We thank the Court for its consideration.

Respectfully submitted,

YANKWITT LLP

By: _____
Benjamin Allee

cc: All counsel (by ECF)