646.666.8908 | 16 COURT STREET, 33RD FLOOR | BROOKLYN, NY 11241

WWW.CAGOLDERGLAW.COM | AARON@CAGOLDBERGLAW.COM

October 21, 2024

**By ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse 500 Pearl Street
New York, NY 10007-1312

    Re: **Sarah Goolden v. Hamed Wardak**,
    19 Civ. 06257 (ALC/VF)

Dear Judge Figueredo:

    We represent the Plaintiff, Sarah Goolden, in the above captioned matter against the Defendant Hamed Wardak for the sexual assault he committed against her. Pursuant to Your Honor's Individual Rules of Practice III(a) and Local Civil Rules 6.1 and 7.1(d), we join in Defendant's request for a pre-motion conference but dispute Defendant's claims of lack of good-faith and request this Court order Defendant to submit to Plaintiff's Notice of Deposition served on June 24, 2024.

## DEFENDANT'S DEPOSITION

    Consistent with this Court's Order of May 8, 2024, Plaintiff re-noticed the deposition of Defendant on June 24, 2024, seeking to conduct the deposition on August 12 and 13, 2024. Defendant never responded. On August 15, 2024, Plaintiff followed up with Counsel noting that the noticed date had passed and seeking to reschedule the deposition. Plaintiff only received an "out- of office" reply. On September 13, 2024, Plaintiff Counsel again emailed Defendant Counsel asking to schedule the Defendant's deposition and offering seven (7) different dates. On September 25, 2024, Defendant Counsel replied that there were scheduling conflicts with all of Plaintiff's proposed dates. On October 7, 2024, Defendant Counsel advised that it believed the fee dispute must be resolved before it would continue discovery and conduct Defendant's deposition.

    Counsel has cited no legal authority for staying this case or staying discovery in this case pending resolution of an Order to pay attorney fees. We respectfully request this Court Order the Deposition of Defendant to take place as soon as is practicable.

646.666.8908 | 16 COURT STREET, 33RD FLOOR | BROOKLYN, NY 11241

WWW.CAGOLDERGLAW.COM | AARON@CAGOLDBERGLAW.COM

## FEE DISPUTE

While we join in Defendant's request for a pre-motion conference, we strenuously dispute counsel's claim that Plaintiff has not acted in good-faith to comply with Your Honor's ORDER dated May 8, 2024 in which this Court Ordered that:

> Defendant is entitled to an award of costs and attorneys' fees in connection with the deposition of Plaintiff concerning the recording and in connection with the instant motion. And because Defendant's entire deposition will have to be redone, Defendant is also entitled to be reimbursed for the costs associated with the first day of his deposition on June 27, 2022.4.

Document 208. P. 14. Even before the attorney's fees were litigated before this Court, Plaintiff offered to reconduct, at our expense, Defendant's deposition. As counsel indicated in their letter motion of October 18, 2024, Defendant has submitted a total of Eighteen (18) invoices spanning an eighteen-month period of litigation and totaling $176,169.30.

"The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). Yet, Defendant has effectively sought to have the entirety of his legal representation over this 18-month period paid for by Plaintiff in an effort to defeat her sexual-assault claim by bankrupting her. Further, Defendant now wishes to utilize Plaintiff's unwillingness, and financial inability to pay such an exorbitant fee to delay and ultimately terminate

Despite it being Defendant's burden to demonstrate reasonable attorney's fees, and despite many portions of the submitted invoices being redacted, Plaintiff has expended significant time reviewing these invoices and attempting to decipher which billed items are, and are not, actually relevant to what this Court has ordered Plaintiff to pay. As Defendant correctly indicated, in an email, Plaintiff advised Defendant that, without even looking at the invoices, based on our experience, relevant caselaw, and this Court's ruling, the appropriate amount of reasonable was "closer to $30k" than to the $176,169.30 claimed by Defendant. Defendant's claim for this outrageous fee is merely an inappropriate attempt to wield this Court's Order as a death blow to Plaintiff's rape claim.

Because the Parties are so far apart on what they apparently believe is reasonable, Plaintiff advised Defendant that if it did not intend to submit an actually reasonable claim, it should request a pre-motion conference. As Defendant has indeed requested Court intervention, we join Defendant's request.

## PARALLEL FLORIDA LITIGATION

In anticipation of the requested pre-motion conference, we think it appropriate to advise this Court that, consistent with Defendant's litigation strategy to defeat Plaintiff's rape claim by

646.666.8908 | 16 COURT STREET, 33RD FLOOR | BROOKLYN, NY 11241

WWW.CAGOLDERGLAW.COM | AARON@CAGOLDBERGLAW.COM

simply bankrupting her, in addition to submitting invoices totaling $176,169.30 for a discovery motion and two depositions, Defendant Wardak has also filed a claim for damages and attorney's fees associated with the very same phone recording in Miami-Dade county Florida. (FL State case #: 132024CA01157401GE01).

## **CONCLUSION**

In light of the above, Plaintiff joins Defendant in requesting a pre-motion conference, to address the Deposition of Defendant and the reasonable attorney fees.

Respectfully Submitted,

C.A. Goldberg, PLLC
Attorneys for Plaintiff

By: /s/ *Carrie Goldberg* .

Carrie Goldberg, esq.

Cc: All Counsel (via ECF)