

December 6, 2024

**By ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: **Sarah Goolden v. Hamed Wardak**,
     **19 Civ. 06257 (ALC/VF)**

Dear Judge Figueredo:

  We represent the defendant Hamed Wardak ("Defendant") in the above-referenced action. We jointly submit this letter with counsel for plaintiff/counterclaim-defendant Sarah Goolden ("Plaintiff") to provide the Court with an outline of the attorneys' fees dispute and each side's respective positions, in response to Your Honor's Order of October 21, 2024 (Dkt. No. 216).

### Procedural History

  On October 18, 2024, Defendant filed a letter requesting a pre-motion conference and setting forth a brief summary of the background of the dispute and anticipated application for attorneys' fees and expenses (Dkt. No. 215) ("Defendant's Letter"), stemming from Your Honor's Order issued on May 8, 2024 (Dkt. No. 208) (the "Order"). The Order sets forth the Defendant's entitlement to an award of "costs and attorneys' fees in connection with the deposition of Plaintiff concerning the recording and in connection with [such] instant motion," the reimbursement of "costs associated with the first day of [Defendant's] deposition on June 27, 2024," and further ordered that Defendant's deposition be "redone in its entirety." Plaintiff responded to Defendant's Letter on October 30, 2024 (Dkt. No. 217), and the Court Ordered the conference to be held on December 10, 2024 (Dkt. Nos. 216, 219). As requested by Your Honor, the Parties have set forth their respective positions as to the dispute herein.

*Defendant's Position*

### Background

  Between Plaintiff's improper late-disclosure of the Recording on June 28, 2022, the undersigned's substitution into the Case on behalf of Defendant on September 8, 2022, and the completion of briefing of the Defendant's motion for discovery sanctions on December 14, 2023, we have worked diligently and in good faith to determine the circumstances of Plaintiff's discovery violations. During this approximately eighteen (18) month period, we attempted on multiple occasions to confer with Plaintiff's counsel in order to expedite our analysis as much as possible. Specifically, on September 14, 2022, only six (6) days after the undersigned's appearance in this matter, we served a letter upon Plaintiff requesting information about the provenance and late production of the Recording, to which Plaintiff declined to respond. (*See* Dkt. No. 171 [attachment



to September 27, 2022 letter].) Had Plaintiff responded to this letter, this discovery dispute very well could have ended relatively swiftly, without the necessity of prolonged analysis, litigation, and the retention of experts. As such, Plaintiff's insistence that it is Defendant's strategy to "bankrupt" the Plaintiff is belied by the following simple circumstances: Plaintiff plainly violated her discovery obligations, and instead of cooperating with Defendant's investigation at the outset, led the Parties on a meandering goose chase for answers, obstructing Defendant's analysis at every turn. The Parties are in this situation now because the Plaintiff put them here, and accordingly, as ordered by Your Honor, Defendant's reasonable fees and expenses must therefore be paid.

Defendant's counsel, including the undersigned and former counsel, have been required to spend over 300 hours on discovery and litigation of this issue, with a majority of the time spent incurred at hourly rates ranging between $350 to $750, for a total of $176,169.30: $165,879.50 of which constitute attorneys' fees and $10,289.80 of which constitutes costs/expenses. In reviewing invoices for this eighteen (18) month period, we only included time spent on uncovering the breadth of Plaintiff's discovery violations, time spent on the motion, and time associated with Defendant's initial deposition. As such, any time entries associated with other matters were necessarily excluded. As a result, the amount stated above is the actual, reasonable attorneys' fees incurred, calculated utilizing presumptively reasonable rates, expended by Defendant as a result of Plaintiff's discovery violation, and therefore constitute the amount due and owing in accordance with Your Honor's Order.

**Legal Standard and Argument**

In the Southern District of New York, and the Second Circuit generally, attorneys' fees awards are calculated using the "presumptively reasonable fee" or "lodestar" approach, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *See Frazier v. FCBC Comm. Dev. Corp.*, 2024 WL 3666372, at *7 (S.D.N.Y. Aug. 6, 2024) (citing *Millea v. Metro-N.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). In determining such a rate, courts must first determine the "reasonable rate," or the "rate a client would be willing to pay," considering that a "paying client wishes to spend the minimum necessary to litigate the case effectively," and such rate should "reflect the prevailing market rates for counsel of similar experience and skill." *Id.* Next, the Court must determine the reasonableness of the number of hours expended, and has "ample discretion" to do so, "based on its knowledge of an action's complexity and scope, [and] whether the hours billed reflect the degree of effort reasonably needed to prevail in the litigation." *Lewis v. American Sugar Refining, Inc.*, 2019 WL 116420, at *5 (S.D.N.Y. Jan. 2, 2019) (quotations omitted). Further, under Rule 37(c), the attorneys' fees awarded are those that are "caused by the [discovery] failure" which constitutes a "broader recovery" than that under Rule 37(a), which is inapplicable here, and calls solely for the "reasonable expenses incurred in making the motion, including attorney's fees." *See In re Terrorist Attacks on September 11, 2001*, 2015 WL 6666703, at *2 (S.D.N.Y. Oct. 28, 2015).

Here, Defendant's attorneys' fees should be awarded in full as they are reasonable considering the circumstances of the discovery violation, Plaintiff's refusal to cooperate with Defendant's investigation, and the "presumptively reasonable" rates employed by the undersigned and Defendant's former counsel. *See Reisman v. Northeastern Power and Gas LLC*, 720 F.Supp.3d 279, 293-94 (S.D.N.Y. 2024) (collecting cases and finding reasonable hourly rates at ranges between approximately $300 to $900, commensurate with experience); *see Proimmune Company, LLC v. Holista Colltech Ltd.*, 2024 WL 54281, at *3 (S.D.N.Y. Jan. 4, 2024) (holding that requested hourly rates of $395 and $895 for associate and partner were reasonable).



Accordingly, Your Honor should find the amount described herein as a reasonable sanction to impose upon Plaintiff, and award Defendant the full amount detailed, namely, $176,169.30.

*Plaintiff's Position*

Plaintiff believes that despite Defense Counsel's continued insistence on litigating Plaintiff's discovery violation, which is not in dispute, the instant issue before us is the *reasonableness* of attorneys' fees incurred by Defendant "in connection with the deposition of Plaintiff concerning the recording and in connection with the instant motion. … and for the costs associated with the first day of his deposition on June 27, 2022." Dkt. 208.

Defendant provided 18-months-worth of invoices which include numerous items labeled "not-relevant to discovery motion." Presumably these items were not incorporated into Defendant's demand for $176,169.30; however when Plaintiff attempted to total the purported "relevant" items, we calculated a sum of $149,726.00. When we attempted to decipher what "Relevant" itemized costs actually were for, we were met with extensive redactions and were unable to determine any relevance for much of the "relevant" time—a burden which is on the claiming party to prove, not the paying party to decode and decipher or blindly accept. Further, the "Relevant time" claimed here amounts to more than 300 claimed hours and appears to include significant hours of internal conferring, reviewing transcripts, and sending emails. While Counsel is of course entitled to spend as much time as it deems necessary and appropriate to provide zealous representation to its client, the exorbitant time allegedly spent here is both outside the scope of this Court's order and is patently unreasonable under current case law.

The question the parties wish to present to the Court is what is a *reasonable* amount of time "in connection with the deposition of Plaintiff concerning the recording and in connection with the [sanctions] motion[]" (Dkt. 208) considering that a "paying client wishes to spend the minimum necessary to litigate the case effectively." *See Frazier v. FCBC Comm. Dev. Corp.*, 2024 WL 3666372, at *7 (S.D.N.Y. Aug. 6, 2024) (citing *Millea v. Metro-N.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)."

The appropriate test to answer this question is, as Defendant acknowledges, "whether the hours billed reflect the degree of effort reasonably needed to prevail in the litigation." Plaintiff produced the video late in the discovery process, but prior to the close of fact discovery. Defendant did not have the benefit of reviewing the video prior to his deposition. Plaintiff made many efforts to ameliorate Defendant's position. Plaintiff expeditiously retained a forensic expert to examine the phone on which the video was found and to produce a report to Defendant; provided the phone itself to Defendant's forensics expert for an examination; produced Plaintiff for a lengthy two-day deposition; and made many offers to make Defendant "whole", including offering to redo the depositions and to cover the costs thereof – all *many* months prior to Defendant moving forward with its motion for sanctions. Defense Counsel opted to dive into litigating sanctions, which was its prerogative. However, the exorbitant time and expense that they now claim were incurred, cannot be reasonably placed on Plaintiff. Rather the cost rightfully placed on Plaintiff, as ordered by this Court, is the *reasonable* amount of time at a *reasonable* rate, to conduct two depositions and litigate a sanctions motion for an evidentiary item whose untimely disclosure was *never* in dispute.

In Plaintiff's experience and estimation conducting the same depositions and litigating the sanctions motion, a reasonable attorney attempting to spend the minimum necessary to litigate the case effectively on a similar motion should not have exceeded 40 hours at a reasonable rate of

$400 per hour totaling no more than $16,000.00.

We thank the Court for its consideration.

                Respectfully submitted,

                YANKWITT LLP

By: _____
                Benjamin Allee

cc: All counsel (by ECF)