**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SARAH GOOLDEN,

                Plaintiff, Counterclaim-Defendant

   -against-                              **19-CV-6257 (ALC) (VF)**

HAMED WARDAK,

                Defendant, Counterclaim-Plaintiff.

---

**DEFENDANT/COUNTERCLAIM-PLAINTIFF HAMED WARDAK'S MEMORANDUM**
**OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

---

YANKWITT LLP
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.: (914) 686-1500
Fax: (914) 487-5000
*Counsel for Defendant/*
*Counterclaimant Hamed Wardak*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................ 1

    I.    BACKGROUND .................................................................................................................. 1

        A.    June to August 2022 ..................................................................................................... 1

        B.    September 2022 to January 2023 ............................................................................... 2

        C.    January 2023 to May 2024 .......................................................................................... 5

        D.    Costs and Attorney's Fees ........................................................................................... 7

    II.    LEGAL STANDARD .......................................................................................................... 9

    III.    ARGUMENT .................................................................................................................... 10

        A.    The Fees Charged by Defendant's Counsel are Presumptively Reasonable ................ 10

        B.    The Hours Expended by Defendant's Counsel are Inherently Reasonable ................. 11

    IV.    CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**                                                                                                                        **Page(s)**

*DoubleLine Capital LP v. Odebrecht Finance, Ltd.*,
   2023 WL 2870484 (S.D.N.Y. Apr. 10, 2023) ............................................................................. 10

*Frazier v. FCBC Comm. Dev. Corp.*,
   2024 WL 3666372 (S.D.N.Y. Aug. 6, 2024) ............................................................................... 9

*In re Terrorist Attacks on September 11, 2001*,
   2015 WL 6666703 (S.D.N.Y. Oct. 28, 2015) ...................................................................... 10, 12

*Lewis v. American Sugar Refining, Inc.*,
   2019 WL 116420 (S.D.N.Y. Jan. 2, 2019) ............................................................................ 9, 11

*Millea v. Metro-N.R. Co.*,
   658 F.3d 154 (2d Cir. 2011) ........................................................................................................ 9

*Proimmune Company, LLC v. Holista Colltech Ltd.*,
   2024 WL 54281 (S.D.N.Y. Jan. 4, 2024) .................................................................................. 10

*Reisman v. Northeastern Power and Gas LLC*,
   720 F.Supp.3d 279 (S.D.N.Y. 2024) ......................................................................................... 10

*Reiter v. Metropolitan Transp. Authority of State of New York*,
   2007 WL 2775144 (S.D.N.Y. Sept. 25, 2007) .......................................................................... 11

Defendant/Counterclaim Plaintiff Hamed Wardak ("Defendant") respectfully submits this memorandum of law in support of his motion for attorneys' fees (the "Motion") against Plaintiff/Counterclaim Defendant Sarah Goolden ("Plaintiff"), pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and the Court's Opinion and Order of May 8, 2024, granting Defendant's Motion for Discovery Sanctions (the "Order") (Dkt. No. 208).

**PRELIMINARY STATEMENT**

Because of Plaintiff's withholding of a video recording on her cellphone, which she had in her possession during the entirety of years of litigation and never produced until precisely the day after Defendant testified in his deposition on the last day of discovery, Defendant has paid $176,169.30 in costs and attorneys' fees. This sum comprises work by Defendant's counsel on depositions and motion practice that spanned approximately eighteen months. The Court has already imposed sanctions on Plaintiff for her discovery violation, but she has not reimbursed Defendant the costs and fees he has paid, purporting to take the position that they are unreasonable. Plaintiff is wrong. Defendant's costs and attorneys' fees, which he has paid, are reasonable, and must be reimbursed for the sanction imposed by the Court to be fulfilled.

I.  **BACKGROUND**

    A.  **June to August 2022**

On June 27, 2022, after three years of litigation including full-blown document and deposition discovery, Defendant sat for his deposition. It was the final piece of the discovery phase of the case, which was scheduled to close following the two-day deposition. That evening, however, Plaintiff's counsel texted Defendant's former counsel: "We have to postpone the second day of the deposition. I will explain tomorrow and will call you in the morning." (*See* Dkt. No. 152.)

The next morning, Plaintiff's counsel produced a video recording for the first time, which had been surreptitiously taken by Plaintiff during a conversation between Plaintiff and Defendant in July 2018. It was not apparent, among other things, why the video recording was withheld, why Plaintiff had repeatedly violated discovery orders by withholding the recording, Plaintiff's counsel's role, if any, in the wrongful withholding, nor what other materials had been withheld. Upon receipt of the Recording, Defendant (through prior counsel) filed a letter with the Court requesting a Rule 37.2 Conference. (*See* Dkt. No. 152.) In response, Plaintiff filed letters on June 29, 2022 and July 11, 2022, joining Defendant's request for a conference with the Court and laying forth Plaintiff's version of the issue at hand. (*See* Dkt. Nos. 153, 156.)

### B.    September 2022 to January 2023

In September 2022, undersigned counsel replaced prior counsel for Defendant, and appeared in this action. Undersigned counsel investigated what had happened regarding the disclosure of the video recording, and examined the file containing the recording. On September 13, 2022, the court held a conference to address anticipated motions and next steps regarding the investigation of the late-produced Recording. Defendant's counsel prepared for and appeared at the conference, detailing Defendant's position and answering all questions of the Court.

The next day, September 14, 2022, only 6 days after the undersigned's appearance in this case, Defendant sent Plaintiff a detailed letter requesting necessary information about the provenance and late production of the Recording. (*See* Dkt. No. 171 [attachment to September 27, 2022 letter].) Plaintiff's counsel declined to respond to the letter and did not provide the requested information. (*Id.*)

On September 27, 2022, Defendant filed a letter updating the Court on the status of the discovery dispute, clarifying that the Parties agreed that the Court's intervention was necessary to resolve the dispute. (*See* Dkt. No. 171.)

On September 28, 2022, the Court held another conference. Defendant's counsel appeared for Defendant prepared to argue Defendant's position and answer all questions of the Court fully. As a result of the September 28, 2022 court conference, and as Plaintiff refused to respond to the questions posed by Defendant by letter on September 14, 2022, the Court and counsel for the Parties determined that forensic examination of the phone at issue was necessary. The Court ordered that the Parties submit a status update to the Court by October 7, 2022, updating the Court on the status of the discovery dispute. (*See* Dkt. No. 172.) On October 7, 2022, Plaintiff filed an update, requesting additional time for the forensics expert to analyze the data at issue, which the Court granted that same day, extending the time to respond to October 24, 2022. (*See* Dkt. No. 173, 174).

On October 24, 2022, Plaintiff filed a letter and affidavit of Plaintiff's forensic expert, setting forth his analysis of Plaintiff's phone at issue (the "Phone"). (*See* Dkt. No. 175.) The affidavit described, among other things, that the Phone was in use until October 2020, including approximately fifteen (15) months of the pendency of this litigation, and that the phone was not in use after October 2020.

On November 2, 2022, Defendant's counsel met and conferred with Plaintiff's counsel and requested, among other things, the phone examined by Plaintiff's expert. Plaintiff's counsel declined to provide the phone. (*See* Dkt. No. 177, at 2.) On the same day, Defendant filed a letter response with the Court, detailing insufficiencies with Plaintiff's forensic expert affidavit and analysis, among other things. (*See* Dkt. No. 177.)

3

Plaintiff filed a response letter the next day on November 3, 2022, the same day as the next Court conference. As with Plaintiff's prior actions – not fully explaining the withholding of the recording prior to or after disclosure in June 2022; not responding to Defendant's questions set forth in the September 14, 2022, letter; not providing the phone reviewed by Plaintiff's expert – Plaintiff's letter had the effect of creating further litigation regarding the recording's withholding.

On November 3, 2022, the Court held another conference. At the conference, the Parties agreed upon a Court-approved plan to complete the following three steps and provide the Court with an update on the progress by January 20, 2023: 1) Plaintiff's counsel would conduct a review and produce any additional responsive material found on the Phone; 2) the parties would arrange for their respective forensic experts to meet and confer, to hopefully set the Parties' respective experts on the same footing and allow for Defendant's expert to respond to Plaintiff's affidavit; and 3) following 1) and 2), Plaintiff was to be made available for a deposition on the issue. (*See* BRA Declaration, ¶ 6;[1] Dkt. No. 180 (Joint Status Update Letter filed January 20, 2023).)

On December 9, 2022, Defendant's counsel contacted Plaintiff's counsel requesting a status update on the items addressed at the November 3, 2022 court conference. (Ex. A.)[2] Plaintiff's counsel responded on December 12, 2022 stating that they needed more time to review the contents of the Phone. (*Id.*) Having received no updates by December 16, 2022, the undersigned emailed Plaintiff's counsel, and receiving no response, followed up again on December 21, 2022, when Plaintiff's counsel stated that they should have the review of the Phone's data by the end of the month. (*Id.*)

---

[1] "BRA Declaration" refers to the Declaration of Benjamin Allee, filed contemporaneously herewith.
[2] "Ex. __" refers to the Exhibits attached to the BRA Declaration.

4

### C.     January 2023 to May 2024

On January 20, 2023, Plaintiff made an additional production of discovery resulting from further review of Plaintiff's phone. On the same day, Defendant's counsel filed a joint letter on behalf of the Parties, detailing the status of the matter. Defendant's counsel described: a) Plaintiff had provided a supplemental production to Defendant stemming from review of the Phone; and b) Plaintiff provided Defendant's forensic expert with a hard drive of the metadata of the Phone, and such review was forthcoming. (*See* Dkt. No. 180.) Subsequently, on January 27, 2023, Plaintiff provided an additional supplemental production of data from the Phone, which required additional review by the undersigned.

Between January 27, 2023 and May 1, 2023, Defendant's counsel continued to diligently analyze the provenance and timeliness of the late production of the Recording, including completing the following tasks: continued review of the supplemental production from the Phone; coordination with Defendant's forensic expert and analysis of the expert report, produced to Plaintiff on March 17, 2023; and preparation for and coordination with Plaintiff's counsel to schedule Plaintiff's deposition. Throughout this period of time, the undersigned and Plaintiff's counsel continued to communicate and coordinate to schedule Plaintiff's deposition, finally settling on May 1, 2023, while simultaneously providing the Court with monthly joint status updates. (*See, e.g.*, Dkt. No. 182 (February 24, 2023 Joint Status Update); Dkt. No. 184 (March 27, 2023 Joint Status Update); and Dkt. No. 186 (April 28, 2023 Joint Status Update).)

On May 1 and 5, 2023, Defendant's counsel deposed Plaintiff regarding the non-production and late-disclosure of the Recording. Plaintiff's testimony in response to questions showed, among other things: (1) that she had the Recording in her possession during the entirety of the litigation; (2) that she was aware of her obligation to preserve and produce the Recording, and took steps to

save it on her iPhone; (3) that she ultimately kept the iPhone in her closet, and accessed it specifically one or two months prior to the deposition of Defendant and yet made no disclosure; and (4) that promptly following Defendant's deposition, she got the iPhone and pulled up the Recording. Plaintiff's testimony also included numerous answers that were contradictory, evasive, and/or implausible, and made further plain that the steps taken by Defendant's counsel to determine exactly how the Plaintiff failed to timely produce the Recording were plainly necessary, reasonable, and warranted.

On May 30, 2023, after taking Plaintiff's deposition, and upon receipt of the transcripts for both days, the undersigned and Plaintiff's counsel engaged in a meet and confer. During the conference, the parties attempted to narrow the issues that required Court intervention, and to determine the anticipated timeline for Defendant's sanctions motion. (*See* Dkt. No. 188; Dkt. No. 189 (the Court endorsing the Letter and setting a new control date for June 30, 2023, to provide the Court updates with "respect to any anticipated motion practice").)

On June 26, 2023, the undersigned and Plaintiff's counsel had another meet and confer, which further narrowed the issues. On June 29, 2023, Defendant's counsel provided an email and detailed letter to Plaintiff's counsel, following up the meet and confer and setting out outstanding questions by Defendant bearing on the dispute and regarding the Recording at issue. (*See* Ex. B.) Plaintiff did not respond at all until approximately four (4) weeks later, on July 26, 2023, after the undersigned followed up on July 24, 2023. (*See* Ex. C (including email from Plaintiff's counsel to Defendant's counsel stating Plaintiff was "open to answering these, but we'd like to know how that would advance the parties toward any resolution").) Ultimately, Plaintiff never actually substantively responded to any of the questions in the June 29 Letter, and instead, questioned the

utility of this request during another meet and confer held between the undersigned and Plaintiff's counsel on July 28, 2023. (*See* BRA Declaration, ¶¶ 9-10.)

On July 31, 2023, Defendant filed a pre-motion letter. Plaintiff filed a response letter on August 9, 2023. The Court held a pre-motion conference on September 14, 2023, at which Defendant's counsel appeared, fully prepared to argue the issues and answer any questions of the Court. The Court thereafter set a briefing schedule on the motion.

On October 19, 2023, Defendant moved for sanctions against Plaintiff. The motion included a memorandum of law and a declaration of counsel with seventeen exhibits. Plaintiff filed opposition on November 30, 2023, including a memorandum of law and declaration with seven exhibits. Defendant filed a reply on December 14, 2023, including a memorandum of law and a declaration with a responsive forensic expert report.

On May 8, 2024, the Court granted Defendant's motion, ruling that Plaintiff violated her discovery obligations. The Court ordered Plaintiff to reimburse Defendant's "costs and attorneys' fees in connection with the deposition of Plaintiff concerning the recording and in connection with [such] instant motion," the reimbursement of "costs associated with the first day of [Defendant's] deposition on June 27, 2022," and further ordered that Defendant's deposition be "redone in its entirety." (*See* Dkt. No. 208.)

### D. Costs and Attorney's Fees

The costs and attorneys' fees paid by Defendant that were caused by Plaintiff's discovery violation total $176,169.30. Regarding costs, Plaintiff's discovery violation resulted in Defendant's paying costs amounting to $10,289.80. The costs arose from the two days of deposition of Plaintiff and those associated with retaining the forensic expert.

7

Regarding attorneys' fees, Plaintiff's discovery violation resulted in Defendant's paying attorneys' fees totaling 165,879.50. The legal work was conducted at Yankwitt LLP primarily by two attorneys, Benjamin Allee, a partner, and Connor A. Hilbie, an associate. Mr. Allee has more than twenty years' experience as a litigator in the Southern District of New York. He served as a law clerk to Honorable Peter K. Leisure in United States District Court for the Southern District of New York, and Honorable Pierre N. Leval in the United States Court of Appeals for the Second Circuit. He worked as an associate at Davis Polk & Wardwell. He then served as an Assistant United States Attorney in the Criminal Division of the Southern District of New York for more than a decade, rising to the position of Deputy Chief of the White Plains Division. (BRA Declaration ¶ 20). He has worked for approximately six years as a partner at Yankwitt LLP, handling litigation matters for companies and individuals. (BRA Declaration ¶ 21). Throughout the period of the discovery dispute, Mr. Hilbie had one to two years' experience in federal and state court litigation. (BRA Declaration ¶ 24).

The rate for Mr. Allee's services for the majority of the relevant time period was $750.00 per hour,[3] and for Mr. Hilbie was $350.00 per hour. (*See* BRA Declaration ¶ 13). Mr. Allee and Mr. Hilbie accounted for approximately 269 of the 311 hours spent on this matter by Yankwitt LLP[4] over the approximately eighteen (18) month period, split as follows: a) $88,300.00 in fees for 122.2 hours of work performed by Mr. Allee; and b) $51,310.00 in fees for 146.6 hours of work

---

[3] For the first three (3) months of the dispute, Mr. Allee's rate was $650.00 per month. For the final fifteen (15) months of the case, Mr. Allee's rate was increased to $750.00. (BRA Declaration at ¶ 13).

[4] Prior counsel spent approximately 19.7 hours on this discovery dispute issue, including time spent on Defendant's first day of deposition, as well as time spent between June 28, 2022 and September 8, 2022, conducting initial investigation of the discovery dispute prior to Yankwitt LLP substituting as counsel. The 19.7 hours are divided as follows: Rhett Milsaps, managing partner at Lex Lumina LLP, $7,740.00 incurred in fees for 17.2 hours of work ($450.00 per hour); Priya Chaudhry, founding partner at Chaudhry Law PLLC, $2,100 incurred in fees for 1.75 hours of work ($1,200 per hour); Seth Zuckerman, partner at Chaudhry Law PLLC, $375.00 incurred in fees for 0.5 hours of work ($750.00 per hour); and Camille Garcia, paralegal, $62.50 in fees for 0.25 hours of work ($250 per hour). (*See* BRA Declaration at ¶¶ 17-18).

performed by Mr. Hilbie.[5] Therefore, including prior counsel's limited fees, and limited expenses incurred associated with the discovery dispute, Defendant seeks to recover litigation costs as follows: $176,169.30: $165,879.50 of which constitute attorneys' fees and $10,289.80 of which constitutes costs/expenses. (*See* BRA Declaration ¶¶ 14, 19).

## II. LEGAL STANDARD

In the Southern District of New York, and the Second Circuit generally, attorneys' fees awards are calculated using the "presumptively reasonable fee" or "lodestar" approach, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *See Frazier v. FCBC Comm. Dev. Corp.*, 2024 WL 3666372, at *7 (S.D.N.Y. Aug. 6, 2024) (citing *Millea v. Metro-N.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). First, in determining such a rate, courts must determine the "reasonable rate," or the "rate a client would be willing to pay," considering that a "paying client wishes to spend the minimum necessary to litigate the case effectively," and such rate should "reflect the prevailing market rates for counsel of similar experience and skill." *Id.* Next, the Court must determine the reasonableness of the number of hours expended, and has "ample discretion" to do so, "based on its knowledge of an action's complexity and scope, [and] whether the hours billed reflect the degree of effort reasonably needed to prevail in the litigation." *Lewis v. American Sugar Refining, Inc.*, 2019 WL 116420, at *5 (S.D.N.Y. Jan. 2, 2019) (quotations omitted). Further, under Rule 37(c), the attorneys' fees awarded are those that are "caused by the [discovery] failure" which constitutes a "broader recovery" than that under Rule 37(a), which is inapplicable here, and calls solely for the

---

[5] The remaining approximately 42 hours were divided between three (3) paralegals (due to staffing changes) and two (2) summer associates, all calculated at a fee of $295.00 per hour (together totaling approximately 33 hours), and three (3) other partners at the firm, ranging from $650.00 per hour to $750.00 per hour (together totaling approximately 9 hours). (*See* BRA Declaration at ¶ 15).

9

"reasonable expenses incurred in making the motion, including attorney's fees." *See In re Terrorist Attacks on September 11, 2001*, 2015 WL 6666703, at *2 (S.D.N.Y. Oct. 28, 2015).

### III.   ARGUMENT

#### A. The Fees Charged by Defendant's Counsel are Presumptively Reasonable

The fees charged by counsel for Defendant are commensurate with the prevailing rates in the Southern District of New York for attorneys of similar experience and qualifications, and thus are "presumptively reasonable." *See Reisman v. Northeastern Power and Gas LLC,* 720 F.Supp.3d 279, 293-94 (S.D.N.Y. 2024) (collecting cases and finding reasonable hourly rates at ranges between approximately $300 to $900, commensurate with experience); *see Proimmune Company, LLC v. Holista Colltech Ltd.,* 2024 WL 54281, at *3 (S.D.N.Y. Jan. 4, 2024) (holding that requested hourly rates of $395 and $895 for associate and partner were reasonable). Further, the inquiry in determining the "presumptively reasonable" rate is "case-specific" as a "reasonable rate for a routine task in a simple case may be quite different from a reasonable rate for a complex task in a challenging case, even when performed by the same firm or the same attorney." *See DoubleLine Capital LP v. Odebrecht Finance, Ltd.*, 2023 WL 2870484, at *3 (S.D.N.Y. Apr. 10, 2023).

Here, the majority of the services provided by the attorneys in this matter were billed at rates of $350.00 per hour (Mr. Hilbie, associate at Yankwitt LLP, with approximately two (2) years of experience at the time), and $750.00 per hour (Mr. Allee, partner at Yankwitt LLP with decades of experience in private and government litigation practice). Therefore, as such fees are plainly in line with the "prevailing rates in the Southern District of New York for attorneys of similar experience and qualifications," these fees are "presumptively reasonable" and should be applied in full.

## B. The Hours Expended by Defendant's Counsel are Inherently Reasonable

Next, Defendant's attorneys' fees should be awarded in full as they are reasonable considering the circumstances of the discovery violation and Plaintiff's refusal to cooperate with Defendant's investigation. *See Lewis v. American Sugar Refining, Inc.*, 2019 WL 116420, at *5 (S.D.N.Y. Jan. 2, 2019) (clarifying that the Court has "ample discretion" to "decide, based on its knowledge of an action's complexity and scope, whether the hours billed reflect the 'degree of effort reasonably needed to prevail in the litigation'"). Further, and importantly, the "critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *See Reiter v. Metropolitan Transp. Authority of State of New York*, 2007 WL 2775144, at *9 (S.D.N.Y. Sept. 25, 2007).

Here, the litigation over this discovery dispute lasted approximately eighteen (18) months, due in part, to the complexity of the dispute at issue and level of additional discovery necessary to complete Defendant's investigation into Plaintiff's discovery failures. The hours expended by Defendant's counsel in this case are reasonable, particularly given that Plaintiff throughout the 18 months' of litigation declined to provide responses to questions, evidence, and information. As detailed above, Defendant's counsel attempted to streamline this investigation on numerous occasions, dating all the way back to September of 2022. However, Plaintiff simply refused to cooperate, leading to months of additional discovery, countless meet and confers among counsel, monthly updates to the Court, and ultimately, a contested motion briefing period resulting in a finding of sanctionable discovery violations on the part of Plaintiff.

A reasonable client would, and did, pay the legal fees and costs necessary to investigate and litigate Plaintiff's wrongful discovery violations, and the resulting sum must be reimbursed per the Court's Order. (*See* Dkt. No. 208 (setting forth Defendant's entitlement to an award of

"costs and attorneys' fees <u>in connection with</u> the deposition of Plaintiff concerning the recording and <u>in connection with</u> [such] instant motion," and the reimbursement of "costs associated with the first day of [Defendant's] deposition on June 27, 2022").) The Order encompasses Defendant's requested attorneys' fees, including Defendant's investigation, additional discovery, and expert analysis as that work and those fees incurred therefrom are plainly "in connection with the deposition of Plaintiff concerning the recording and in connection with the [sanctions] motion." *See In re Terrorist Attacks on September 11, 2001*, 2015 WL 6666703, at *2 (S.D.N.Y. Oct. 28, 2015) (under Rule 37(c), the attorneys' fees awarded are those that are "caused by the [discovery] failure" which constitutes a "broader recovery" than that under Rule 37(a), inapplicable here).

To the extent that Plaintiff argues that the dispute need not have been litigated for eighteen months, Plaintiff has chiefly herself to blame. Defendant sought at every turn to resolve the discovery dispute efficiently. These efforts by Defendant included, notably, sending a letter with questions to Plaintiff in September 2022. Indeed, this was the first step undersigned counsel took in this case, and was meant to efficiently collect information to enable Defendant to resolve the dispute. Plaintiff's counsel, however, declined to respond, and instead: retained a forensic expert; withheld Plaintiff's phone from Defendant for analysis; made document productions; produced Plaintiff for a deposition; and put Defendant to full blown motion practice.

### IV. CONCLUSION

For the reasons stated herein, Defendant respectfully moves the Court to order that Defendant is entitled to an award of reasonable attorneys' fees in the amount of $176,169.30 against Plaintiff, as outlined herein.

| | |
|---|---|
| Dated: White Plains, New York<br>March 3, 2025 | YANKWITT LLP<br><br>By: _____<br>Russell M. Yankwitt<br>Benjamin Allee<br>Connor Hilbie<br>140 Grand Street, Suite 705<br>White Plains, New York 10601<br>Tel.: (914) 686-1500<br>Fax: (914) 487-5000<br>*Attorneys for Defendant/Counter-Claimant Hamed Wardak* |

13