UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH GOOLDEN,

           Plaintiff, Counterclaim-Defendant,

-against-

HAMED WARDAK,

           Defendant, Counterclaim-Plaintiff.

19-CV-6257 (ALC) (VF)

## DECLARATION OF BENJAMIN ALLEE, ESQ.

Benjamin Allee, Esq., an attorney admitted to practice law in the courts of the State of New York, makes the following declaration pursuant to 28 U.S.C. § 1746:

1.     I am a partner of the law firm Yankwitt LLP, counsel for Defendant/Counterclaim Plaintiff Hamed Wardak ("Defendant") in this action. I submit this Declaration in support of Defendant's Motion for Attorneys' Fees and for the purpose of placing before the Court true and correct copies of relevant documents and to provide the Court with information regarding costs and attorney's fees incurred by Defendant as a result of Plaintiff's discovery violations.[1]

2.     Attached as Exhibit A is a true and correct copy of a thread of e-mail correspondence between Benjamin Allee and Aurore C. DeCarlo (Plaintiff's counsel), dated between December 9, 2022 and December 21, 2022.

3.     Attached as Exhibit B is a true and correct copy of e-mail correspondence from Benjamin Allee to Aurore C. DeCarlo (Plaintiff's counsel), dated June 29, 2023, including an

---

[1] "Moving Brief" or "Moving Br." refers to the Memorandum of Law in Support of Defendant's Motion for Attorneys' Fees, filed contemporaneously herewith. Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Moving Brief.

1

attachment to said email, consisting of a true and correct copy of a letter sent by Defendant to Plaintiff, requesting Plaintiff answer questions bearing on the discovery dispute.

4. Attached as Exhibit C is a true and correct copy of e-mail correspondence between Benjamin Allee and Aurore C. DeCarlo (Plaintiff's counsel), with relevant portions dated between July 24, 2023 and July 26, 2023.

5. Upon Plaintiff's untimely production of the Recording on June 28, 2022, the undersigned has attempted to determine the facts regarding Plaintiff's non-disclosure of the Recording until moments after Defendant testified, in order to thereby determine what sanctions would be appropriate for Plaintiff's discovery violation.

6. This included, among other tasks described below, the Court holding a conference on November 3, 2022. At the conference, the Parties agreed upon a Court-approved plan to complete the following three steps and provide the Court with an update on the progress by January 20, 2023: 1) Plaintiff's counsel would conduct a review and produce any additional responsive material found on the Phone; 2) the parties would arrange for their respective forensic experts to meet and confer, to hopefully set the Parties' respective experts on the same footing and allow for Defendant's expert to respond to Plaintiff's affidavit; and 3) following 1) and 2), Plaintiff was to be made available for a deposition on the issue.

7. As a further part of this effort, the undersigned has engaged in the following necessary actions: (1) submitted written questions to Plaintiff's counsel repeatedly regarding the provenance and non-production of the Recording; (2) requested from Plaintiff's counsel materials from the iPhone at issue, and received limited access to such materials; (3) in response to an expert retained by Plaintiff regarding her use of the iPhone, retained and consulted with a forensic expert regarding the iPhone and Recording; (4) conducted a deposition of Plaintiff over two days

regarding the Recording; (5) met and conferred numerous times with Plaintiff's counsel regarding the issue and in an attempt to reach resolution (without success); and (6) investigated and briefed the prior Motion for Sanctions.

8. The above conduct, spanning almost a full year and a half, resulted in Defendant incurring costs and attorney's fees, that but for Plaintiff's refusal to engage with Defendant's investigation in any meaningful way, could have been all but avoided and complete back in September 2022.

9. One such example took place during a meet and confer between the undersigned and Aurore C. DeCarlo (Plaintiff's counsel) on July 28, 2023. Prior to this meet and confer, on June 29, 2023, I had provided to Ms. DeCarlo a letter setting out outstanding questions by Defendant bearing on the dispute and regarding the Recording at issue, in an attempt to again streamline the discovery process. (*See* Ex. B).

10. While Ms. DeCarlo initially responded approximately a month later, stating that Plaintiff "was open to answering these" but wanted to "know how [answering] would advance the parties toward any resolution," ultimately, during the meet and confer on July 28, 2023, Ms. DeCarlo refused to provide answers to these questions while inquiring about the utility of any such response. (*See* Ex. C).

11. Attached as Exhibit D are true and correct copies of summaries of invoices in this matter, in a format that sets forth only the relevant contemporaneous time entries and expenses incurred by Yankwitt LLP and former counsel as a result of this dispute, for convenience of review by the Court.[2]

---

[2] To the extent the Court requires copies of the actual invoices of Yankwitt LLP and former counsels' firms during the relevant time period, Defendant will provide redacted copies upon request and for the Court's review.

3

12. All of the legal work for which Defendant seeks reimbursement was conducted primarily by two attorneys, Benjamin Allee, a partner, and associate Connor A. Hilbie.

13. The fee for Mr. Allee's services to the Defendant for the majority of the services was $750.00 per hour,[3] and the fee for Mr. Hilbie's services to the Defendant during the duration of the dispute was $350.00 per hour.

14. Mr. Allee and Mr. Hilbie accounted for approximately 269 of the 311 hours spent on this matter by Yankwitt LLP over the approximately eighteen (18) month period, split as follows: a) $88,300.00 in fees for 122.2 hours of work performed by Mr. Allee; and b) $51,310.00 in fees for 146.6 hours of work performed by Mr. Hilbie.

15. The remaining approximately 42 hours of time spent by Yankwitt LLP were divided between three (3) paralegals (due to staffing changes) and two (2) summer associates, all calculated at a fee of $295.00 per hour (together totaling approximately 33 hours), and three (3) other partners at the firm, ranging from $650.00 per hour to $750.00 per hour (together totaling approximately 9 hours).

16. In addition to attorneys' fees, Defendant also incurred approximately $10,289.80 in expenses associated with this discovery dispute, as set forth further in Exhibit D.

17. Prior counsel spent approximately 19.7 hours on this discovery dispute issue, including time spent on Defendant's first day of deposition, as well as time spent between June 28, 2022 and September 8, 2022, conducting initial investigation of the discovery dispute prior to Yankwitt LLP substituting as counsel.

---

[3] For the first three (3) months of the dispute, my rate was $650.00 per hour. For the final fifteen (15) months of the case, my rate was modified to $750.00 per hour.

4

18. The 19.7 hours are divided as follows: Rhett Milsaps, managing partner at Lex Lumina LLP, $7,740.00 incurred in fees for 17.2 hours of work ($450.00 per hour); Priya Chaudhry, founding partner at Chaudhry Law PLLC, $2,100 incurred in fees for 1.75 hours of work ($1,200 per hour); Seth Zuckerman, partner at Chaudhry Law PLLC, $375.00 incurred in fees for 0.5 hours of work ($750.00 per hour); and Camille Garcia, paralegal, $62.50 in fees for 0.25 hours of work ($250 per hour). (*See* Ex. D).

19. As such, Defendant seeks to recover litigation costs as follows: $176,169.30: $165,879.50 of which constitute attorneys' fees and $10,289.80 of which constitutes costs/expenses.

20. I have more than twenty years' experience as a litigator in the Southern District of New York. I served as a law clerk to Honorable Peter K. Leisure in United States District Court for the Southern District of New York, and Honorable Pierre N. Leval in the United States Court of Appeals for the Second Circuit. I worked as an associate at Davis Polk & Wardwell. I then served as an Assistant United States Attorney in the Criminal Division of the Southern District of New York for more than a decade, rising to the position of Deputy Chief of the White Plains Division.

21. I subsequently worked for approximately six years as a partner at Yankwitt LLP, handling litigation matters for companies and individuals.

22. The hourly fee charged to Defendant for my services was $750.00. Upon information and belief this fee is presumptively reasonable and falls well below the average for other attorneys in the community of similar experience and skill.

23. I expended a total of 122.2 hours of work during the relevant time period caused by Plaintiff's discovery failures and repeated additional failures to assist in Defendant's investigation, unnecessarily prolonging this dispute. This accounted for approximately $88,300.00 in fees.

24. Mr. Hilbie graduated from law school in 2021. At the time that he worked on this case specifically associated with the discovery dispute, Mr. Hilbie had one to two years' experience in federal and state court litigation.

25. The hourly fee for Mr. Hilbie's services was $350.00. Upon information and belief this fee is reasonable and commensurate with other attorneys in the community of similar experience and skill.

26. Mr. Hilbie expended a total of 146.6 hours of work during the relevant time period caused by Plaintiff's discovery failures and repeated additional failures to assist in Defendant's investigation, unnecessarily prolonging this dispute. This accounted for approximately $51,310.00 in fees.

27. Defendant respectfully requests an award of fees and costs in the amount of $176,169.30: $165,879.50 of which constitute attorneys' fees and $10,289.80 of which constitutes costs/expenses.

28. I declare under penalty of perjury that the foregoing is true and correct.

Dated: White Plains, New York
       March 3, 2025

_____
Benjamin Allee, Esq.