UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SARAH GOOLDEN,

        Plaintiff, Counterclaim-Defendant,        19-CV-6257 (ALC) (VF)

        **DECLARATION OF CARRIE ANN GOLDBERG IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL**

     -against-

HAMED WARDAK,

        Defendant, Counterclaim-Plaintiff.
----------------------------------------------------------------x

     CARRIE ANN GOLDBERG, an attorney admitted to practice law before this Court, hereby declares under penalty of perjury and pursuant to 28 U.S.C § 1746 that the following is true and correct:

1. I am the founding member of the law firm C.A, Goldberg, PLLC "CAG" which was retained by Plaintiff/Counterclaim-Defendant Sarah Goolden to represent her as legal counsel in this action, and I submit this declaration in support of CAG's motion for an order, pursuant to Local Civil Rule 1.4, relieving CAG, Carrie Goldberg, Mr. John Aaron Stark and Corinne Mullen, as counsel for Ms. Goolden and for a stay of this proceeding and an extension of time for responses of all pending motions to permit Ms. Goolden to obtain new counsel.

2. I am counsel of record in this action for Ms. Goolden, having been substituted as counsel by Consent Order dated April 28, 2020 (Dkt. 23). CAG agreed to represent MS. Goolden in this

case on a contingency fee basis to prosecute her claims of sexual assault and rape against Defendant Wardak.

3. CAG brought in Corinne Mullen, Esq. of the Mullen Law to co-counsel and to apportion the contingency agreement. Corinne filed a notice of appearance on May 20, 2022 (Dkt. 149). She has no independent agreement with Ms. Goolden and has not participated in the case for approximately two years but appears as a counsel of record.

4. John Aaron Stark, also an attorney of CAG, is also counsel of record, having filed a notice of appearance on January 29, 2025 (Dkt. 233).

5. The Partner at CAG, Aurore DeCarlo, who was primarily handling the case left the firm in January 2024 and reentered an appearance on the matter in recent months for continuity purposes to handle a deposition of Defendant.

6. The parties are currently engaged in discovery. There currently is no scheduled trial date.

7. On May 8, 2024, this Court issued an Opinion and Order directing Plaintiff to pay Defendant's reasonable Attorney's Fees related to Plaintiff's discovery violation in her delayed production of a video recording in which: Plaintiff accuses Defendant Wardak of rape. On October 28, 2024, Defendant Wardak filed a lawsuit against Plaintiff Goolden in the Southern District of Florida (**1:24-cv-24198-FAM**) claiming damages relating to allegations of Plaintiff's creation of the video recording.

8. On May 24, 2025, Defendant submitted a demand for Attorney Fees totaling $189,371.50 for costs connected to the May 8, 2024 discovery violation. On August 29, 2024, Defendant resubmitted a corrected demand for Attorney Fees totaling $176,169.30.

9. Defendant passionately tried to delay his deposition until Ms. Goolden paid fees. We passionately advocated with this court for the deposition to occur irregardless of the fees. On March 3, 2025 Defendant / Counterclaim-Plaintiff Hamed Wardak, through counsel, refiled a Motion for Attorney's Fees (Dkt. 283 et.seq.)

**A. Applicable Legal Standard**

10. Pursuant to Local Civil Rule 1.4 of the Southern District of New York, "an attorney who has appeared as an attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal." Local Civ. R. 1.4.

11. Counsel may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." N.Y. Prof. Conduct Rule 1.16(c)(7). It is well-settled that "the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing [the] client." *Bijan Karimian v. Time Equities, Inc.,* No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4-5 (S.D.N.Y. May 11, 2011) (citation omitted); *Dowler v. Cunard Line Ltd.,* No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal based on irreconcilable conflict between attorney and client).

**B. Grounds for Withdrawal**

12. Having zealously represented Ms. Goolden for nearly five years, CAG has reached a point of irreconcilable conflict with Ms. Goolden regarding this litigation, strategy, and the scope of the fee agreement in light of the unforeseeable detours in this litigation. When these issues were addressed between me and Ms. Goolden, the breakdown in the attorney-client relationship

became increasingly impaired. Again, I can provide further detail to this court *in camera.* As such, CAG is unable to continue to represent Ms. Goolden as legal counsel and we are compelled to move for an order permitting withdrawal.

13. This case has involved unforeseeable complexities, international travel, expenses, and significant detours from the normal course of litigation which have at times created a hardship and major burden for my small law firm. I can provide further detail *in camera* if this Court desires.

14. On March 6, 2025, I personally and timely notified Ms. Goolden of my intention to file a motion to withdraw from this case. She expressed the intent to file a grievance complaint and malpractice lawsuit against me if I dared to file this motion and if I dared seek liens for the tremendous work and expenses CAG performed for her. On March 7, 2025, Ms. Goolden filed a declaration in support of Aurore DeCarlo's motion to withdraw and assured this court that she still was fully represented by us. At the time of this filing, Ms. Goolden was aware of our intention to file this motion and was actively threatening grievances if we did. The case is well-positioned for Ms. Goolden to secure new counsel as the case approaches the end of discovery. She will not be strategically prejudiced by this motion.

15. Mr. Wardak's counsel has been substituted out at least three times in this case and he was granted liberal extensions which Ms. Goolden accommodated. The Court should similarly grant this motion for withdrawal and provide Ms. Goolden time to secure new counsel.

16. We served this motion to withdraw and accompanying papers upon all parties in this action.

17. CAG has made no previous application for the relief sought here.

18. CAG and Mullen shall assert common law retaining liens and statutory charging liens under New York law with respect to this action and reserves all rights to pursue a legal claim for equitable apportionment against any recovery Ms. Goolden obtains in this action.

19. Accordingly, CAG requests that the Court grant the motion for Carrie Goldberg, John Aaron Stark and Corinne Mullen to withdraw as counsel of record for Plaintiff / Counterclaim-Defendant Sarah Goolden, stay the proceedings and deadline to respond to the fees motion to permit Ms. Goolden to obtain new counsel, and grant such other and further relief as the Court may deem just and proper.

Executed on this 7th day of March, 2025.

By: /s/ *Carrie Ann Goldberg*

Carrie Ann Goldberg
(NY Bar No. 4542411)
Carrie@CAgoldberglaw.com
C.A. Goldberg, PLLC
16 Court Street, 33rd Floor
Brooklyn, NY 11241

*Outgoing Attorneys for Plaintiff / Counterclaim-Defendant Sarah Goolden*