UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SARAH GOOLDEN,

        Plaintiff, Counterclaim-Defendant,        19-CV-6257 (ALC) (VF)

        **DECLARATION OF CARRIE ANN GOLDBERG IN REPLY TO PLAINTIFF'S OPPOSITION FOR WITHDRAWAL**

        -against-

HAMED WARDAK,

        Defendant, Counterclaim-Plaintiff.
------------------------------------------------------------------x

CARRIE ANN GOLDBERG, an attorney admitted to practice law before this Court, hereby declares under penalty of perjury and pursuant to 28 U.S.C § 1746 that the following is true and correct:

1. I submit this declaration in further support of my motion for Carrie Goldberg, John Aaron Stark, and Corinne Mullen to withdraw as counsel and in reply to Plaintiff Sarah Goolden's March 12, 2025, opposition to same [Dkt. 243].

2. In my 17 years as a practicing attorney and my ten years as a law firm owner, neither I, nor anybody at my firm, has ever sought the relief I'm seeking here.

3. I take my obligations to represent clients very seriously and I pride myself on seeing my cases through to the end.

4. As is clear from the record – and I can elaborate *in camera* – there have been significant detours from the normal course of litigation in this case.

5. Those detours, which were not attorney-created, have been so serious that I've had to hire private ethics counsel.

6. While, at times, I regret not withdrawing contemporaneously to the discovery violation, my firm instead remained committed to Ms. Goolden and expended significant legal resources to navigate that precarious situation, which again was not a situation within the normal scope of litigation and did result in Ms. Goolden getting sanctioned with the cost of Defendant's legal fees for the discovery violation.

7. According to my practice management software, my law firm spent 120.45 hours just in navigating the discovery violation and racked up $22,000 in expenses during that period of time through the present. Our total time spent on this case amounts to at least 5x that. At no point have I sought compensation from Ms. Goolden for those hours spent or reimbursement for the expenses paid.

8. The contribution I sought would have been for opposing the Defendant's legal fees motion, an expense that does not impact the merits of the representation but would save Ms. Goolden money.

9. Opposing fees motions is tedious, and Aurore DeCarlo, who handled the day-to-day during the relevant period, no longer works at my firm. Thus, opposing the motion would involve a substantial amount of time. This is why I suggested Ms. Goolden contribute to the value of my firm's time.

10. Ms. Goolden is wrong that this breakdown has come out of the blue. Ms. Goolden has been threatening me with arbitration since June 24, 2024.

11. During a call on June 21, 2024, I first approached Ms. Goolden about contributing to the costs if she wanted us to oppose defendant's fees motion. Ms. Goolden expressed a willingness to chip in.

12. However, when I followed up with her about it that week, Ms. Goolden suddenly threatened me with arbitration and menacingly told me I shouldn't want that for the "optics" of the case. I was disturbed to have a current client threaten me with arbitration. I reminded Ms. Goolden that I was not seeking contribution for the considerable attorney time or deposition expenses that my firm spent and would continue to spend on the discovery detour, but rather felt, as a matter of principle, she ought to contribute to the costs of our work peripheral to the case.

13. Ultimately the issue did not arise again because defendant had not filed a formal fee motion.

14. Her conduct in this case has cost my law firm significant time and expenses that I never could have predicted when I agreed to be her attorney five years ago. I have a small firm, and this case has resulted in an unprecedented amount of time, financial, and psychological resources relative to our size.

15. Besides overseeing the ethical issues involving discovery in this case, at no point have I been the lead attorney in this case. I have not drafted or argued a motion, handled a deposition, spoken to opposing counsel, or engaged in any way with discovery. Ms. DeCarlo, who was the lead attorney handling this litigation and has since left. John Aaron Stark sat in on Mr. Wardak's second deposition that Ms. DeCarlo conducted but is not fully familiarized with the details of this five-plus-year-litigation. Thus, the case is at an optimal moment for a new attorney to come in and take over.

16. The case is not on the "eve of trial." A trial date is not even set.

17. While Ms. Goolden may characterize this as a mere fee dispute, the attorney-client breakdown is far more fundamental—with her introducing elements into this litigation that are outside the normal course of litigation, including the discovery violation, time-consuming opposition in the sanctions imposed upon her, and, most recently, the expectation that we consolidate a Florida lawsuit Defendant filed against her so I could defend her in that too. All the while, for more than ten months, I've been fielding her threats of taking me to arbitration.

18. Now, Ms. Goolden is demanding that I be her attorney through trial (at a cost of hundreds more attorney hours and tens of thousands of dollars in expenses) while arguing that if I refuse I should be on the hook for expenses and all rights to fees.

19. Offering this person a contingency fee agreement five years ago did not sign me up for indentured servitude.

20. I should not be ordered to continue representing Ms. Goolden for hundreds of more hours through trial and at a cost of tens of thousands of dollars to me – especially given that Ms. Goolden is already insisting my firm is disentitled to any ultimate compensation should her case resolve in her favor, for the hundreds of hours of work we've performed and the tens of thousands of out-of-pocket expenses.

21. Ms. Goolden's desire to convert the instant motion for withdrawal into a dispute about my firm's entitlement to a lien is inappropriate.

22. Ms. Goolden is using my motion to withdraw as a pretext to dispute my firm's entitlement to fees for the hundreds of thousands of dollars of legal services and expenses.

23. Last week, Ms. Goolden pressured me to waive all entitlements to a lien in this case under threat that she would sue me for malpractice.

24. I've not yet filed a lien, and there is no recovery to squabble over.

25. I do not want to continue to be an attorney for anybody who makes a habit of threatening me with arbitration and malpractice.

26. My letter of engagement with Ms. Goolden gives us both the right to terminate the relationship.

27. It's confounding that Ms. Goolden expects the attorney-client relationship to proceed under such strained circumstances.

28. Any difficulty Ms. Goolden has in securing new counsel cannot be attributed to me.

29. My firm has expertly handled her case and leaves it in fine condition for a different attorney to move it forward.

30. Liens and lodestars exist for such situations where there is a change of attorney, and Ms. Goolden suffers no unique prejudice from the change.

31. Opposing counsel has stipulated to staying any pending motions until the current matter is resolved, and I expect Defendant will show the same courtesy we showed him repeatedly when he changed counsel several times.

32. Accordingly, we respectfully request that the Court grant this motion for Carrie Goldberg, John Aaron Stark, and Corinne Mullen to withdraw as counsel of record for Sarah Goolden, stay the proceedings, extend the deadline for Ms. Goolden to respond to the fees motion to permit her to obtain new counsel, and grant such other relief as the Court

//

//

may deem just and proper.

Executed on this 14th day of March, 2025.    By: /s/ *Carrie Ann Goldberg*

                                                                Carrie Ann Goldberg
                                                                (NY Bar No. 4542411)
                                                                Carrie@CAgoldberglaw.com
                                                                C.A. Goldberg, PLLC
                                                                16 Court Street, 33rd Floor
                                                                Brooklyn, NY 11241