**Sarah Goolden**
**215 Thompson St.**
**#125**
**New York, NY 10012**
sarah.goolden@gmail.com
646-954-8077
March 17, 2025

**Via ECF**

**Honorable Valerie Figueredo**
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> **MEMO ENDORSED**
>
> [signature]
>
> **HON. VALERIE FIGUEREDO**
> **UNITED STATES MAGISTRATE JUDGE**
>
> **Dated:** 3/19/2025
>
> The Court will consider the sur-reply filed at ECF No. 248-1 for the April 10, 2025 conference. The Clerk of Court is directed to terminate the motion at ECF No. 248.

**Re: Goolden v. Wardak, Case No. 19-CV-6257 (ALC) (VF)**

**Letter Motion for Leave to File Sur-Reply**

Dear Judge Figueredo,

Plaintiff Sarah Goolden, appearing pro se for the limited purpose of this motion, respectfully submits this letter-motion pursuant to Your Honor's Individual Practices to request leave to file a sur-reply in further opposition to the motion of C.A. Goldberg PLLC and its attorneys to withdraw as counsel.

Attorney Goldberg raised new factual assertions and misrepresentations in their reply that were not included in their initial motion and which Plaintiff has documentary evidence to refute. Specifically:

1. **Misrepresentation of the Alleged "10 Months of Threats"**
    - Counsel falsely claims that Plaintiff threatened arbitration for ten months, which is demonstrably untrue.
    - Plaintiff possesses email correspondence showing that arbitration was only discussed once ten months ago, in direct response to counsel's own retainer agreement, which provides arbitration as the designated method for fee disputes.
    - At no point did Plaintiff threaten arbitration as a tactic—Plaintiff merely exercised her contractual rights. Email correspondence can be provided in camera refuting Attorneys claims.
2. **Mischaracterization of the Fee Dispute and Attorney-Client Relationship**

- Counsel incorrectly portrays the withdrawal as being based on an irreconcilable breakdown, when in fact, the dispute solely concerns counsel's unilateral attempt to change the contingency fee structure.
- The record demonstrates that Plaintiff and Counsel continued working together for nearly a year after the initial fee discussion, disproving any claim of long-standing conflict. It also shows the attorney continued voluntarily working on the case for 10 months after she tried to seek additional fees. Plaintiff has evidence that Counsel continued working on the case without any new retainer agreement, confirming that she voluntarily chose to continue representation under the original terms which can be provided for in camera review.

3. **New Arguments Regarding the Alleged "Detours" From Normal Litigation**
    - In her reply, counsel raises a new argument that this case has been financially burdensome due to "detours" from "normal litigation." However there is no "normal" course of litigation. Litigation is inherently unpredictable, and unexpected developments—including discovery disputes, newly found evidence, and procedural motions—are part of the legal process. Discovery issues are common and arise in nearly every case. The Federal Rules of Civil Procedure provide extensive provisions for discovery disputes, sanctions, and supplemental disclosures, precisely because such disputes are a normal feature of litigation.

4. **Attorney's Mention of Hiring an Ethics Attorney is Misleading**
    - Counsel asserts that she hired an ethics attorney, seemingly implying that it was due to concerns about Plaintiff's conduct in this proceeding. However that is misleading and improperly prejudicial. More details can be provided in camera.

A sur-reply is necessary to correct the record and ensure that the Court has a full and accurate understanding of the facts before ruling on this motion. Courts in this District have granted leave to file sur-replies in similar circumstances where new factual assertions were raised in a reply brief.

Accordingly, Plaintiff respectfully requests that the Court grant leave to file the attached proposed sur-reply (Exhibit A). If the Court would find it helpful, Plaintiff is also willing to submit relevant correspondence in camera to substantiate her claims.

Plaintiff thanks the Court for its time and consideration.

Respectfully submitted,

*Sarah Holden*