UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SARAH GOOLDEN,

        Plaintiff, Counterclaim-Defendant,        **19-CV-6257 (ALC) (VF)**

                      **DECLARATION OF CARRIE ANN GOLDBERG REGARDING CHARGING LIEN**

      -against-

HAMED WARDAK,

        Defendant, Counterclaim-Plaintiff.
----------------------------------------------------------------x

CARRIE ANN GOLDBERG, an attorney admitted to practice law before this Court, hereby declares under penalty of perjury and pursuant to 28 U.S.C § 1746 that the following is true and correct:

1. I submit this affidavit in connection to my Motion to Withdraw as Plaintiff's counsel. (See ECF Nos. 240-1, 246) and in response to the Hon. Magistrate Judge Figueredo's instruction to "submit an affidavit indicating 'whether or not [she] is asserting a retaining or charging lien' if the motion to withdraw is granted." Local Civil Rule 1.4 (See ECF No. 251).

2. If the motion to withdraw is granted, C.A. Goldberg, PLLC shall not be asserting a retaining lien. Regardless of the legal permissibility of a retaining lien, it is my preference that Ms. Goolden and her prospective incoming counsel be able to swiftly carry on with this meritorious litigation with godspeed and prosper from the extensive work my firm has performed in Ms. Goolden's righteous case. To that end, my firm will work cooperatively in transferring our files to Ms. Goolden and her incoming counsel.

3. If the motion to withdraw is granted, C.A. Goldberg, PLLC is entitled to a charging lien. However, as I discuss below, I'm more than happy to consider alternative contractual arrangements with Ms. Goolden and incoming counsel.

4. My practice management software shows that over the five years we've represented Ms. Goolden, we have spent 522 hours on her case and $41,680 in out-of-pocket expenses. My firm has not yet audited the time or expenses to confirm these numbers reflect the total time and expense. Nor is this inclusive of the time and expenses of our of-counsel Corinne Mullen.

5. The Code of Professional Responsibility allows an attorney to assert charging liens to protect his or her fees and expenses. DR 5-103(A)(1); EC 5-7.

6. Charging liens are a tried-and-true method for equitably handling transitions of counsel in ongoing cases so that lawyers are compensated for their work and that incoming lawyers are not unjustly enriched by the fruits of the labor of an uncompensated attorney.

7. Although it is my position that the circumstances warrant a charging lien, I am more than happy to entertain alternatives.

8. For instance, I am willing negotiate and potentially enter into an agreement with Ms. Goolden and incoming counsel about fee division.

9. Ms. Goolden indicated that prospective counsel were deterred from being retained for fear of a fee dispute at the resolution of the case, but from my perspective a fee dispute is not a foregone conclusion.

10. To date, Ms. Goolden has taken the stance that if I am permitted to withdraw, my law firm is entitled to $0.00 in expenses and 0.00 fees which is unfair. She and her new counsel will

be deeply enriched by the work of my firm and if a recovery is obtained, my risk and my firm's five year investment will have contributed in part.

11. To date neither Ms. Goolden or potential incoming counsel have engaged me in negotiations about fees.

12. I can attest that I would be happy to have a good faith discussion with any incoming potential counsel and/or Ms. Goolden to contractually determine a fee plan.

Executed on this 10th day of April, 2025.    By: /s/ *Carrie Ann Goldberg*

Carrie Ann Goldberg
(NY Bar No. 4542411)
Carrie@CAgoldberglaw.com
C.A. Goldberg, PLLC
16 Court Street, 33rd Floor
Brooklyn, NY 11241

*Outgoing Attorneys for Plaintiff / Counterclaim-Defendant Sarah Goolden*