UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2025 APR 16 PM 1:44

| | |
|---|---|
| SARAH GOOLDEN, | Case No.: 19-cv-6257 (ALC) (VF) |
| Plaintiff/Counterclaim-Defendant, | **AFFIDAVIT OF SARAH GOOLDEN** |
| v. | **IN OPPOSITION TO CHARGING LIEN** |
| HAMED WARDAK, | |
| Defendant/Counterclaim-Plaintiff. | |

----------------------------

I, Sarah Goolden, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I submit this affidavit in opposition to Attorney Carrie Goldberg's assertion of a charging lien in connection with her motion to withdraw as counsel in the above-captioned matter.

2. Attorney Goldberg has not demonstrated just cause for withdrawal under Local Civil Rule 1.4. The alleged "irreconcilable breakdown" is, in truth, a fee dispute that arose when she sought to alter our existing contingency agreement and demand hourly payment. I declined and insisted on adhering to the terms of the contract she drafted and we both signed. Her current affidavit offering to "negotiate" her way out of the case only reinforces that she lacks a legal basis for withdrawal. If just cause truly existed, no negotiation would be necessary.

3. Our retainer agreement clearly states that the case would be handled on a contingency basis — that she would only be compensated in the event of a recovery. She acknowledged in that same agreement that litigation could involve hundreds of hours and expenses and accepted the risk that she might never be paid if the case did not result in a recovery. Yet now, she is attempting to walk away before any recovery has been secured while still seeking to be paid — a result that directly contradicts the very nature of our agreement.

4. Counsel's reference to DR 5-103(A)(1) and EC 5-7 from the former Code of Professional Responsibility is outdated and misleading. That Code was replaced in 2009 by the New York Rules of Professional Conduct. While those former provisions acknowledged that attorneys may seek liens, they do not guarantee one and do not override the legal standard set by Judiciary Law § 475 and controlling case law. Courts have made clear that charging liens are not automatic — they are only available when the attorney withdraws for just cause. See Klein v. Eubank, 87 N.Y.2d 459 (1996). Where no just cause exists — as is the case here — the attorney forfeits any right to compensation or a lien. Counsel appears to be using the threat of a lien as post hoc leverage, but the law is clear: a lawyer who voluntarily exits a contingency case without cause is not entitled to payment or a lien. Simply put, an attorney should not be rewarded for abandoning a client.

1

5. Counsel now claims to have spent over 500 hours and $41,000 in expenses. Based on her given hourly rate of $575, she is implying a lien of over $300,000 — an amount that would require any new attorney to secure a recovery well over a million dollars just to begin seeing compensation. This has created a major obstacle to finding new representation. No attorney wants to inherit a complex, five-year-old case with a six-figure lien hanging over it. Unless the lien is resolved, I risk being left without counsel at a critical stage.

6. Local Rule 1.4 exists precisely for this reason — to prevent attorneys from abandoning clients at a critical moment, and then asserting liens that make it impossible for the client to move forward. This rule is not procedural; it is protective. Without court oversight, I would be left in the lurch, unable to pursue justice.

7. Counsel's recent arguments make clear that she no longer has the time, resources, or willingness to complete this case — not that I have done anything wrong. Her implication that I acted improperly by enforcing the contract she drafted is both unfair and unfounded. I have acted in good faith throughout, responded promptly, and contributed financially — including paying out-of-pocket to support the Defendant's deposition. Her current claims appear to be a post hoc attempt to fabricate a justification for withdrawal and to support an improper charging lien.

8. Counsel has stated that her withdrawal is based on financial strain and the evolving burden of the case. But the fact that a contingency case has become difficult or expensive is not a valid reason to walk away and still demand compensation. That is the nature of contingency representation — you assume risk in exchange for reward.

9. In her March 6 email, counsel made it clear that her decision to withdraw was final and non-negotiable. She did not offer any alternative path forward, propose arbitration, or attempt to reach a compromise. While she has not yet been permitted to withdraw, she made no effort to ensure that I would be able to find new counsel or continue the case without disruption. Had the Court not intervened, I would have been effectively left without representation at a critical moment.

10. The irony is that this lien — which she now insists on asserting — has no value unless the case moves forward. But her actions are making that impossible. This is not about protecting fair compensation; it is about trying to secure a payout without having to complete the work.

11. Attorney Goldberg's affidavit makes clear that she is effectively trying to negotiate her way out of representing me — not based on any legally sufficient justification for withdrawal, but because she no longer wishes to continue without assurances of future compensation. This is not a valid legal basis for withdrawal under Rule 1.4. If counsel is allowed to withdraw now while holding out the possibility of negotiating the lien later, I will have no leverage in that negotiation. My ability to retain new counsel will depend entirely on the terms she chooses to propose. That is not a fair or workable solution. The lien issue must be resolved now, not left open-ended, or I may be left permanently unable to continue this case.

12. While I remain opposed to withdrawal without conditions, I recognize that counsel has expressed a strong desire to exit the case. In light of that, I respectfully offer the following

2

alternative: If the Court finds that counsel has not demonstrated just cause for withdrawal — and accordingly denies the request for a charging lien — I will consent to her removal. This allows counsel to exit as requested, but without prejudicing my ability to obtain new representation. I believe this represents a fair and workable resolution that permits the case to continue.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 11, 2025

*Sarah Goolden*

Sarah Goolden
Pro Se Plaintiff

215 Thompson st

#125

New York, NY 10012

646-954-8077

3