UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH GOOLDEN,

Plaintiff, Counterclaim-Defendant

v.                                    Case No. 1:19-cv-06257 (ALC)(VF)

HAMED WARDAK,

Defendant, Counterclaim-Plaintiff


Hon. Valerie Figueredo

United States Magistrate Judge

Southern District of New York

500 Pearl Street

New York, NY 10007


Re: Goolden v. Wardak, Case No. 1:19-cv-06257 (ALC)(VF)


Dear Judge Figueredo:

I write to respectfully request leave of the Court to file the enclosed motion pro se, for the limited purpose of seeking relief that is time-sensitive and necessary to protect my rights in a related proceeding recently filed by Defendant in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County Florida, 2024-011574-CA-010 (Exhibit A).

Although my current counsel has moved to withdraw, they have not yet been relieved by the Court and have declined to file any new motions on my behalf pending resolution of that request. I am therefore unable to seek necessary relief through counsel at this time.

The enclosed motion seeks to (1) enforce the Protective Order previously entered in this case; (2) amend the Protective Order to allow use of discovery materials in my defense in the Florida litigation; and (3) impose sanctions on Defendant for using discovery material produced in this case to initiate that Florida action.

I respectfully request the Court's permission to file this motion pro se for this limited purpose only. I do not intend to proceed pro se for the remainder of this matter.

Thank you for your consideration.

Respectfully submitted,

Sarah Goolden

*Sarah Goolden*

Pro Se for this motion only

sarah.goolden@gmail.com

215 Thompson St.
#125
New York, NY 10012
646.954.8077
August 5, 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH GOOLDEN,

Plaintiff, Counterclaim-Defendant

v.                                          Case No. 1:19-cv-06257 (ALC)(VF)

HAMED WARDAK,

Defendant, Counterclaim-Plaintiff

MOTION TO MODIFY PROTECTIVE ORDER AND FOR SANCTIONS

Pro Se Movant Sarah Goolden respectfully submits this motion to request a modification of the
Protective Order entered in this action (ECF No. 66) to permit her to use all relevant discovery
materials—including deposition transcripts—for the limited purpose of defending herself in a
newly filed civil lawsuit brought by Defendant Hamed Wardak in Florida state court (Exhibit A).

This request is narrowly tailored and seeks no public disclosure of protected materials beyond
their use in the Florida litigation in case number 2024-011574-CA-01. I am not seeking to lift the
protective order generally, but only to allow for cross-use of materials necessary for my defense
in the newly filed case, which arises out of issues already being litigated here.

Although the video in question was not marked 'Confidential,' it was produced solely through
discovery in this proceeding and has never been made public. The Protective Order limits use of
discovery materials to this litigation. Movant seeks a modification to permit her to use these
materials—including the video and deposition transcripts—to defend against claims made by
Defendant in the Florida litigation.

Furthermore, Movant respectfully seeks sanctions against Defendant for violating the protective
order and acting in bad faith conduct. Wardak used materials produced in discovery without
requesting permission from the court or seeking to amend the confidentiality order in place.

After previously claiming that he was harmed by the production of the video and successfully
moving this Court for sanctions based on its late disclosure, Defendant has now acted in bad
faith and used that very same video to initiate a new lawsuit against Movant in Florida. This new
action alleges that this video, which was never made public and was only produced in
compliance with a discovery order, was created to blackmail Wardak and he seeks damages,
despite having accepted court-ordered relief in this matter.

As a result of the Florida lawsuit, I have been forced to incur significant additional legal fees,
defend myself in a second forum, and respond again to issues already litigated in this case. In

this proceeding, I sat for an additional deposition specifically to address questions about the video in question. Despite this, Defendant is now seeking to depose me again (Exhibit B) in Florida about the very same video, while also pursuing new discovery that effectively re-litigates the same facts and issues (Exhibit C, Exhibit D).These are not the actions of a litigant who was harmed by the video, but rather of one misusing the legal process to harass and financially drain an opposing party. Defendant's conduct in pursuing new, costly litigation in Florida and seeking duplicative depositions is inconsistent with claims of being seriously "damaged" solely by the late production in this proceeding. Logically, someone seeking to minimize legal expenses would not voluntarily incur new litigation and more legal fees about the very same issues.

Courts have long recognized that discovery materials obtained in one federal proceeding may not be used in another without prior approval. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34–36 (1984); Martindell v. ITT, 594 F.2d 291 (2d Cir. 1979); Palmieri v. State of N.Y., 779 F.2d 861, 866 (2d Cir. 1985). These principles apply even where materials are not marked confidential, as courts retain discretion under Rule 26(c) to limit their use outside the proceeding.

Regarding sanctions, the Court possesses inherent authority as well as specific remedies under Rule 37(b) for sanctions when a party violates protective orders or engages in bad faith litigation conduct. Sanctions serve to deter abuse and ensure compliance with court orders, including prohibitions on the unauthorized use of discovery materials. The defendant's use of discovery video material obtained under protective order solely for harassment or duplicative litigation constitutes bad faith warranting sanctions. See Martindell v. ITT, 594 F.2d 291 (2d Cir. 1979); Palmieri v. State of N.Y., 779 F.2d 861 (2d Cir. 1985).

Accordingly, I respectfully request that the Court:

1. Modify the Protective Order to permit my use of discovery materials—including the subject video and depositions—for the sole purpose of defending myself in the Florida litigation initiated by Defendant (CASE NO.: 2024-011574-CA-01);

2. Impose sanctions against Defendant for bad faith litigation conduct, including requiring him to pay my attorney's fees and litigation costs incurred in defending the Florida case;

3. Issue an order requesting or recommending that the Florida court stay its proceedings pending resolution of this motion or until further order of this Court;

4. Reconsider, stay, or offset its prior decision awarding sanctions to Defendant based on the late production of the video, in light of Defendant's subsequent inconsistent and abusive conduct;

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Sarah Goolden

Pro Se for this motion only

sarah.goolden@gmail.com

215 Thompson St.
#125
New York, NY 10012
(646-954-8077)
August 5, 2025

Filing # 201112106 E-Filed 06/21/2024 04:45:58 PM

Exhibit A

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

HAMED WARDAK,

     Plaintiff,

v.

SARAH GOOLDEN,

     Defendant.

_____/

## COMPLAINT

Plaintiff Hamed Wardak ("Plaintiff") sues Defendant Sarah Goolden ("Defendant") and alleges:

### JURISDICTION, PARTIES, AND VENUE

1.    This is a civil cause of action under Fla. Stat. § 934.10, which provides a remedy for unlawful interception of wire, oral, or electronic communications in violation of Fla. Stat. § 934.03.

2.    The Court has subject matter jurisdiction over this matter as it is an action for damages that exceed $50,000.00, exclusive of interest, costs, and attorneys' fees.

3.    The Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193.

4.    Venue is proper in this Court pursuant to Fla. Stat. § 47.011, because the actions and events upon which this action is based occurred in Miami-Dade County, Florida and the claims arose in Miami-Dade County, Florida.

5.    All conditions precedent to the filing of this action have occurred, have been fulfilled or have been waived.



BRODSKY FOTIU-WOJTOWICZ

Exhibit A

6.    Plaintiff has retained the undersigned attorneys to represent him in this action and is obligated to pay his attorneys a reasonable fee for their services in this matter.

## GENERAL ALLEGATIONS

7.    Plaintiff and Defendant were involved in a personal relationship in 2018.

8.    In July 2018, Defendant travelled for a weekend visit to Plaintiff's home in Miami-Dade County, Florida.

9.    On the morning of July 8, 2018, while in Plaintiff's bedroom in his home, using her mobile device, Defendant surreptitiously made an audio-visual recording of a discussion between Plaintiff and Defendant regarding their relationship and other issues of a personal nature.

10.    Defendant did not advise Plaintiff that she was making an audio-visual recording of their discussion, nor did she obtain consent from Plaintiff to make this recording.

11.    Plaintiff had a reasonable expectation of privacy with respect to his discussion with Defendant in the bedroom of his home.

12.    Defendant made the recording for the improper purpose of attempting to create "blackmail" to use against Plaintiff in the future.

13.    In fact, in July 2019, Defendant instituted a frivolous and bad faith suit against Plaintiff for an alleged sexual assault that she claimed occurred the day before the illegal recording was made.  Because the illegal recording affirmatively disproves Defendant's false allegations against Plaintiff, she did not produce it in the litigation until the very end of June 2022, three years after she filed suit.  This was the first time Plaintiff discovered that he had been illegally recorded in the bedroom of his home.

14.    Plaintiff believes that Defendant may have surreptitiously and illegally recorded him in other instances.

BFW

BRODSKY FOTIU-WOJTOWICZ

*Exhibit A* (handwritten)

## COUNT I
### Violation of Fla. Stat. § 934.03

15.    Plaintiff incorporates the allegations in paragraphs 1 through 14 above, as if fully set forth herein.

16.    In violation of Fla. Stat. § 934.03, on the morning of July 8, 2018, Defendant surreptitiously recorded Plaintiff's oral communications without his knowledge and consent.

17.    Plaintiff had a reasonable expectation of privacy with respect to the surreptitiously recorded discussion with Defendant in the bedroom of his home.

18.    Plaintiff did not learn of Defendant's surreptitious and illegal recording until July 2022.

19.    Defendant's unlawful conduct has caused Plaintiff damages.

WHEREFORE, Plaintiff requests that judgment be entered against Defendant, awarding relief as follows:

a.    Preliminary or equitable or declaratory relief as may be appropriate;

b.    Actual damages, but not less than liquidated damages computed at the rate of $100.00 a day for each day of violation or $1,000.00, whichever is higher;

c.    Punitive damages in an amount to be determined by the factfinder at trial; and

d.    Reasonable attorneys' fees and other litigation costs reasonably incurred.

Dated:  June 21, 2024.

**B F W**
BRODSKY FOTIU-WOJTOWICZ

Exhibit    A

Respectfully submitted,

By: /s/    *Benjamin H. Brodsky*
Benjamin H. Brodsky, Esq., FBN 73748
Brodsky Fotiu-Wojtowicz, PLLC
*Counsel for Plaintiff*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel:  305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
docketing@bfwlegal.com

4

Filing # 228443047 E-Filed 07/31/2025 10:54:29 AM

Exhibit B

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAMED WARDAK,                              CASE NO.: 2024-011574-CA-01

     Plaintiff,

v.

SARAH GOOLDEN,

     Defendant.

_____/

## RE-NOTICE OF TAKING VIDEOTAPED DEPOSITION

PLEASE TAKE NOTICE that at the below listed time and place, Plaintiff Hamed

Wardak ("Wardak"), by and through undersigned counsel, will take the deposition of:

| NAME OF DEPONENT | DATE & TIME | PLACE OF DEPOSITION |
|---|---|---|
| Sarah Goolden | August 19, 2025 10:00am ET | Zoom Videoconference (Link to be circulated) |

Upon oral examination before U.S Legal or any other notary public or officer authorized by

law to take depositions. The oral examination will continue from day to day until complete. The

deposition will be recorded by stenographic means and video recording. This deposition is being taken

for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules

of Court.

BFW

BRODSKY FOTIU-WOJTOWICZ

Exhibit B

Respectfully submitted,

By: /s/ *Deanna Oswald*
Benjamin H. Brodsky, Esq.
Florida Bar No. 73748
Deanna Lee Oswald, Esq.
Florida Bar No. 72621
Brodsky Fotiu-Wojtowicz, PLLC
*Counsel for Plaintiff*
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel: 305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
deanna@bfwlegal.com
docketing@bfwlegal.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished by the Florida Courts e-filing

Portal pursuant to Fla. R. Jud. Admin. 2.516(b)(1), this 31st day of July 2025 to the following:

Robert Garson, Esq.
**GS2Law, PLLC**
20803 Biscayne Blvd., Suite 405
Aventura, FL 33180
Tel: 305-780-5212
Fax: 347-537-4540
rg@gs2law.com
dockets@gs2law.com
njg@gs2law.com

By: /s/ *Deanna Oswald*
Deanna Lee Oswald, Esq.

2

BFW

BRODSKY FOTIU-WOJTOWICZ

Filing # 223384359 E-Filed 05/19/2025 10:10:52 AM

Exhibit C

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAMED WARDAK,                              CASE NO.: 2024-011574-CA-01

      Plaintiff,

v.

SARAH GOOLDEN,

      Defendant.

_____/

### PLAINTIFF WARDAK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

      Plaintiff Hamed Wardak requests that Defendant Sarah Goolden produce the documents requested below for inspection and copying at the offices of the undersigned within the time required by the Florida Rules of Civil Procedure.

### INSTRUCTIONS

      1.    The documents requested herein shall be produced at the offices of Brodsky Fotiu-Wojtowicz, PLLC, 44 West Flagler Street, Suite 2200, Miami, FL 33130.

      2.    Each request for documents seeks production of all documents described, including all drafts and non-identical copies.

      3.    Each request for a document contemplates production of the document in its entirety, without abbreviation or expurgation, and with any other documents or attachments to which it is or ever was attached.

      4.    In responding to this Request for Production, furnish all responsive documents that are in your possession, custody, or control, regardless of the location of the document, including but not limited to documents that you have the right, authority, or ability to obtain.



BRODSKY FOTIU-WOJTOWICZ

Exhibit C

5.     If you withhold all or any part of a document by claiming that it is privileged or subject to protection as trial preparation material, make the claim expressly and describe the nature of the documents not produced in a manner that, without revealing information itself privileged or protected, will enable the Defendant to assess the applicability of the privilege or protection.

6.     If any information or document requested herein was formerly in your possession, custody or control and has been lost, destroyed, discarded, or otherwise disposed of, you are requested to submit in lieu of any such information or document a written statement: (a) describing in detail the nature of the information or document and its contents; (b) identifying the person or entity who prepared the information or document and, if applicable, the person to whom the information or document was transmitted or sent, and indicate carbon or blind copies; (c) specifying the date on which the information or document was prepared and/or transmitted; (d) specifying the date on which the information or document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the persons requesting and performing such destruction.

7.     To the extent that any responsive information or materials are located subsequent to the time of production, Plaintiff shall produce such additional material in accordance with the Federal Rules of Civil Procedure.

## DEFINITIONS

1.     The term "You," "Your," or "Yourself" shall include Defendant Sarah Goolden and any of her authorized agents, representatives, and any other person(s) acting for, or on her behalf, or under her authority or control.

2

**B F W**

BRODSKY FOTIU-WOJTOWICZ

Exhibit C

2.     The word "person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

3.     The singular includes the plural and vice versa; the terms "and" or "or" are both conjunctive and disjunctive; and the term "including" means "including without limitation."

4.     The singular and masculine form of nouns and pronouns shall embrace, and be read and applied as including, the plural, feminine or neuter, as circumstances may make appropriate.

5.     The word "date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

6.     The word "documents" means the original and any non-identical copy, regardless of origin or location, of communications or any writing or record of any type or description in the possession, custody or control of you or of any other person or persons, representatives, agents or attorneys acting on behalf of you, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any non-identical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work-sheets, receipts, returns, computer print-outs, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts,

3

BFW

BRODSKY FOTIU-WOJTOWICZ

Exhibit C

working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter, and copies of non-paper information storage means, such as tape, film or computer memory devices in readable form. **"Documents" includes "communications," defined below.**

7.      The term "communications" shall be construed in its broadest sense and means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations and recordings, letters, correspondence, notes, telegrams, facsimiles, electronic mail (email), text messaging, WhatsApp messaging, LinkedIn messaging, any other chat-based conversations or social media platforms, memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

8.      The terms "regarding," "relating to," "concerning" or "evidencing" mean relating to, referring to, reflecting, tending to establish, recording, memorializing, constituting, supporting, mentioning, or concerning in any way, directly or indirectly.

### ITEMS REQUESTED

1.  Produce for inspection and copying all iPhones and iPads You possessed at any point during 2018.

2.  Produce any forensic copies of any iPhone, iPad, or other electronic device that You possessed during the year 2018.

3.  For all Your Apple IDs or Apple accounts that were active or in use at any point during the year 2018, produce documents reflecting:

4



BRODSKY FOTIU-WOJTOWICZ

Exhibit C

     a.  All device registration data associated with each of Your Apple IDs or Apple accounts;

     b.  All audio and video recordings stored in Your iCloud account;

     c.  A log or record of iOS Device Backups associated with each of Your Apple IDs, Apple accounts, and iCloud accounts.

4.  All audio or video recordings that include an oral communication uttered by Plaintiff Hamed Wardak.

5.  All non-privileged communications You sent or received relating to the existence of the July 8, 2018, video recording that is the subject matter of this action, or to its creation, or its distribution.

BFW

BRODSKY FOTIU-WOJTOWICZ

Exhibit C

Respectfully submitted,

By: /s/ *Deanna Oswald*
Benjamin H. Brodsky, Esq.
Florida Bar No. 73748
Deanna Lee Oswald, Esq.
Florida Bar No. 72621
Brodsky Fotiu-Wojtowicz, PLLC
*Counsel for Plaintiff*
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel: 305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
deanna@bfwlegal.com
docketing@bfwlegal.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished by the Florida Courts e-filing

Portal pursuant to Fla. R. Jud. Admin. 2.516(b)(1), this 19th day of May 2025 to the following:

Robert Garson, Esq.
**GS2Law, PLLC**
20803 Biscayne Blvd., Suite 405
Aventura, FL 33180
Tel: 305-780-5212
Fax: 347-537-4540
rg@gs2law.com
dockets@gs2law.com
njg@gs2law.com

By: /s/ *Deanna Oswald*
Deanna Lee Oswald, Esq.

6



BRODSKY FOTIU-WOJTOWICZ

Exhibit D

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAMED WARDAK,                          CASE NO.: 2024-011574-CA-01

     Plaintiff,

v.

SARAH GOOLDEN,

     Defendant.

_____/

## PLAINTIFF WARDAK'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Hamed Wardak requests that Defendant Sarah Goolden produce the documents requested below for inspection and copying at the offices of the undersigned within the time required by the Florida Rules of Civil Procedure.

### INSTRUCTIONS

1.    The documents requested herein shall be produced at the offices of Brodsky Fotiu-Wojtowicz, PLLC, 44 West Flagler Street, Suite 2200, Miami, FL 33130.

2.    Each request for documents seeks production of all documents described, including all drafts and non-identical copies.

3.    Each request for a document contemplates production of the document in its entirety, without abbreviation or expurgation, and with any other documents or attachments to which it is or ever was attached.

4.    In responding to this Request for Production, furnish all responsive documents that are in your possession, custody, or control, regardless of the location of the document, including but not limited to documents that you have the right, authority, or ability to obtain.



BRODSKY FOTIU-WOJTOWICZ

Exhibit D

5.    If you withhold all or any part of a document by claiming that it is privileged or subject to protection as trial preparation material, make the claim expressly and describe the nature of the documents not produced in a manner that, without revealing information itself privileged or protected, will enable the Defendant to assess the applicability of the privilege or protection.

6.    If any information or document requested herein was formerly in your possession, custody or control and has been lost, destroyed, discarded, or otherwise disposed of, you are requested to submit in lieu of any such information or document a written statement: (a) describing in detail the nature of the information or document and its contents; (b) identifying the person or entity who prepared the information or document and, if applicable, the person to whom the information or document was transmitted or sent, and indicate carbon or blind copies; (c) specifying the date on which the information or document was prepared and/or transmitted; (d) specifying the date on which the information or document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the persons requesting and performing such destruction.

7.    To the extent that any responsive information or materials are located subsequent to the time of production, Defendant shall produce such additional material in accordance with the Federal Rules of Civil Procedure.

## **DEFINITIONS**

1.    The term "You," "Your," or "Yourself" shall include Defendant Sarah Goolden and any of her authorized agents, representatives, and any other person(s) acting for, or on her behalf, or under her authority or control.

2.    The word "person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

2



BRODSKY FOTIU-WOJTOWICZ

Exhibit D

3.    The singular includes the plural and vice versa; the terms "and" or "or" are both conjunctive and disjunctive; and the term "including" means "including without limitation."

4.    The singular and masculine form of nouns and pronouns shall embrace, and be read and applied as including, the plural, feminine or neuter, as circumstances may make appropriate.

5.    The word "date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

6.    The word "documents" means the original and any non-identical copy, regardless of origin or location, of communications or any writing or record of any type or description in the possession, custody or control of you or of any other person or persons, representatives, agents or attorneys acting on behalf of you, whether relating to fact, opinion, event, recollection or intention, whether draft or final, original or reproduction, including but not limited to the original and any non-identical copy of the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: affidavits, agreements, communications, correspondence, telegrams, memoranda, letters, interoffice or intra-office communications, statements, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or records, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work-sheets, receipts, returns, computer print-outs, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases, studies, surveys, notebooks, charts, graphs, certificates, licenses, drawings, drafts, working papers, applications, resumes, pamphlets, books, periodicals, photographs, tapes, discs, data sheets or data processing cards, or any other written, recorded, transcribed, filmed, or graphic matter, and copies of non-paper information storage means, such as tape, film or computer memory



BRODSKY FOTIU-WOJTOWICZ

Exhibit D

devices in readable form. **"Documents" includes "communications," defined below.**

7.      The term "communications" shall be construed in its broadest sense and means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations and recordings, letters, correspondence, notes, telegrams, facsimiles, electronic mail (email), text messaging, WhatsApp messaging, LinkedIn messaging, any other chat-based conversations or social media platforms, memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

8.      The terms "regarding," "relating to," "concerning" or "evidencing" mean relating to, referring to, reflecting, tending to establish, recording, memorializing, constituting, supporting, mentioning, or concerning in any way, directly or indirectly.

9.      The timeline for these requests is January 1, 2017, until Present.

### ITEMS REQUESTED

1.      All communications with any person in which You discussed, mentioned, or referenced recording Plaintiff Wardak.

2.      All communications in which You shared or offered to share recordings of Plaintiff Wardak.

3.      All social media posts, uploads, or communications on any platform that reference a recording of Plaintiff Wardak that You created, shared, or uploaded.

BFW

BRODSKY FOTIU-WOJTOWICZ

Exhibit D

Respectfully submitted,

By: /s/ Deanna Oswald
Benjamin H. Brodsky, Esq.
Florida Bar No. 73748
Deanna Lee Oswald, Esq.
Florida Bar No. 72621
Brodsky Fotiu-Wojtowicz, PLLC
*Counsel for Plaintiff*
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel: 305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
deanna@bfwlegal.com
docketing@bfwlegal.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished by the Florida Courts e-filing Portal pursuant to Fla. R. Jud. Admin. 2.516(b)(1), this 27th day of June, 2025 to the following:

Robert Garson, Esq.
**GS2Law, PLLC**
20803 Biscayne Blvd., Suite 405
Aventura, FL 33180
Tel: 305-780-5212
Fax: 347-537-4540
rg@gs2law.com
dockets@gs2law.com
njg@gs2law.com

By: /s/ Deanna Oswald
Deanna Lee Oswald, Esq.

5



BRODSKY FOTIU-WOJTOWICZ