

August 14, 2025

**By ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>Sarah Goolden v. Hamed Wardak</u>
              1:19 Civ. 06257 (ALC) (VF)

Dear Judge Figueredo:

      We represent the defendant, Hamed Wardak ("Defendant") in the above-referenced matter. We write in response to the letter filed *pro se* by plaintiff Sarah Goolden ("Plaintiff" and together with Defendant, the "Parties") on August 13, 2025. (ECF No. 260.)

      **Background**

      On May 8, 2024, this Court issued an opinion and order granting in part Defendant's motion for sanctions against Plaintiff. The Court ordered, among other things, that Defendant's motion "is GRANTED to the extent it seeks preclusion of Defendant's deposition. . . . Defendant's deposition will be redone in its entirety. Defendant's requests for an award of attorney's fees and costs is GRANTED. Plaintiff is ordered to pay the reasonable attorney's fees and costs as discussed herein." (ECF No. 208, at 15).

      Thereafter, Plaintiff sought to pursue that aspect of the Court's order regarding retaking Defendant's deposition, and simultaneously to delay and/or evade that aspect of the Court's order requiring payment of reasonable attorney's fees and costs Defendant incurred in consequence of Plaintiff's discovery violation. In connection with this tact, Plaintiff retook Defendant's deposition over two days, on January 30 and 31, 2025. Plaintiff also stated that additional discovery may be forthcoming, but never provided any such discovery. (ECF No. 234). At the same time, Plaintiff purported to dispute the reasonableness of the attorney's fees Defendant paid in consequence of Plaintiff's sanctionable and sanctioned discovery violation, without ever providing any substantive basis for such dispute. Then, after the Court set a motion schedule on the issue (ECF No. 232), and Defendant filed a moving brief and supporting materials (ECF Nos. 236-38), Plaintiff never responded. Instead, Plaintiff sought and obtained stay via stipulation, claiming it was needed in light of her counsel's motion to withdraw. (ECF Nos. 244, 245).

      Since the stay, the effect of which is that Plaintiff has continued to evade and delay this Court's order of fifteen months ago, Plaintiff has managed to prepare and submit multiple



substantive filings, *pro se*, on other matters. In her latest filing, yesterday evening, Plaintiff seeks (1) a modification of the protective order to permit her to use discovery materials in a litigation in Florida, and (2) sanctions for Defendant's use of a video recording Plaintiff produced in this action in the litigation in Florida. (ECF No. 260).

The Florida action to which Plaintiff refers is pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County Florida, under the caption *Hamed Wardak v. Sarah Goolden*, Case No.: 2024-011574-CA-01 (the "Florida case"). The action concerns Ms. Goolden's unauthorized video and audio recording of Mr. Wardak in Florida, without Mr. Wardak's knowledge or consent, which is a crime and an intentional statutory tort in Florida.

**Discussion**

Plaintiff's motion for sanctions is without merit, and based on a mistaken premise. Plaintiff states: "Although the video in question was not marked 'Confidential,' it was produced solely through discovery in this proceeding and has never been made public. The protective order limits use of discovery materials to this litigation." (ECF No. 260, at 3). Plaintiff is wrong. The protective order governs discovery that a party designates "confidential," and does not limit use of other discovery materials to this litigation. (*See* Protective Order (ECF No. 66.)) Use of the video recording (the taking of which by Plaintiff was a crime and statutory tort in Florida) in connection with the Florida case is not violative of the protective order in this case.

The cases Plaintiff cites do not support her argument. In each of the cases cited by Plaintiff, the discovery materials at issue fell within a protective order or other court order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984); *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 292 (2d Cir. 1979); *Palmieri v. State of N.Y.*, 779 F.2d 861, 862 (2d Cir. 1985). As discussed above, that is not the case here. Accordingly, Plaintiff's motion for sanctions should be denied.

Plaintiff also incorrectly states that Defendant acted in "bad faith" in bringing the Florida case. Plaintiff is wrong. The Florida case arises out of Ms. Goolden's criminal and tortious conduct. To the extent that Ms. Goolden seeks to challenge the merits of the Florida case, in which she has counsel, such challenge should be brought in that case, not here.

Regarding modification of the protective order here to allow for use of confidential discovery materials in the Florida case, this is a matter that has been under discussion with counsel for both parties in the Florida case. Such modification would be necessary, and, from Defendant's perspective, would need to be mutual and accompanied by a concomitant protective order in the Florida case. In her motion yesterday evening, however, Plaintiff requests that the Court modify the Protective Order to permit only her use of discovery materials from this case in the Florida case, and does not address the maintenance of confidentiality in the Florida action. She further asserts that the modification she seeks is necessary to defend against a "bad faith" lawsuit, which is incorrect. Accordingly, we oppose Plaintiff's request.

Lastly, in light of Plaintiff's letter attempting to affirmatively litigate aspects of this matter that she seeks to pursue, we respectfully request that the Court issue a scheduling order addressing

Hon. Valerie Figueredo
August 14, 2025
Page 3 of 3



the following: (1) the date by which Plaintiff must respond to Defendant's motion for reasonable attorney's fees, which were already ordered by this Court fifteen months ago (ECF Nos. 236-238); (2) the date for conclusion of discovery; and (3) a summary judgment briefing schedule to promptly follow the date for conclusion of discovery.

      We thank the Court for its consideration.

                Respectfully submitted,
                YANKWITT LLP

        By: _____
                Benjamin Allee

Cc:    All parties (by ECF)