**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
SARAH GOOLDEN

                                    Plaintiff,                    **19-CV-6257 (ALC) (VF)**

                -against-                                          <u>**OPINION AND ORDER**</u>

HAMED WARDAK,

                                    Defendant.
-----------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge**

      Pending before the Court is a motion by Carrie Ann Goldberg, seeking permission for herself and her firm to withdraw as counsel for Plaintiff Sarah Goolden. ECF Nos. 240, 240-1, 252. Plaintiff opposes the request. ECF Nos. 243, 253. For the reasons stated herein, the motion to withdraw is **DENIED**.

<u>**BACKGROUND**</u>

      On May 8, 2024, the Court issued an opinion and order, in which Plaintiff was directed to pay Defendant's reasonable attorney's fees and costs incurred by Defendant in filing a motion for sanctions against Plaintiff. ECF No. 208. Defendant's motion for sanctions stemmed from the untimely disclosure by Plaintiff of a video recording of Defendant contained in Plaintiff's old cell phone, which Plaintiff did not produce until after the first day of Defendant's deposition. <u>Id.</u> at 4-5. Although the Court concluded that the untimely disclosure was negligent or inadvertent, and thus did not warrant the harsh sanction of preclusion sought by Defendant, the Court nevertheless determined that Defendant was entitled to an award of costs and attorney's fees in connection with his deposition and the sanctions motion. <u>Id.</u> at 10-14.

      Because the parties could not agree on the amount of reasonable attorney's fees (<u>see</u> ECF No. 226), Defendant filed a motion for attorney's fees on March 3, 2025. ECF Nos. 236-38.

Defendant seeks an award of attorney's fees and costs in the amount of $176,169.30. ECF No. 237 at 12. The parties have agreed to stay all deadlines pending resolution of the instant motion to withdraw; Plaintiff has not yet filed an opposition to the motion for attorneys' fees. ECF No. 245.

On March 7, 2025, Ms. Goldberg submitted a declaration in support of her motion to withdraw as counsel. ECF No. 240-1. As Ms. Goldberg explains, she and her firm agreed to represent Plaintiff on a contingency-fee basis in this case involving claims of sexual assault and rape against Defendant Hamed Wardak. Id. at ¶ 2. The Court was provided a copy, *ex parte*, of the agreement between Ms. Goldberg and Plaintiff.

In her declaration, Ms. Goldberg states that she has "zealously represented [Plaintiff] for nearly five years," but she has "reached a point of irreconcilable conflict with [Plaintiff] regarding this litigation, strategy, and the scope of the fee agreement in light of the unforeseeable detours in this litigation." Id. at ¶ 12. Ms. Goldberg explains that this case "has involved unforeseeable complexities, international travel, expenses, and significant detours from the normal course of litigation which have at times created a hardship and major burden for [her] small law firm." Id. at ¶ 13. Ms. Goldberg's firm will "assert common law retaining liens and statutory charging liens under New York law." Id. at ¶ 18.

On March 12, 2025, Plaintiff opposed Ms. Goldberg's motion. ECF No. 243. Plaintiff contends that Ms. Goldberg has not demonstrated satisfactory reasons for withdrawal, as required by Local Civil Rule 1.4. Id. at 1. According to Plaintiff, there has been no irreconcilable breakdown in the attorney-client relationship "beyond counsel's sudden and unilateral attempt to renegotiate the contingency fee agreement at this late stage of the proceeding." Id. Plaintiff further indicates that on March 4, 2025, Ms. Goldberg sent her an email asking that Plaintiff start

paying an hourly rate for further legal work, despite the existing contingency fee agreement. Id. at 2. After Plaintiff informed Ms. Goldberg that she declined to alter their agreement, Ms. Goldberg informed Plaintiff that she would move to withdraw as counsel from the case. Id. at 3. Plaintiff states that there has been "no disagreements in terms of litigation or strategy." Id.

On March 14, 2025, Ms. Goldberg filed a declaration in response to Plaintiff's opposition to the motion to withdraw. ECF No. 246. In her declaration, Ms. Goldberg explains that her firm has spent 120.45 hours "just in navigating the discovery violation" that resulted in the Court's May 8, 2024 Opinion, and incurred $22,000 in expenses "during that period of time through the present." Id. at ¶ 7. She adds that her firm's "total time spent on this case amounts to at least 5x" the 120 hours expended on the discovery issue. Id.

Ms. Goldberg acknowledges that she sought "contribution" from Plaintiff, explaining that the contribution "would have been for opposing the Defendant's legal fees motion," in part, because opposing such a motion is "tedious" and "would involve a substantial amount of time." Id. at ¶¶ 8-9. Additionally, Ms. Goldberg states that Plaintiff "has been threatening" arbitration since June 24, 2024, when Ms. Goldberg first raised the issue with Plaintiff about "contribution for the considerable attorney time or deposition expenses" that her firm had already incurred and would continue to incur. Id. at ¶¶ 10-12. Ms. Goldberg adds that Plaintiff's conduct related to the discovery violation cost the law firm "significant time and expenses that [she] never could have predicted when [she] agreed to be [Plaintiff's] attorney five years ago." Id. at ¶ 14.

The Court held a conference with Plaintiff and Ms. Goldberg to address the withdrawal motion on April 7, 2025. ECF No. 254. At that conference, Plaintiff indicated that the dispute between her and Ms. Goldberg was a "fee dispute," because Ms. Goldberg had "asked [her] to start paying hourly" and that "directly contradicted [the] contingency agreement." Id. at 9.

Plaintiff indicated that if Ms. Goldberg is allowed to withdraw and the charging lien is left unresolved, she will be unable to find new representation and proceed with the case. Id. at 10. According to Plaintiff, she has spoken to six attorneys, but every attorney has declined to take the case "unless a lien is resolved," because none wants to have to "battle later for the chance to get paid."[1] Id. at 10-11, 20. The attorneys have expressed to Plaintiff that the case already had "five years of complex litigation" and it would be "too much work to get . . . up to speed . . . at the end of discovery." Id. at 11.

At the conference, Ms. Goldberg reiterated her position that there had been a breakdown in the attorney-client relationship necessitating withdrawal, and that she did not "feel" that she could "zealously represent [Plaintiff]" any longer. Id. at 3-4. Ms. Goldberg further indicated that the "very grounds that required" the sanction against Plaintiff for the discovery violation played "a significant role in" her decision to make a motion to withdraw. Id. at 8. Additionally, Ms. Goldberg added that she did not "feel" that Defendant's motion for fees "is part of the core matters of this lawsuit" and arose from Plaintiff's conduct, she wanted Plaintiff to "have skin in the game" in the form of payment of an hourly rate for the work performed. Id. at 14.

Following the conference, the Court entered an order, directing Ms. Goldberg to submit an affidavit indicating whether she was asserting a retaining or charging lien. ECF No. 251. On April 10, 2025, Ms. Goldberg submitted a declaration indicating that her firm "shall not be asserting a retaining lien." ECF No. 252 at ¶ 2. Ms. Goldberg further states that if the motion to withdraw is granted, her firm "is entitled to a charging lien," but she is "more than happy to consider alternative contractual arrangements with [Plaintiff] and incoming counsel." Id. at ¶¶ 3,

---

[1] By the time of the conference on August 14, 2025, Plaintiff represented that she had spoken to about a dozen attorneys.

7-8. Ms. Goldberg added that her firm has thus far spent 522 hours on Plaintiff's case and has incurred $41,680 in out-of-pocket expenses. Id. at ¶ 4.

On August 14, 2025, the Court held a second conference with Ms. Goldberg and Plaintiff to address the motion.

## **DISCUSSION**

A.  Motion to Withdraw

In this District, Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the withdrawal of counsel. Under Rule 1.4, an attorney "may be relieved . . . only by order of the court." Local Civ. R. 1.4. The Court may grant such an order "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien." Id.

When considering whether to grant a motion to withdraw under Rule 1.4, courts analyze two factors: whether there are satisfactory "reasons for the withdrawal and the impact of the withdrawal on the timing of the proceeding." Winkfield v. Kirschenbaum & Phillips, P.C., No. 12-CV-7424 (JMF), 2013 WL 371673, *1 (S.D.N.Y. Jan. 29, 2013). "The Court may also examine likely prejudice to the client, whether the motion is opposed, and whether the unpaid representation has become a severe financial hardship to the firm." Id. (internal quotation marks omitted) (quoting Stair v. Calhoun, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010)). "Where discovery has not yet closed and the case is not 'on the verge of trial readiness,' prejudice is unlikely to be found." Id. (quoting Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011)). "Although there is no definitive standard for what constitutes a satisfactory reason for allowing a withdrawal, some possible reasons include failure to pay legal fees, a client's lack of cooperation, including lack of

communication with counsel, and the existence of an irreconcilable conflict between attorney and client." Allstate Ins. Co. v. Spina, No. 20-CV-1959 (KMK), 2020 WL 7753266, at *1 (S.D.N.Y. July 27, 2020) (internal quotation marks and citations omitted). Whether to grant a motion to withdraw is a decision left to the "sound discretion of the trial court." Marciano v. DCH Auto Grp., No. 11-CV-9635 (KMK), 2016 WL 11703590, at *1 (S.D.N.Y. Feb. 2, 2016) (internal quotation marks and citations omitted).

B.  Charging Lien

Under New York Judiciary Law Section 475, "[f]rom the commencement of an action . . . the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, . . ., settlement, judgment or final order in his or her client's favor." N.Y. Judiciary Law § 475; see also Stair, 722 F. Supp. 2d at 267 (explaining that Judiciary Law Section 475 governs attorney charging lines in federal courts sitting in New York). "Counsel who withdraw voluntarily are entitled to enforce this charging lien, provided that the withdrawal is for good and sufficient cause." Karimian v. Time Equities, Inc., No. 10-CV-3773 (AKH) (JCF), 2011 WL 1900092, at *4 (S.D.N.Y. May 11, 2011) (internal quotation marks and citations omitted). If an attorney withdraws without "good cause" or is discharged with "good cause," the attorney loses the ability to assert a charging lien. Hallmark Capital Corp. v. Red Rose Collection, Inc., No. 96-CV-2839 (RPP) (AJP), 1997 WL 661146, at *3 (S.D.N.Y. Oct. 21, 1997). The good cause standard under Judiciary Law Section 475 and the "satisfactory reasons" standard under Local Rule 1.4 are different. Id. "While a finding of 'good cause' for charging lien purposes by definition would include 'satisfactory reasons' for withdrawal under Local Civil Rule 1.4, the converse is not necessarily true." Id.

C.  Application

Ms. Goldberg seeks to withdraw as counsel for several reasons. First, she asserts that

there has been a breakdown in the attorney-client relationship and her relationship with Plaintiff

has "reached a point of irreconcilable conflict . . . regarding this litigation, strategy, and the

scope of the fee agreement in light of the unforeseeable detours in this litigation." ECF No. 240-

1 at ¶ 12. Second, Ms. Goldberg states that this case "has involved unforeseeable complexities,

international travel, expenses, and significant detours from the normal course of litigation which

have at times created a hardship and major burden for [her] small law firm." Id. at ¶ 13. And

finally, Ms. Goldberg points to the discovery violation that resulted in an award of attorney's

fees to Defendant. ECF No. 254 at 8. For the reasons discussed below, Ms. Goldberg has not set

forth satisfactory reasons for withdrawal.

      1.  *Irreconcilable Differences*

Although irreconcilable differences or a breakdown in the attorney-client relationship

may be a basis to allow an attorney to withdraw, see Allstate Ins. Co., 2020 WL 7753266, at *1,

Ms. Goldberg has failed to demonstrate that either has occurred here. Irreconcilable differences

may be shown when a party will not communicate with counsel or when there are "serious

disagreements over litigation strategy." See, e.g. Hancock v. County of Suffolk, No. 06-CV-1716

(DRH) (ETB), 2007 WL 4180805, at *1 (E.D.N.Y. Nov. 20, 2007) (noting counsel's withdrawal

"due to 'irreconcilable differences' consisting of the cessation of all communication with counsel

which severely impaired counsel's ability to comply with the defendants' discovery demands and

otherwise consult and assist in the litigation process"); City Merch. Inc. v. Tian Tian Trading

Inc., No. 19-CV-09649 (MKV), 2021 WL 119075, at *3-4 (S.D.N.Y. Jan. 13, 2021) (granting

motion to withdraw where counsels' disagreements with defendants over case strategy were

"insurmountable" and could force counsel to violate ethical duties and be subject to sanctions).

In her declaration, Ms. Goldberg indicated that there had been a break down in the attorney-client relationship because it has "reached a point of irreconcilable conflict . . . regarding this litigation, strategy, and the scope of the fee agreement in light of the unforeseeable detours in this litigation." ECF No. 240-1 at ¶ 12. But it is apparent from discussions at the two conferences, as well as from Plaintiff's opposition to the motion, that the irreconcilable conflict does not concern a lack of communication by Plaintiff or disagreement over legal strategy. Instead, the irreconcilable conflict appears to center around Ms. Goldberg's request that Plaintiff agree to alter their contingency fee agreement and begin paying an hourly fee. Indeed, when asked by the Court to provide specifics about the nature of the breakdown in communications, Ms. Goldberg merely indicated that she did not feel she could represent Plaintiff "to a jury in a way that is going to lead to a successful outcome in this case" and  did not "feel like [she is] fully trusting of the attorney-client relationship that [she has] with [Plaintiff]." ECF No. 254 at 4. Ms. Goldberg did not indicate that Plaintiff was refusing to communicate or that Plaintiff was advocating for a litigation strategy that counsel disagreed with. Nor did Ms. Goldberg provide any specific incidents or factual details to support her allegation that she could not trust the attorney-client relationship.[2] Ms. Goldberg has thus failed to substantiate her assertion that there has been a breakdown in the attorney-client relationship sufficient to warrant withdrawal. See Wilson v. Pasquale's DaMarino's, Inc., No. 10-CV-2709 (PGG), 2018 WL 4761574, at *10 (S.D.N.Y. Sept. 30, 2018) (denying motion to withdraw where counsels' "declarations do not demonstrate that the attorney-client relationship is irretrievably broken or that all Defendants are

---

[2] At the conference on August 14, 2025, the Court again gave Ms. Goldberg an opportunity to provide additional factual details to explain her assertion that there had been a breakdown in the attorney-client relationship or irreconcilable differences. None were provided. Instead, Ms. Goldberg pointed to the discovery violation. But as discussed herein, see infra at 11-12, does not present grounds for withdrawal.

8

refusing to communicate with the [f]irm, because they do not provide sufficient details concerning the efforts [the firm] has made to communicate with the [d]efendants it represents"); Chen v. Best Miyako Sushi Corp., No. 16-CV-02012 (JGK) (BCM), 2017 WL 11698623, at *3 (S.D.N.Y. June 12, 2017) (denying motion to withdraw where "[o]n the present record, the Court cannot conclude that the relationship between [counsel] and his clients is so irretrievably damaged as to require withdrawal" even where client stopped communicating with counsel for a period of months during settlement discussions); Hunte v. Anders, No. 05-CV-1017 (JBA), 2009 WL 3273291, at *5 (D. Conn. Oct. 8, 2009) (denying counsel's request to withdraw where counsel provided "no factual basis" for the assertion that "the attorney-client relationship has broken down and the break down [was] irreconcilable").

    2. *Unforeseeable Complexities*

Ms. Goldberg also points to "unforeseen complexities" as a basis for withdrawal. She states that this case "has involved unforeseeable complexities, international travel, expenses, and significant detours from the normal course of litigation which have at times created a hardship and major burden for [her] small law firm." ECF No. 240-1 at ¶ 13. But according to her retainer agreement with Plaintiff, Ms. Goldberg's firm specifically agreed to pay *all costs and expenses* of this action. These costs included travel and lodging expenses, as well as other expenses reasonably necessary for the proper performance of legal services. By entering into a contingency fee agreement, Ms. Goldberg assumed the risk that she would not recover payment if the litigation did not result in recovery for Plaintiff. To the extent there was unexpected travel, expenses, or detours from the normal course of litigation, Ms. Goldberg "bore the risk of this litigation when [she] accepted it on a contingency basis" and agreed to bear all costs and expenses. Laprade v. Blackrock Fin. Mgmt., Inc., No. 99-CV-9288 (WHP), 2002 WL 31499244,

at *4 (S.D.N.Y. Mar. 28, 2002); Tal Dagan, MD, PC, v. Resolutions Billing & Consulting, Inc.,

No. 24-CV-0632 (JAV), 2025 WL 1902320, at *2 (S.D.N.Y. July 9, 2025) (noting that counsel

assumed the risk that they may not recover fees when agreeing to represent client on a

contingency basis); see also Haines v. Liggett Grp., Inc., 814 F. Supp. 414, 427 (D.N.J. 1993)

(noting that "having contracted with [Plaintiff] on a contingency fee basis, [counsel] cannot now

walk away from the contract because the case may not generate the return it expected at the

outset").

Courts consistently deny withdrawal motions when attorneys seek to escape the risks they

contractually assumed in contingency fee arrangements. See, e.g., Hernandez v. Fresh Diet Inc.,

No. 12-CV-4339 (ALC), 2018 WL 3491693, at *2 (S.D.N.Y. July 20, 2018) (denying motion to

withdraw and explaining that "[t]he mere fact that the retainer is not as profitable as first

imagined, however, is no excuse for withdrawal") (internal quotation marks and citations

omitted); Markman v. City of New York, No. 13-CV-6843 (BMC), 2015 WL 9462098, at *4

(E.D.N.Y. Dec. 23, 2015) (denying motion to withdraw where "counsel knew or should have

known exactly what he was getting into when he agreed to appear in this action, and should not

be relieved of that choice simply because the case has gone badly"); see also Holcombe v. US

Airways Grp., Inc., No. 08-CV-1593 (SLT) (JO), 2017 WL 10084142, at *14 (E.D.N.Y. Aug. 4,

2017) (noting that "the retainer agreement did not give [counsel] the right to demand interim

payment of litigation costs and expenses").

To be sure, courts will allow an attorney to withdraw when there is a dispute over the

payment of legal fees. See Fischer v. Biman Bangladesh Airlines, No. 96-CV-3120 (SHS) (AJP),

1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) (noting that non-payment of legal fees is a

valid basis for the court to grant withdrawal motion). But "courts have permitted counsel to

withdraw for lack of payment only where the client either deliberately disregarded financial obligations or failed to cooperate with counsel." United States v. Stein, 488 F. Supp. 2d 370, 373 (S.D.N.Y. 2007) (denying motion to withdraw where it was not clear that the client deliberately disregarded his legal fees) (internal quotation marks and citations omitted). Here, the dispute over legal fees does not stem from Plaintiff's disregard of her financial obligations. It instead stems from Ms. Goldberg's request that Plaintiff alter the contingency fee agreement and pay an hourly rate for legal work going forward. ECF No. 243 at 1 (explaining that Ms. Goldberg "sudden[ly] and unilateral[ly] attempt[ed] to renegotiate the contingency fee agreement"); see also ECF No. 254 at 14 (Ms. Goldberg acknowledging that she asked for contribution from Plaintiff to oppose the motion for attorney's fees). But "[d]isputing the amount owed is not a refusal to pay." Dar v. Nadel & Assocs., P.C., 5 Misc. 3d 1016(A), 2004 WL 2624612, at *5 (Kings Cnty. Civ. Ct. 2004). Plaintiff's refusal to pay these requested fees beyond what the contingency fee agreement requires does not create sufficient grounds for withdrawal. See id. (noting that "withdrawal is not permitted when the client refuses to pay additional fees that the attorney is not entitled to collect"); Nicolas v. buildON, Inc., No. 22-CV-4803 (ENV) (RML), 2024 WL 5718123, at *4, *6 (E.D.N.Y. Mar. 11, 2024) (concluding that there was not good cause for withdrawal where, among other things, counsel changed the terms of the retainer agreement "[d]ue to this 'volume of work and the additional motion practice,'" but "according to the terms of the retainer agreement, it does not appear that [counsel] was entitled to shift into charging her client an hourly rate of $350").

      3.  *Discovery Violation*

        Lastly, Plaintiff's discovery violation does not present grounds for withdrawal. Ms. Goldberg cites the discovery violation that resulted in an award of attorney's fees to Defendant

as providing good cause for withdrawal. ECF No. 254 at 8; ECF No. 246 at ¶ 17. However, as the Court concluded, Plaintiff's discovery violation was not willful, and Plaintiff provided a "credible explanation for the untimely disclosure." ECF No. 208 at 13. Indeed, when opposing Defendant's motion for sanctions, Ms. Goldberg's firm stated that "there is no indication that Plaintiff tried to deprive Defendant or the Court of relevant evidence" and "Plaintiff's conduct [did] not imply bad faith." ECF No. 202 at 12. Having vigorously defended Plaintiff's conduct, Ms. Goldberg cannot now rely on that conduct to suggest it justifies her withdrawal from the case. And any unforeseen costs that stemmed from Plaintiff's discovery violation, as already discussed, are costs for which Ms. Goldberg assumed the risk under the contingency fee agreement.

4. *Prejudice to Plaintiff*

Generally, "[c]ourts are more likely to deny a motion to withdraw when a case is on the eve of trial but less likely to find prejudice to a client if discovery is still ongoing." In re WB Bridge Hotel LLC, 656 B.R. 733, 743 (S.D.N.Y. 2024); Crescit Mortg. Cap., LLC v. Emerald Bay Apartments, LLC, No. 22-CV-10263 (DEH), 2024 WL 5710647, at *1 (S.D.N.Y. Apr. 25, 2024) ("A Court may deny an application for withdrawal where allowing counsel to withdraw would be too disruptive or cause too much delay, especially when the case is on the verge of trial.") (internal quotation marks and citations omitted). Although not on the eve of trial, this case is over five years old, there has been extensive discovery, and the parties have sought multiple extensions of the fact discovery deadline. See, e.g., ECF No. 235. Fact discovery is nearly complete. Id. New counsel would need time to become familiar with the facts of the case before the litigation can continue. Ms. Goldberg's withdrawal would inevitably delay resolution of the case even further. At this juncture, delay only prejudices Plaintiff. See Hernandez, 2018 WL

3491693, at *2 (denying motion to withdraw and noting that the case has been pending for six years and withdrawal "would cause unnecessary delay to this case, further jeopardizing the possibility of any resolution"); Sec. & Exch. Comm'n v. Great Am. Techs., Inc., No. 07-CV-10694 (DC), 2009 WL 4885153, at *5 (S.D.N.Y. Dec. 15, 2009) (denying motion to withdraw where "withdrawal would necessarily lead to further delays in the completion of this case" and noting that the court had granted at least five discovery extensions); Flannigan v. Vulcan Power Grp. LLC, No. 09-CV-8473 (LAP), 2023 WL 2986870, at *3 (S.D.N.Y. Apr. 18, 2023) (denying motion to withdraw and noting that "[g]iven the length of time that the case has gone on and the voluminous nature of the docket, the amount of time required to get any substitute counsel up to speed would be disruptive to the proceedings"); Moroughan v. Cnty. of Suffolk, 320 F. Supp. 3d 511, 516 (E.D.N.Y. 2018) (noting that the "prejudice to the [p]laintiff here is not only the further postponement of this six-year[-]old case, but the toll on the memories of witnesses as this case lags").

Additionally, Ms. Goldberg's ability to assert a charging lien if she withdraws is preventing Plaintiff from obtaining a new attorney. As Plaintiff indicates, every attorney she has spoken to has indicated their unwillingness to assume the representation if the charging lien is unresolved because of the risk that given the substantial litigation that has occurred, the charging lien will be significant. ECF No. 254 at 10-11. Plaintiff indicated during the conference on August 14 that she has contacted approximately a dozen attorneys and none has been willing to take on the representation without resolution of the charging lien. Plaintiff would thus be prejudiced by withdrawal because, as Plaintiff indicated during the conferences, if she cannot retain new counsel she would be forced to proceed pro se or dismiss her suit.

In sum, Ms. Goldberg has failed to show satisfactory reasons for withdrawal.

## CONCLUSION

For the foregoing reasons, Ms. Goldberg's motion to withdraw as counsel is **DENIED**.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 240.

**SO ORDERED.**

DATED:       New York, New York
             August 15, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

14