UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH GOOLDEN,<br><br>                Plaintiff, Counterclaim-Defendant<br><br>-against-<br><br>HAMED WARDAK,<br><br>                Defendant, Counterclaim-Plaintiff. | 19-CV-6257 (ALC) (VF) |

**PLAINTIFF/COUNTERCLAIM-DEFENDANT SARAH GOOLDEN'S
MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION
FOR ATTORNEYS' FEES**

C.A. GOLDBERG, PLLC
16 Court Street.,
33rd Floor
Brooklyn, NY 11241
Tel.: (646)-666-8908
Fax: (914) 487-5000
*Counsel for Plaintiff /
Counterclaim Defendant
Sarah Goollden*

## PRELIMINARY STATEMENT

Defendant seeks an extraordinary $176,169.30 in attorneys' fees and costs arising from Plaintiff's late production of a cellphone video recording. While the Court has already determined that Plaintiff's failure warranted sanctions under Rule 37, the fees sought must still be "reasonable" and limited to expenses actually "caused by" the late procudtion. See *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017). Here, Defendant's fee request is excessive, duplicative, and disproportionate. Defendant's counsel claims more than 311 hours of work over eighteen months — including multiple attorneys billing at premium rates for routine discovery tasks. The hours claimed are disproportionate to the scope of the sanction and reflect overstaffing, duplication, and inefficiencies. Moreover, the hourly rates sought — including $750 per hour for partner time and $350 per hour for an associate with only one to two years' experience — exceed the prevailing market rates in this District for comparable work. Courts in the Southern District of New York and the Second Circuit consistently reduce fee requests where billing reflects over-lawyering, unnecessary work, or disproportionate effort. See, e.g., *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994); *Green v. City of New York*, 403 F. App'x 626, 630 (2d Cir. 2010).

Accordingly, Plaintiff respectfully submits that Defendant's request should be reduced substantially to reflect only the reasonable fees directly caused by Plaintiff's late disclosure.

## FACTUAL BACKGROUND

In support of Plaintiff's Opposition to Defendant's Motion for Attorney's Fees, and to provide this Honorable Court with the necessary factual background, Plaintiff refers this Court to the Declaration of Aurore DeCarlo, its referenced Exhibit A, and Exhibit B, which is a schedule of fees provided to Plaintiff by Defendant in June 2024, all of which are filed herewith.

## ARGUMENT

### I. Legal Standard

Rule 37(c)(1) permits recovery only for expenses "caused by" the discovery failure. Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 108 (2017). "[T]he court can shift only those attorney's fees incurred because of the misconduct at issue. Compensation for a wrong, after all, tracks the loss resulting from that wrong." Id. Courts in this Circuit strictly apply the "but-for" test, disallowing unrelated or excessive work. See Katz v. Mogus, 2019 WL 4125001, at *4 (S.D.N.Y. Aug. 30, 2019) (limiting recovery to "reasonable expenses directly resulting from the discovery violation"). In calculating recoverable fees, Courts in the Southern District of New York apply the "lodestar" method, multiplying the reasonable hours expended by a "reasonable hourly rate." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). In determining the "reasonable rate," courts must determine the "rate a client would be willing to pay," considering that a "paying client wishes to spend the minimum necessary to litigate the case effectively," and such rate should "reflect the prevailing market rates for counsel of similar experience and skill." Id. The court has "broad discretion" to adjust the lodestar to account for inefficiencies, duplication of effort, or excessive billing. Hensley v. Eckerhart, 461 U.S. 424, 434

(1983); <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany</u>, 522 F.3d 182, 190 (2d Cir. 2008). The party seeking fees bears the burden of establishing both the reasonableness of the hours claimed and the prevailing market rate. <u>Carey v. City of New York</u>, 711 F.2d 1136, 1147–48 (2d Cir. 1983).

**II. Attorneys' Fees Must Be Limited to Work "Caused By" the Discovery**

This Court's May 8, 2024 order identified three specific categories of recoverable work:

1. Plaintiff's deposition regarding the video;
2. The sanctions motion itself; and
3. The first day of Defendant's deposition.

(Doc. No.208).Any work beyond these categories is not compensable, as it falls outside the scope of what the Court deemed sanctionable. By claiming 311 hours covering nearly every aspect of discovery and motion practice, Defendant improperly seeks a windfall.

Rule 37(c)(1) authorizes sanctions in the form of "the reasonable expenses, including attorney's fees, caused by the failure" to disclose information. Fed. R. Civ. P. 37(c)(1)(A). The Supreme Court has made clear that fee-shifting sanctions must be tethered to the actual misconduct at issue: the award must be limited to "the fees the innocent party incurred solely because of the misconduct." <u>Goodyear</u>, 581 U.S. at 108. This requires a "but-for" causation standard: would the party have incurred the fees if not for the discovery violation? If the answer is yes, the fees are not recoverable. <u>Id</u>. at 109. The fees incurred must be a *result* of the violation; it does not permit a creative party to alchemize the late production into a fee-generating opportunity. *See* <u>Id</u>. Here, Defendant used Plaintiff's late production to generate significant

additional work that went well beyond what was necessary to adequately address the violation. Defendant's own decisions to over-litigate the discovery issue is what caused him to incur the legal fees now claimed.

The Second Circuit has likewise held that Rule 37 sanctions are compensatory, not punitive, and must be "limited to the expenses reasonably incurred because of the misconduct." Fresno Cty. Emps.' Ret. Ass'n v. Isaacson/Weaver Family Trust, 925 F.3d 63, 69 (2d Cir. 2019). Where a party seeks fees for unrelated or excessive work, courts must pare down the request to reflect only those costs directly traceable to the violation. Id.; Katz v. Mogus, 2019 WL 4125001, at *4 (S.D.N.Y. Aug. 30, 2019). By contrast, fee-shifting statutes like § 1988 or Title VII permit courts to consider broader equitable and policy goals. See Hensley, 461 U.S. at 429. That is not the standard here. Defendant's attempt to bill over $176,000 is incompatible with the "but-for" causation test required under Rule 37 and Goodyear. Accordingly, even if Defendant's rates and hours were otherwise reasonable (they are not), Rule 37 prohibits recovery of time not directly caused by Plaintiff's late production.

Here, Defendant's fee petition goes far beyond the scope of work "caused by" Plaintiff's late production of the cellphone video. Defendant treats its fee application as if this were a prevailing-party fee petition under a substantive statute. It is not. Rule 37's sanction provision is more limited: it authorizes only "reasonable expenses, including attorney's fees, caused by" the discovery violation. Fed. R. Civ. P. 37(b)(2)(C). Courts have consistently held that sanctions under Rule 37 are compensatory, not punitive, and must be strictly tied to the costs directly caused by the misconduct.

Here, Defendant seeks to recover for:

- **Routine status conferences and correspondence** with the Court that would have occurred regardless of Plaintiff's late production.
- **Extensive forensic expert analysis** and related communications with experts that go beyond what was needed to authenticate or review a single video recording.
- **Prolonged motion practice and letter writing** that Defendant himself escalated rather than resolving efficiently. *See* DeCarlo Declaration.
- **Numerous repeated internal meetings and check-ins** that were excessive in light of the relatively simple nature of the discovery violation, which occurred while fact discovery was still open. *See* DeCarlo Declaration.

Courts in this District routinely deny recovery for such collateral expenses. For example, in Design Strategy, Inc. v. Davis, 469 F.3d 284, 300 (2d Cir. 2006), the Second Circuit affirmed the denial of fees where the requested costs were not strictly attributable to the discovery violation. Similarly, in New Pac. Overseas Group (U.S.A.) Inc. v. Excal Int'l Dev. Corp., 2000 WL 27995, at *3 (S.D.N.Y. Jan. 14, 2000), the court limited sanctions to those expenses "directly resulting from the discovery abuse" and rejected claims for unrelated attorney work.

Defendant's theory—that all of his counsel's work over 18 months even partially or tangentially related to the dispute is compensable—conflicts with this precedent. Consistent with this Court's Order (Doc. No. 208), at most, recoverable fees should include: (a) time reasonably spent preparing for and taking Plaintiff's deposition on the video; (b) limited expert review to assess the recording; and briefing of the sanctions motion, and (c) the time defending the first day of Defendant's Deposition. Everything else—including status conferences, repeated letters to the Court, and months of extended discovery skirmishing including internal team meetings,

emails, phone calls, and strategy and update discussions—is not *caused by* Plaintiff's single late production and must be excluded.

### III. The Hours Claimed Are Excessive and Not Reasonably Incurred

Defendant claims over 311 hours for a limited sanctions dispute concerning a single cellphone recording. This is far beyond what courts in this District have found reasonable for discovery disputes. The truth is simple: Defendant over-litigated the issue and seeks to recover for unnecessary and duplicative work that is a result of Defendant's own litigation choices and is not a *result* of Plaintiff's late production of the video. Both senior and junior counsel billed substantial time for attending conferences, preparing letters, emailing each other and reviewing discovery that was not the video. *See e.g.* Exh. B. Courts in this Circuit regularly disallow duplicative billing. See Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) (reducing hours where "multiple attorneys performed the same work"). Defendant spent excessive time for a limited and discrete discovery issue. Reviewing one cellphone, exchanging letters, conducting a forensic analysis, and taking one deposition could have reasonably required 40–60 hours. Instead, Defendant seeks more than 300 hours — time more consistent with full merits litigation. See Simmonds v. N.Y.C. Dep't of Corr., 2008 WL 4303474, at *6 (S.D.N.Y. Sept. 16, 2008) (reducing claimed hours where counsel devoted disproportionate time to "discrete" discovery disputes). Defendant's counsel billed extensively for preparing joint status letters, reviewing correspondence, and attending court conferences. These are routine litigation tasks that do not justify the number of hours claimed. See Lewis v. Am. Sugar Ref., Inc., 2019

WL 116420, at *6 (S.D.N.Y. Jan. 2, 2019) (reducing hours where "routine discovery tasks" were overbilled).

Courts in the Southern District have made comparable reductions to claimed hours:

- In <u>Reiter v. MTA</u>, 2007 WL 2775144, at *9 (S.D.N.Y. Sept. 25, 2007), the court reduced requested fees for a discovery motion, holding that "[t]he amount of time expended was excessive given the relatively simple issues involved."
- In <u>LV v. N.Y.C. Dep't of Educ.</u>, 700 F. Supp. 2d 510, 524 (S.D.N.Y. 2010), the court cut hours across the board where counsel "spent an inordinate amount of time on relatively straightforward tasks."
- In <u>Wise v. Kelly</u>, 620 F. Supp. 2d 435, 451 (S.D.N.Y. 2008), the court reduced time where "counsel over-litigated what should have been a narrow issue."
- In <u>Kirsch v. Fleet Street, Ltd</u>., 148 F.3d 149, 173 (2d Cir. 1998), the Second Circuit approved across-the-board cuts for "excessive, redundant, or otherwise unnecessary" hours.

Taken together, this precedent makes clear that Defendant's claimed 311 hours are not reasonable and therefore not compensable. Courts in this District repeatedly reduce inflated time where counsel treats narrow discovery disputes as opportunities for full-scale litigation. Here, a reasonable expenditure of time would have been no more than 50 hours total.

**IV. The Hourly Rates Are Excessive for This District**

Defendant seeks $750/hour for partner time and $350/hour for an associate with only one to two years' experience. These rates are excessive.

- Courts in the SDNY generally approve partner rates between $400–$600, even for experienced litigators. See Lewis, 2019 WL 116420, at *6.

- Junior associates with 1–2 years of experience are typically compensated between $175–$250/hour. See Wise, 620 F. Supp. 2d at 448.

- Courts reduce claimed rates when they exceed market norms. See Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012).

Thus, the requested rates should be reduced to no more than $600/hour for partner time and $250/hour for junior associate time.

**V. Defendant's Authorities Are Distinguishable**

Defendant's reliance on various Southern District cases does not justify the extraordinary fee request here. Each of Defendant's cited cases involved materially different circumstances — either statutory fee-shifting schemes, complex litigation, or narrower and reduced awards — and none supports awarding more than $176,000 for a single discovery dispute concerning one recording.

1. **Lewis v. Am. Sugar Refining, Inc., 2019 WL 116420 (S.D.N.Y. Jan. 2, 2019).**
   Lewis actually cuts against Defendant. There, the Court emphasized that it has "ample discretion" to reduce excessive or inefficient billing. Id. at *5–6. The Court reduced hours where counsel devoted disproportionate time to straightforward discovery tasks. That is exactly the problem here: Defendant's counsel claims 311 hours for one video recording.

2. **Reiter v. Metropolitan Transp. Authority, 2007 WL 2775144 (S.D.N.Y. Sept. 25, 2007).**

Defendant cites Reiter for the proposition that hours are judged by whether "a reasonable attorney would have engaged in similar time expenditures." But in <u>Reiter</u>, the Court actually reduced the requested hours, finding them excessive "given the relatively simple issues involved." <u>Id</u>. at *9. Here too, the issue was narrow — a single recording — and 311 hours is plainly disproportionate.

3. **<u>In re Terrorist Attacks on September 11, 2001</u>, 2015 WL 6666703 (S.D.N.Y. Oct. 28, 2015).**

Defendant cites this case for the proposition that Rule 37(c) allows recovery of fees "caused by" a discovery failure. But the Court in *Terrorist Attacks* emphasized proportionality, awarding only the fees "directly occasioned" by the failure. <u>Id</u>. at *2. Defendant ignores that limitation. The but-for test from <u>Goodyear</u> applies here and excludes duplicative billing, strategy conferences, and generalized litigation activity.

4. **<u>Reisman v. Northeastern Power & Gas LLC</u>, 720 F. Supp. 3d 279 (S.D.N.Y. 2024). and <u>Proimmune Co. v. Holista Colltech Ltd.</u>, 2024 WL 54281 (S.D.N.Y. Jan. 4, 2024).**

Both cases addressed prevailing market rates in the SDNY. Neither involved discovery sanctions or Rule 37. And in both, the Court evaluated fee requests in far more complex litigation than the present discovery dispute. That context explains why high-end partner rates were accepted. Here, the work was routine sanctions-related discovery and motion practice, not bet-the-company commercial litigation.

5. **<u>DoubleLine Capital LP v. Odebrecht Finance, Ltd.</u>, 2023 WL 2870484 (S.D.N.Y. Apr. 10, 2023).**

Defendant cites this case for the proposition that reasonable rates are "case-specific." But

in DoubleLine, the Court reduced excessive hours and highlighted the need to tailor fees to the actual complexity of the matter. Id. at *3–4. By comparison, the present dispute was narrow and did not justify 18 months of attorney time.

In short: the authorities Defendant relies upon either (1) involve statutory fee-shifting schemes inapplicable here, (2) confirm the Court's discretion to reduce excessive hours, or (3) arose in far more complex litigation contexts. None supports granting Defendant the windfall he seeks.

**VII. Courts Routinely Reduce Inflated Discovery Fee Requests**

Even where sanctions are warranted, courts in this District and Circuit have consistently reduced fee requests where counsel over-litigated discovery disputes or billed excessive hours for routine tasks.

- *Rahman v. Smith & Wollensky Rest. Grp., Inc., 2009 WL 72441, at 8 (S.D.N.Y. Jan. 7, 2009). The court reduced hours claimed for discovery motions, finding "much of the work performed was duplicative, excessive, or unnecessary to resolution of the issue."

- *Morales v. Zondo, Inc., 2001 WL 1590518, at 2 (S.D.N.Y. Dec. 12, 2001). The court cut fees by 50%, noting that counsel "chose to pursue the discovery dispute far beyond what was reasonably necessary" and could not shift the resulting inefficiency to the opposing party.

- *Scott-Iverson v. Independent Health Ass'n, Inc., 2017 WL 35452, at 6 (W.D.N.Y. Jan. 4, 2017). In a discovery sanctions context, the court found that "counsel devoted far more

time to motion practice than was reasonably required" and slashed the requested fees accordingly.

- **DeVito v. Hempstead China Shop, Inc., 831 F. Supp. 1037, 1045 (E.D.N.Y. 1993).** The court reduced fee recovery, holding that "attorneys cannot expect to foist upon their adversaries the costs of over-preparation and over-lawyering."

- **Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 175–76 (2d Cir. 2009).** While addressing fee-shifting under civil rights statutes, the Second Circuit emphasized that district courts must ensure fee awards are not a "windfall to attorneys" and must be limited to what is reasonable under the circumstances.

- **Hines v. City of Albany, 862 F.3d 215, 223 (2d Cir. 2017).** The Second Circuit affirmed a substantial reduction in requested fees, reiterating that district courts act within their discretion in cutting hours that reflect "excessive lawyering of relatively simple issues."

- **Willey v. Kirkpatrick, 801 F. Supp. 2d 144 (S.D.N.Y. 2011)**: the court reduced fees where counsel spent excessive hours on a discovery motion concerning a limited number of documents.

- **Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F. Supp. 2d 368 (S.D.N.Y. 2007)**: the court reduced lodestar where attorneys billed extensive hours for tasks that were "largely duplicative or unnecessary" in relation to the discovery dispute at issue.

- **Gurary v. Winehouse, 190 F.3d 37 (2d Cir. 1999)**: the Second Circuit emphasized that fee awards must reflect the "reasonable hours required to resolve the dispute," not the total hours counsel chose to expend.

These cases demonstrate that fee petitions are not rubber-stamped merely because a violation occurred. Courts carefully scrutinize whether the hours claimed are reasonable, and they reduce or deny recovery when counsel unnecessarily multiplies proceedings. Here, Defendant's counsel billed over **311 hours**—spanning eighteen months of letters, conferences, and duplicative expert wrangling—for what was ultimately a single late-produced video. Just as in Rahman, Morales, and *Scott*-Iverson, this Court should decline to reward such over-litigation and instead award only the limited, reasonable fees directly attributable to Plaintiff's late production of the video.

**VIII. The Court Should Reduce the Lodestar to Reflect Reasonableness**

Given the overstaffing, duplication, and inflated hours, the fee application should be reduced substantially. Courts in this Circuit often apply across-the-board percentage cuts where records are excessive or unreliable. See Kirsch, 148 F.3d at 173; Carey, 711 F.2d at 1146.

Here, Plaintiff respectfully submits that the Court should:

1. Reduce hours to no more than 50 reasonably expended;
2. Apply prevailing rates of $500/hour (partner) and $200/hour (junior associate); and
3. Limit recovery to only those expenses directly attributable to Plaintiff's late production of the video, in line with Rule 37 and Goodyear.

This results in a fee award of no more than $15,000–$20,000, consistent with the scope of the sanction and with Rule 37's requirement that only "reasonable expenses" be reimbursed as well as both precedent and the principle that sanctions should compensate, not punish.

## CONCLUSION

For the foregoing reasons, Defendant's motion for attorneys' fees should be denied in part, and any award should be limited to a substantially reduced sum reflecting reasonable hours and reasonable market rates.

Dated: Brooklyn, New York
      October 6, 2025

                                                            John Aaron Stark, Esq.
                                                            C. A. Goldberg, PLLC
                                                            16 Court Street
                                                            33rd Floor
                                                            Brooklyn, NY 11241
                                                            646-666-8908
                                                            Aaron@CAGoldbergLaw.com