UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SARAH GOOLDEN,

        Plaintiff,

v.

HAMED WARDAK,

        Defendant.

---/

CASE NO. 19-CV-6257 (ALC) (VF)

**DECLARATION OF AURORE C. DECARLO**

Pursuant to 28 U.S.C. § 1746, I, Aurore C. DeCarlo, an attorney admitted to practice in the United States District Court for the Southern District of New York, declares under penalty of perjury that the following is true and correct:

1. I am a founding a partner of Incendii Law PLLC. I was formerly employed at C.A. Goldberg PLLC, attorneys for Plaintiff/Counter-Defendant Sarah Goolden. I was lead attorney on Ms. Goolden's case during the period relevant to Defendant/Counter-Claimant Hamed Wardak's Motion for Attorney Fees (Doc. No. 236).

2. I submit this declaration to add context to the procedural and factual background that evolved after Ms. Goolden's discovery of a video in June 2022. That video depicted the parties in conversation in July 2018 and presented material relevant to the dispute at issue in this proceeding.

3. Ms. Goolden discovered this video in late June 2022 on a phone she had found in her possession. As confirmed by Defendant, the video was immediately turned over to Defendant's counsel upon its discovery on or around June 29, 2022 after the first day of Defendant's deposition.

4. Contrary to Defendant's representations, however, the parties' had not reached the end of fact discovery when the video was produced. Defendant had outstanding production demands (inclusive of physical items) that Ms. Goolden had yet to produce; Mr. Wardak's deposition had not been completed; and we intended to seek post-EBT demands for production after Mr. Wardak's first day of deposition. Fact discovery

remained completely open and would have likely not been completed for another few months. This was immediately pointed out to opposing counsel and the court on July 11, 2022 (DeCarlo Letter Response, Doc. No. 156).

5. Rather than engaging in discussions about additional discovery mechanisms to inquire about the video and the phone upon which it was found (all of which we proposed to do up front), Defendant's counsel immediately began to threaten sanctions and the dismissal of Plaintiff's claims in their entirety. (Millsaps Letter Motion, Doc. No. 152).

6. Further derailing the case's progress, just three weeks after the video was produced, Defendant's former counsel filed a motion to withdraw from the case. (Millsaps Ex Parte Motion, Doc. No. 158).

7. Defendant's current counsel filed a Notice of Appearance on September 8, 2022 (Doc. No. 164) and an Order granting substitution of attorney was issued on September 13, 2022 (Doc. No. 168).

8. In my first conversation with Defendant's new counsel and after conferencing with the court I agreed to answer questions counsel had about the discovery of the video (to the extent I could without breaching attorney/client confidentiality). In response counsel sent a list of twenty questions, many of which fished for information that would risk us violating the attorney/client privilege. (Doc. No. 171-1).

9. We communicated immediately with Defendant's counsel that their questions were too broad and invasive but advised that we had hired a forensics expert to examine the phone data and that we would share his report with them. After another conference with the court on September 28, 2022, we endeavored to find out when the phone was last used per the court's request. That information was provided to counsel within a few days and a few weeks later we filed a forensic expert's report and affidavit with the court. (Doc. No. 175). That report determined when the phone was last in use and provided additional information about the phone's usage, the phone's metadata, as well as the video file's metadata (creation date, access/modification dates etc.).

10. We took further steps to provide additional information to Defendant's counsel by providing the phone's data to Defendant's own forensics expert. We also produced additional information found on the phone that might be relevant to the matter. (January 2023 Joint Status Letter Doc. No. 180).

11. From the moment the discovery dispute arose, Plaintiff volunteered to sit for a deposition to answer any questions on the issue of the phone's discovery and the circumstances around the recording of the video. Defendant finally took Plaintiff's deposition on two dates – May 1 and May 5, 2023. (May 31, 2023 Joint Status Letter Doc. No. 188).

12. In the months that followed Plaintiff's deposition, we made every effort to resolve the discovery dispute, and did offer to consider the payment of reasonable attorney fees. However, Defendant's counsel demanded over $100,000 in fees, without any explanation or attribution to the work billed; and, continued to seek to pry into attorney/client issues. See, **Exhibit A**, Emails between DeCarlo and Allee.

13. As described in a pre-motion letter submitted to the court on August 9, 2023 (Doc. No. 196), it has been clear that since the moment this dispute arose that Defendant's only objective has been to use it to derail and delay this proceeding, sabotage Plaintiff's relationship with her attorneys, and further antagonize Plaintiff with threats of additional legal sanctions and lawsuits. (Defendant has indeed since commenced yet another lawsuit against Plaintiff in Florida state court – his fifth now in the last six years). Defendant has taken every opportunity to use his wealth and resources to drag out this legal dispute, as the record demonstrates. His five substitutions in counsel alone have delayed this litigation by months and months.

14. Defendant should not be allowed to benefit, at Plaintiff's expense, from his own dilatory tactics. From the moment the phone was handed over to Defendant's counsel <u>during fact discovery, months if not years before trial</u>, we made every effort to provide additional information about the phone, and about the video, including the phone data itself, and deposition testimony from the plaintiff within days of its production. We immediately sought to resolve the issue fairly. We immediately offered to retake Defendant's deposition and begin anew. And indeed, in deciding Defendant's motion for sanctions, the court agreed with every remedy we originally proposed. (May 8, 2024 Opinion and Order, Doc. No. 208). Although some recompensation is certainly fair, Defendant's demands seem wholly exorbitant and disproportionate.

15. I respectfully request the Court to take note of this factual and procedural background as it considers Defendant's current motion for attorney fees.

16. This Declaration is based upon my personal knowledge of the facts contained herein, as well as my knowledge as Plaintiff's former attorney.

Dated: October 6, 2025

_____
AURORE C. DECARLO