**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SARAH GOOLDEN,

        Plaintiff, Counterclaim-Defendant

  -against-

HAMED WARDAK,

        Defendant, Counterclaim-Plaintiff.

19-CV-6257 (ALC) (VF)

---

**DEFENDANT/COUNTERCLAIM-PLAINTIFF HAMED WARDAK'S**
**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF MOTION FOR ATTORNEYS' FEES**

---

YANKWITT LLP
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.: (914) 686-1500
Fax: (914) 487-5000
*Counsel for Defendant/*
*Counterclaimant Hamed Wardak*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    Plaintiff's Opposition Brief Appears Generated by AI or LLM ........................................ 2

        A.    Plaintiff's Opposition Brief Contains Cases That Do Not Exist ............................... 2

        B.    The Quoted Material Does Not Exist in the Majority of the Cases Cited in Plaintiff's Opposition Brief ................................................................................... 3

        C.    Real Precedent Supports Defendant's Position ......................................................... 5

    II.    The Fees Charged by Defendant's Counsel are Appropriate and Proportionate ................. 6

        A.    The Fees Requested are Limited to Work "Caused By" the Discovery Violation ..... 6

        B.    The Hours Spent by Defendant's Counsel on the Discovery Violation Are Reasonable ................................................................................................................. 7

    III.    The Rates Charged by Defendant's Counsel are Below Standard ..................................... 8

    IV.    This was the Sum of Attorney's Fees Paid by Defendant in Consequence of Plaintiff's Discovery Violation ............................................................................................ 9

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                     **Page(s)**

*Design Strategy, Inc. v. Davis*,
   469 F.3d 284 (2d Cir. 2006) .................................................................................................... 7

*DeVito v. Hempstead China Shop, Inc.*,
   831 F. Supp. 1037 (E.D.N.Y. 1993) ......................................................................................... 4

*Fashion Exch. LLC v. Hybrid Promotions, LLC*,
   2020 WL 4750600 (S.D.N.Y. Aug. 17, 2020) .......................................................................... 8

*Fresno Cnty. Employees' Ret. Ass'n v. Isaacson/Weaver Fam. Tr.*,
   925 F.3d 63 (2d Cir. 2019) ................................................................................................... 3, 7

*Goodyear Tire & Rubber Co. v. Haeger*,
   581 U.S. 101 (2017) ................................................................................................................. 7

*Gurary v. Winehouse*,
   190 F.3d 37 (2d Cir. 1999) ....................................................................................................... 5

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ................................................................................................................. 3

*Hines v. City of Albany*,
   862 F.3d 215 (2d Cir. 2017) ..................................................................................................... 4

*In re Terrorist Attacks on Sept. 11, 2001*,
   2015 WL 6666703 (S.D.N.Y. Oct. 28, 2015)........................................................................ 4, 5

*Laba v. JBO Worldwide Supply Pty Ltd*,
   2023 WL 4985290 (S.D.N.Y. July 19, 2023) .......................................................................... 7

*Lewis v. Am. Sugar Ref., Inc.*,
   2019 WL 116420 (S.D.N.Y. Jan. 2, 2019) ...................................................................... 4, 5, 8

*LV v. New York City Dep't of Educ.*,
   700 F. Supp. 2d 510 (S.D.N.Y. 2010) ...................................................................................... 4

*Millea v. Metro-North R.R. Co.*,
   658 F. 3d 154 (2d Cir. 2011) .................................................................................................... 3

*Proimmune Company, LLC v. Holista Colltech Ltd.*,
   2024 WL 54281 (S.D.N.Y. Jan. 4, 2024) ................................................................................. 9

*Rahman v. The Smith & Wollensky Rest. Grp., Inc.*,
   2009 WL 72441 (S.D.N.Y. Jan. 7, 2009) ................................................................................. 4

*Reisman v. Northeastern Power & Gas LLC*,
   720 F. Supp. 3d 279 (S.D.N.Y. 2024) .................................................................................. 5, 9

*Reiter v. Metro. Transp. Auth. of State of New York*,
  2007 WL 2775144 (S.D.N.Y. Sept. 25, 2007) ............................................................................. 4, 8

*Rozell v. Ross-Holst*,
  576 F. Supp. 2d 527 (S.D.N.Y. 2008) ........................................................................................... 3

*Sharbat v. Iovance Biotherapeutics, Inc.*,
  2024 WL 2078390 (S.D.N.Y. May 9, 2024) ................................................................................. 9

*Simmonds v. New York City Dep't of Corr.*,
  2008 WL 4303474 (S.D.N.Y. Sept. 16, 2008) .......................................................................... 4, 8

*Simmons v. New York City Transit Auth.*,
  575 F.3d 170 (2d Cir. 2009) .......................................................................................................... 4

*United States ex rel. Nichols v. Computer Scis. Corp.*,
  499 F. Supp. 3d 32 (S.D.N.Y. 2020) ............................................................................................. 9

*Wise v. Kelly*,
  620 F. Supp. 2d 435 (S.D.N.Y. 2008) ...................................................................................... 4, 8

**Rules**

Fed. R. Civ. P. 11 ................................................................................................................................ 1

Fed. R. Civ. P. 26 ................................................................................................................................ 1

Fed. R. Civ. P. 37 ................................................................................................................................ 1

Defendant/Counterclaim Plaintiff Hamed Wardak ("Defendant") respectfully submits this reply memorandum of law in further support of his motion for attorneys' fees (the "Motion") against Plaintiff/Counterclaim Defendant Sarah Goolden ("Plaintiff"), pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and the Court's Opinion and Order of May 8, 2024, granting Defendant's Motion for Discovery Sanctions (the "Order") (Dkt. No. 208).[1]

## PRELIMINARY STATEMENT

As a preliminary matter, Plaintiff's Opposition Brief cites multiple cases and quotations that, upon investigation, appear to be entirely fabricated. Several cited cases do not exist, and the quoted language appears nowhere in the cited law. This is a serious breach of Plaintiff's counsel's duty of candor and a clear violation of Rule 11(b). Defendant should not be forced to incur the expense of responding to such fictitious authority. At minimum, the Court should disregard Plaintiff's Opposition Brief in its entirety. Defendant also reserves the right to seek sanctions under Rule 11 and other applicable authority.

Plaintiff's conduct—both in her discovery violations and in her attempt to defend them with fabricated authority—has imposed a very real burden on Defendant. For over 18 months, Defendant has been forced to pursue basic discovery compliance that should have occurred without court intervention. Plaintiff's brief continues this pattern by presenting imaginary precedent as though it binds this Court, wasting further judicial resources and prolonging this already unnecessary litigation. In stark contrast, Defendant has acted in good faith throughout. In September 2022, Defendant sought to resolve the dispute informally through a detailed letter to

---

[1] "Moving Brief" or "Br." refers to Defendant/Counterclaim-Plaintiff's Memorandum of Law in Support of Motion for Attorneys' Fees (Doc. No. 237). "Opposition Brief" or "Opp." refers to Plaintiff/Counterclaim-Defendant's Memorandum of Law in Opposition to Defendant's Motion for Attorneys' Fees (Doc. No. 267). Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Moving Brief.

1

Plaintiff's counsel. Plaintiff refused to respond. Everything that followed—court appearances, expert retention, and motion practice—was a direct consequence of that refusal.

Plaintiff's reliance on fabricated precedent only confirms the weakness of Plaintiff's position and the strength of Defendant's. Defendant's counsel's requested attorneys' fees are not an attempt to collect hypothetical fees. The fees and costs sought are the direct result of Plaintiff's prolonged, obstructive, and now demonstrably misleading conduct. Under well-settled law and in the interest of fairness, Defendant's requested fees should be awarded in full.

## ARGUMENT

### I.    Plaintiff's Opposition Brief Appears Generated by AI or LLM

#### A.    Plaintiff's Opposition Brief Contains Cases That Do Not Exist

First, Plaintiff's Opposition Brief is replete with non-existent case citations. After a diligent search, Defendant has been unable to locate the following 6 cases cited by Plaintiff:

- *Katz v. Mogus*, 2019 WL 4125001 (S.D.N.Y. Aug. 30, 2019) (*see* Opp. at 3, 5[2]);

- *New Pac. Overseas Group (U.S.A.) Inc. v. Excal Int'l Dev. Corp.*, 2000 WL 27995, at *3 (S.D.N.Y. Jan 14, 2000) (*see* Opp. at 6);

- *Morales v. Zondo, Inc.*, 2001 WL 1590518, at 2 (S.D.N.Y. Dec. 12, 2001) (*see* Opp. at 11, 13);

- *Scott-Iverson v. Independent Health Ass'n, Inc.*, 2017 WL 35452, at 6 (W.D.N.Y. Jan. 4, 2017) (*see* Opp. at 11, 13);

- *Willey v. Kirkpatrick*, 801 F. Supp. 2d 144 (S.D.N.Y. 2011) (*see* Opp. at 12); and

- *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F. Supp. 2d 368 (S.D.N.Y. 2007) (*see* Opp. at 12).

---

[2] Plaintiff's Opposition Brief does not contain page numbers. Reference to page numbers in the Opposition Brief corresponds to the ECF page number listed in the top right corner of the page.

Four of these case citations are citations to entirely different cases.[3]  Based on these fabricated cases, the Court should disregard Plaintiff's Opposition Brief in full.

### B. The Quoted Material Does Not Exist in the Majority of the Cases Cited in Plaintiff's Opposition Brief

*Next*, the majority of the material quoted in Plaintiff's Opposition Brief does not exist in any of the cited cases. *See* Table 1.

|  | Table 1 |
|---|---|---|
| **Opp. Page No.** | **Case Name** | **Quote** |
| 3 | *Katz v. Mogus*, 2019 WL 4125001, at *4 (S.D.N.Y. Aug. 30, 2019) | "but-for"; "reasonable expenses directly resulting from the discovery violation" |
| 3 | *Millea v. Metro-North R.R. Co.*, 658 F. 3d 154, 166 (2d Cir. 2011) | "rate a client would be willing to pay"; "paying client wishes to spend the minimum necessary to litigate the case effectively"; "reflect the prevailing market rates for counsel of similar experience and skill" |
| 3 | *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) | "broad discretion"[4] |
| 5 | *Fresno Cnty. Employees' Ret. Ass'n v. Isaacson/Weaver Fam. Tr.*, 925 F.3d 63, 69 (2d Cir. 2019) | "limited to the expenses reasonably incurred because of the misconduct" |
| 6 | *New Pac. Overseas Group (U.S.A.) Inc. v. Excal Int'l Dev. Corp.*, 2000 WL 27995, at *3 (S.D.N.Y. Jan 14, 2000) | "directly resulting from the discovery abuse" |
| 7 | *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) | "multiple attorneys performed the same work" |

---

[3] (1) *Morales v. Zondo, Inc.*, 2001 WL 1590518, at 2 (S.D.N.Y. Dec. 12, 2001) (*see* Opp. at 11, 13) is reported as *White v. OSI Collection Servs., Inc.*, 2001 WL 1590518 (E.D.N.Y. Nov. 5, 2001); (2) *Scott-Iverson v. Independent Health Ass'n, Inc.*, 2017 WL 35452, at 6 (W.D.N.Y. Jan. 4, 2017) (*see* Opp. at 11, 13), is reported as *Green v. Avis Budget Grp., Inc.*, 2017 WL 35452 (W.D.N.Y. Jan. 4, 2017); (3) *Willey v. Kirkpatrick*, 801 F. Supp. 2d 144 (S.D.N.Y. 2011) (*see* Opp. at 12), is reported as a page of the case *W.G. v. New York City Dep't of Educ.*, 801 F. Supp. 2d 142 (S.D.N.Y. 2011); and (4) *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F. Supp. 2d 368 (S.D.N.Y. 2007) (*see* Opp. at 12), is reported as *AstraZeneca AB v. Impax Lab'ys, Inc.*, 490 F. Supp. 2d 368 (S.D.N.Y. 2007).

[4] While the term "broad discretion" is used on page 454 of *Hensley*'s Concurrence in Part, no where in the opinion or on page 434 does the Court use the term.

| | | |
|---|---|---|
| 7 | *Simmonds v. New York City Dep't of Corr.*, 2008 WL 4303474, at *6 (S.D.N.Y. Sept. 16, 2008) | "discrete" |
| 7-8 | *Lewis v. Am. Sugar Ref., Inc.*, 2019 WL 116420, at *6 (S.D.N.Y. Jan. 2, 2019) | "routine discovery tasks" |
| 8 | *Reiter v. Metro. Transp. Auth. of State of New York*, 2007 WL 2775144, at *9 (S.D.N.Y. Sept. 25, 2007) | "[t]he amount of time expended was excessive given the relatively simple issues involved" |
| 8 | *LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 524 (S.D.N.Y. 2010) | "spent an inordinate amount of time on relatively straightforward tasks" |
| 8 | *Wise v. Kelly*, 620 F. Supp. 2d 435, 451 (S.D.N.Y. 2008) | "counsel over-litigated what should have been a narrow issue" |
| 9-10 | *Reiter v. Metro. Transp. Auth. of State of New York*, 2007 WL 2775144 (S.D.N.Y. Sept. 25, 2007) | "given the relatively simple issues involved" |
| 10 | *In re Terrorist Attacks on Sept. 11, 2001*, 2015 WL 6666703 (S.D.N.Y. Oct. 28, 2015) | "directly occasioned" |
| 11 | *Rahman v. The Smith & Wollensky Rest. Grp., Inc.*, 2009 WL 72441 (S.D.N.Y. Jan. 7, 2009) | "much of the work performed was duplicative, excessive, or unnecessary to resolution of the issue" |
| 11 | *Morales v. Zondo, Inc.*, 2001 WL 1590518, at 2 (S.D.N.Y. Dec. 12, 2001) | "chose to pursue the discovery dispute far beyond what was reasonably necessary" |
| 11-12 | *Scott-Iverson v. Independent Health Ass'n, Inc.*, 2017 WL 35452, at 6 (W.D.N.Y. Jan. 4, 2017) | "counsel devoted far more time to motion practice than was reasonably required" |
| 12 | *DeVito v. Hempstead China Shop, Inc.*, 831 F. Supp. 1037 (E.D.N.Y. 1993) | "attorneys cannot expect to foist upon their adversaries the costs of over-preparation and over-lawyering" |
| 12 | *Simmons v. New York City Transit Auth.*, 575 F.3d 170 (2d Cir. 2009) | "windfall to attorneys" |
| 12 | *Hines v. City of Albany*, 862 F.3d 215 (2d Cir. 2017) | "excessive lawyering of relatively simple issues" |
| 12 | *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F. Supp. 2d 368 (S.D.N.Y. 2007) | "largely duplicative or unnecessary" |

| 12 | *Gurary v. Winehouse*, 190 F.3d 37 (2d Cir. 1999) | "reasonable hours required to resolve the dispute" |

Based on this multitude of fabricated case law, the Court should disregard Plaintiff's Opposition Brief in full.

### C. Real Precedent Supports Defendant's Position

*Finally*, real precedent supports Defendant's position that the costs and attorneys' fees he has paid due to Plaintiff's discovery violation are reasonable and should be awarded in full. As explained in Defendant's Moving Brief, Defendant's counsel's rates of $750 per hour for an experienced partner and $350 per hour for an associate fall well within the accepted range and therefore align with established precedent. (Br. at 10 (quoting *Reisman v. Northeastern Power & Gas LLC*, 720 F. Supp. 3d 279, 293-94 (S.D.N.Y. 2024)).)

Precedent likewise confirms that the hours expended were reasonable under the circumstances. In Defendant's Moving Brief, Defendant explained that courts have "'ample discretion' to [determine the reasonableness of the hours expended] 'based on its knowledge of an action's complexity and scope, [and] whether the hours billed reflect the degree of effort reasonably needed to prevail in the litigation.'" (Br. at 9 (quoting *Lewis v. American Sugar Refining, Inc.*, 2019 WL 116420, at *5 (S.D.N.Y. Jan. 2, 2019)).) Moreover, any attorneys' fees awarded must be "'caused by the [discovery] failure.'" (Br. at 9 (quoting *In re Terrorist Attacks on September 11, 2001*, 2015 WL 6666703, at *2 (S.D.N.Y. Oct. 28, 2015)).) Here, the extensive hours were necessitated by Plaintiff's ongoing refusal to cooperate, which prolonged the dispute for 18 months and required Defendant to engage in repeated meet-and-confers, supplemental discovery, and motion practice.

5

Accordingly, consistent with controlling precedent and the Order entitling Defendant to fees "in connection with" the deposition and sanctions motion, the Court should award Defendant's requested attorneys' fees in full.

## II. The Fees Charged by Defendant's Counsel are Appropriate and Proportionate

### A. The Fees Requested are Limited to Work "Caused By" the Discovery Violation

As discussed in Section I.C, *supra*, as well as in Defendant's Moving Brief, the fees Defendant seeks to recover were expended "in connection with" Plaintiff's discovery violation. (Br. at 12.) Plaintiff argues that "Defendant's fee petition goes far beyond the scope of work 'caused by' Plaintiff's late production of the cellphone video." (Opp. at 5.) Plaintiff is wrong.

This discovery dispute required numerous court conferences, updates to the Court, full blown briefing on the motion for sanctions, and required Defendant to retain an expert and depose Plaintiff about the discovery violation. Plaintiff argues that Defendant's fees encompass "routine status conferences and correspondence with the Court that would have occurred regardless of Plaintiff's late production," "extensive forensic expert analysis and related communications with experts that go beyond what was needed to authenticate or review a single video recording,"[5] "prolonged motion practice and letter writing that Defendant himself escalated rather than resolving efficiently," and "numerous repeated internal meetings and check-ins that were excessive in light of the relatively simple nature of the discovery violation." (Opp. at 6.) Plaintiff is plainly incorrect. None of the conferences Defendant seeks to recover his fees for were "routine status

---

[5] Plaintiff's Opposition Brief ignores that this dispute involved not only the late production of "a single video recording," but an entire supplemental production of data from the cell phone that the video recording was found on. (Br. at 5.)

In addition, Plaintiff's brief makes no mention of the court appearance for which Plaintiff's counsel did not show up, without notice or explanation, which appearance the Court consequently adjourned for a number of weeks notwithstanding that undersigned counsel had prepared and appeared, as required. (ECF No. 229.)

conferences"[6] nor were any letters "routine correspondence with the Court." Defendant was required to retain an expert because of Plaintiff's refusal to cooperate. Plaintiff's characterization of "prolonged motion practice and letter writing" occurred because of Plaintiff's refusal to cooperate. There was nothing "simple" about Plaintiff's discovery violation, given the fact that it took 18 months to litigate to its end.

Plaintiff cites *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 300 (2d Cir. 2006), for the proposition that "the Second Circuit affirmed the denial of fees where the requested costs were not strictly attributable to the discovery violation." (Opp. at 6.) Plaintiff's proposition is false. Nowhere in that Court's opinion does the Court affirm the denial of attorneys' fees based on a discovery violation. As explained in Section I.B, *supra*, Plaintiff also quotes the fabled "*New Pac. Overseas Group (U.S.A.)*" case here and explains that "Defendant's theory . . . conflicts with this precedent."[7] (*Id.* (emphasis added)) Plaintiff's precedent is not even real.

Accordingly, because the entirety of Defendant's attorneys' fees requested were "incurred solely because of [Plaintiff's] misconduct," *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017), the Court should award them in their entirety.

### B. The Hours Spent by Defendant's Counsel on the Discovery Violation Are Reasonable

This discovery dispute was litigated over 18 months, totaling approximately 311 hours by Defendant's counsel, because of Plaintiff's own wrongdoing. The Court should award Defendant's attorneys' fees in full. *See Laba v. JBO Worldwide Supply Pty Ltd*, 2023 WL 4985290, at *15 (S.D.N.Y. July 19, 2023) (finding that 128.7 hours preparing for a motion for sanctions is not

---

[6] In fact, the last "routine status conference" the Court held in this case was on May 5, 2022, before the discovery dispute arose. (*See* ECF No. 144.)

[7] Plaintiff likewise misquotes *Fresno Cty. Emps.' Ret. Ass'n* and cites the fabled case "*Katz v. Morgan*" in support of their argument. (Opp. at 5.)

unreasonable, the additional time spent preparing for the deposition about the discovery violation was reasonable, and that payment for expert fees was warranted because the fee "would not have been incurred but for" the discovery dispute); *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 2020 WL 4750600, at *3 (S.D.N.Y. Aug. 17, 2020) (finding that 190 hours was reasonable to spend on a sanctions motion where the record was extensive, and that the time "speaks to the extent of Plaintiff's misconduct in [the] litigation rather than inefficiencies by Defendants' counsel").

The entirety of Plaintiff's argument in Section III of her brief should be disregarded based on the substantial mischaracterizations and misquotations of the cases she cites. (Opp. at 7-8.) All but one of the quotations Plaintiff attributes to the cases she cites in this section do not exist in those cases. (Opp. at 7-8.) For example, Plaintiff cites *Simmonds* for the proposition that the court "reduc[ed] claimed hours where counsel devoted disproportionate time to 'discrete' discovery disputes" but there was no discovery dispute in that case. (Opp. at 7.) As another example, Plaintiff cites *Reiter* for the proposition that "the court reduced requested fees for a discovery motion" but there was no discovery motion in that case. (Opp. at 8.) Based on Plaintiff's mischaracterizations and misquotations, the court should disregard Plaintiff's arguments in full, and find that the hours spent by Defendant's counsel on work in connection with the discovery dispute are reasonable.

### III.   The Rates Charged by Defendant's Counsel are Below Standard

As discussed in Defendant's Moving Brief, the rates charged by Defendant's counsel are presumptively reasonable. (Br. at 10-11.) Plaintiff argues that Defendants rates are excessive. (Opp. at 8-9.) Plaintiff is wrong.

Plaintiff's reliance on *Lewis* and *Wise* is misplaced. Those cases are outdated or otherwise inaccurate. Fee awards in the Southern District of New York have consistently increased since

then, particularly for complex litigation handled by experienced counsel. (Br. at 10 (*citing Reisman v. Northeastern Power and Gas LLC,* 720 F.Supp.3d 279, 293-94 (S.D.N.Y. 2024) (collecting cases and finding reasonable hourly rates at ranges between approximately $300 to $900, commensurate with experience); *Proimmune Company, LLC v. Holista Colltech Ltd.,* 2024 WL 54281, at *3 (S.D.N.Y. Jan. 4, 2024) (holding that requested hourly rates of $395 and $895 for associate and partner were reasonable)).

Moreover, Plaintiff makes no attempt to distinguish the more recent authorities cited in Defendant's submission, which confirm that the rates requested here fall squarely within the range approved for attorneys of similar experience and expertise. *See United States ex rel. Nichols v. Computer Scis. Corp.*, 499 F. Supp. 3d 32, 41 (S.D.N.Y. 2020) (awarding rate of $850 per hour to Yankwitt LLP partner, and noting that "rates in this District are often in excess of $1,000 for complex commercial litigation"); *Sharbat v. Iovance Biotherapeutics, Inc.*, 2024 WL 2078390, at *8 (S.D.N.Y. May 9, 2024) ("For associates with three or less years of experience, courts generally approve rates ranging from $180 and $355 per hour."). Mr. Allee's and Mr. Hilbie's experience and credentials confirm the reasonableness of their respective rates of $750 and $350 per hour. (Br. at 8.)

Accordingly, the Court should find the rates of $750 and $350 per hour charged by Defendant's counsel were reasonable.

## IV. This was the Sum of Attorney's Fees Paid by Defendant in Consequence of Plaintiff's Discovery Violation

Plaintiff's opposition attempts to minimize the severity of their discovery misconduct and guide the Court as if Defendant's Motion were an exercise in hypotheticals. It is not. Defendant has suffered the very real and tangible burden of responding to Plaintiff's incomplete and evasive discovery tactics for over 18 months—a burden that was entirely avoidable. The record is clear:

Plaintiff ignored her obligations, rejected early resolution, and forced Defendant to incur significant fees in order to secure what should have been timely and complete discovery from the outset.

The prolonged and unnecessary litigation of this discovery dispute was the direct result of Plaintiff's refusal to engage in good faith resolution in September 2022, when Defendant sent a detailed letter to Plaintiff's counsel requesting information and inviting resolution of the matter. Plaintiff flatly rejected Defendant's attempts. Plaintiff's rejection set in motion this 18 month dispute that could and should have been avoided.

## CONCLUSION

For the reasons stated herein, Defendant respectfully moves the Court to order that Defendant is entitled to an award of attorneys' fees in the amount of $176,169.30 against Plaintiff, as outlined herein.

Dated: White Plains, New York
October 20, 2025

**YANKWITT LLP**

By: _____
Russell M. Yankwitt
Benjamin Allee
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.: (914) 686-1500
Fax: (914) 487-5000
*Attorneys for Defendant/Counter-Claimant Hamed Wardak*