UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SARAH GOOLDEN

                Plaintiff, Counterclaim-Defendant,        **19-CV-6257 (ALC) (VF)**

                -against-                          **<u>ORDER TO SHOW CAUSE</u>**

HAMED WARDAK,

                Defendant, Counterclaim-Plaintiff.
------------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge:**

On October 6, 2025, counsel for Plaintiff submitted a memorandum of law in opposition to Defendant's motion for attorney's fees. ECF No. 267. The Court's review of the memorandum of law indicates that there are multiple citations to cases that do not appear to exist. Additionally, the memorandum of law includes numerous instances of quoted material that does not appear in the case cited. Counsel for Defendant has noted these issues in a reply memorandum of law filed on October 20, 2025. ECF No. 268.

Accordingly, John Aaron Stark, Esq., the attorney who signed the memorandum of law, is hereby ORDERED TO SHOW CAUSE why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, and/or the inherent powers of the Court, for submitting a memorandum of law to the Court that contains numerous nonexistent or improper citations. Such showing shall be made by affidavit and a memorandum of law compliant with Local Civil Rule 7.1 filed on or before <u>November 14, 2025</u>. The affidavit shall include a complete and detailed description of the process of the drafting of the memorandum of law filed at ECF No. 267, as well as a detailed and complete description of the role of any individual or computer system involved in the drafting process. If Mr. Stark made contemporaneous calendar

entries describing his work on this memorandum of law, those calendar entries shall be annexed to the affidavit.

In addition, Mr. Stark is directed to examine each case citation in the memorandum of law at ECF No. 267. With respect to those citations, Mr. Stark shall provide two listings: Listing #1 shall be a listing (in alphabetical order by the first name in the case) of citations to all cases cited in ECF No. 267 that he contends are accurate. Listing #2 shall be a listing (in alphabetical order by the first name in the case) of all cases that he now recognizes are inaccurate in any respect—whether it be an incorrect case name, an incorrect citation, an incorrect docket number, a citation that does not support the contention for which the case was cited, a case that does not exist, inaccurate quoted material, or any other reason. For each case on Listing #2, Mr. Stark shall specify the reason or reasons the citation was inaccurate. For each case on Listing #2, Mr. Stark shall also supply a corrected citation, if one exists.

If desired, Defendant may reply to Mr. Stark's response to this Order to Show Cause within 7 days of the filing of Mr. Stark's response.

The Court will thereafter issue a written order in the event a sanction is imposed.

**SO ORDERED.**

DATED:      New York, New York
                    October 31, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

2