UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH GOOLDEN,

                Plaintiff, Counterclaim-Defendant

-against-

HAMED WARDAK,

                Defendant, Counterclaim-Plaintiff.

19-CV-6257 (ALC) (VF)

_____

**DEFENDANT/COUNTERCLAIM-PLAINTIFF HAMED WARDAK'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION FOR ATTORNEYS' FEES**
_____

YANKWITT LLP
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.: (914) 686-1500
Fax: (914) 487-5000
*Counsel for Defendant/
Counterclaimant Hamed Wardak*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    Plaintiff's Claim of Insufficient Evidence Fails in Light of Defendant's In-Camera Submission ........................................................................................................... 2

    II.    The Fees Requested are Limited to Work "Caused By" the Discovery Violation .............. 3

    III.    The Hours Expended by Defendant's Counsel on the Discovery Violation Are Reasonable ............................................................................................................ 5

    IV.    The Rates Charged by Defendant's Counsel are Below Standard ..................................... 7

    V.    This was the Sum of Attorney's Fees Paid by Defendant in Consequence of Plaintiff's Discovery Violation ............................................................................................... 9

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases** Page(s)

*Allende v. Unitech Design, Inc.*,
  783 F. Supp. 2d 509 (S.D.N.Y. 2011) .................................................................................... 6

*Anthony v. Franklin First Fin., Ltd.*,
  844 F. Supp. 2d 504 (S.D.N.Y. 2012) .................................................................................... 6

*Fashion Exch. LLC v. Hybrid Promotions, LLC*,
  2020 WL 4750600 (S.D.N.Y. Aug. 17, 2020) ....................................................................... 7

*Goodyear Tire & Rubber Co. v. Haeger*,
  581 U.S. 101 (2017) ............................................................................................................... 5

*Hugee v. Kimso Apartments, LLC*,
  852 F. Supp. 2d 281 (E.D.N.Y. 2012) .................................................................................... 8

*Jefrey v. I.N.S.*,
  710 F. Supp. 486 (S.D.N.Y. 1989) ......................................................................................... 3

*Laba v. JBO Worldwide Supply Pty Ltd*,
  2023 WL 4985290 (S.D.N.Y. July 19, 2023) ........................................................................ 7

*Lewis v. Am. Sugar Ref., Inc.*,
  2019 WL 116420 (S.D.N.Y. Jan. 2, 2019) ......................................................................... 6, 7

*Proimmune Company, LLC v. Holista Colltech Ltd.*,
  2024 WL 54281 (S.D.N.Y. Jan. 4, 2024) ............................................................................... 8

*Reisman v. Northeastern Power and Gas LLC*,
  720 F.Supp.3d 279 (S.D.N.Y. 2024) ...................................................................................... 8

*Rozell v. Ross-Holst*,
  576 F. Supp. 2d 527 (S.D.N.Y. 2008) ................................................................................ 5, 6

*Sharbat v. Iovance Biotherapeutics, Inc.*,
  2024 WL 2078390 (S.D.N.Y. May 9, 2024) .......................................................................... 8

*Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr., Inc.*,
  2008 WL 4925020 (S.D.N.Y. Nov. 10, 2008) ....................................................................... 6

*Trs. Of the Bricklayers & Allied Craftworkers Lc. 5 N.Y. Retirement v. Helmer-Cronin Const., Inc.*,
  2005 WL 3789085 (S.D.N.Y. Oct. 24, 2005) ........................................................................ 6

*United States ex rel. Nichols v. Computer Scis. Corp.*,
  499 F. Supp. 3d 32 (S.D.N.Y. 2020) ...................................................................................... 8

*Wise v. Kelly*,
  620 F. Supp. 2d 434 (S.D.N.Y. Mar. 31, 2017) .......................................................................... 7

**Rules**

Fed. R. Civ. P. 26 ................................................................................................................... 1

Fed. R. Civ. P. 37 ................................................................................................................... 1

Defendant/Counterclaim Plaintiff Hamed Wardak ("Defendant") respectfully submits this reply memorandum of law in further support of his motion for attorneys' fees (the "Motion") against Plaintiff/Counterclaim Defendant Sarah Goolden ("Plaintiff"), pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and the Court's Opinion and Order of May 8, 2024, granting Defendant's Motion for Discovery Sanctions (the "Order") (ECF No. 208).[1]

## PRELIMINARY STATEMENT

Plaintiff's Opposition attempts to recast an 18-month discovery saga that concluded with motion practice and a court sanctions order as a simple, straightforward dispute. It is anything but. The record is clear: every hour of work for which Defendant seeks reimbursement was caused directly by Plaintiff's discovery misconduct and her repeated refusal to cooperate with even the most basic requests for information. Because of Plaintiff's discovery violation and subsequent conduct during the pendency of the dispute, Defendant was forced to pursue court intervention, retain an expert, depose the Plaintiff on this issue, and fully brief a sanctions motion only because Plaintiff declined to engage in any meaningful effort to resolve this dispute informally.

Plaintiff's attempt to minimize the scope of compensable work is based on selective quotations of this Court's Order and an equally selective reading of the record. The Court expressly authorized recovery of all fees incurred "<u>in connection with</u>" the deposition concerning the recording and the sanctions motion. This necessarily encompasses the court conferences, expert retention, written submissions and related litigation required to address Plaintiff's withholding of critical evidence until the first day of Defendant's deposition in this case. Plaintiff's effort to impose arbitrary hour caps and outdated market rates finds no support in the law.

---

[1] "Moving Brief" or "Br." refers to Defendant/Counterclaim-Plaintiff's Memorandum of Law in Support of Motion for Attorneys' Fees (Doc. No. 237). "Opposition Brief" or "Opp." refers to Plaintiff/Counterclaim-Defendant's Memorandum of Law in Opposition to Defendant's Motion for Attorneys' Fees (Doc. No. 267). Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Moving Brief.

1

Critically, the determination regarding fees arising from Plaintiff's discovery violation is not an abstract thought-experiment: Defendant has actually incurred these fees, and paid them to counsel, and merely seeks reimbursement in consequence of Plaintiff's sanctionable conduct pursuant to the Court's consequent sanctions order. After 18 months of unnecessary motion practice, forensic analysis, and repeated attempts to obtain basic discovery, Defendant seeks only to be made whole. Because the fees requested were "caused by" Plaintiff's discovery violation, and because both the hours expended and the rates charged are reasonable, the Court should award Defendant's requested attorneys' fees in full.

## ARGUMENT

### I. Plaintiff's Claim of Insufficient Evidence Fails in Light of Defendant's In-Camera Submission

Plaintiff argues that "Defendant did not provide the Court with any evidence by which to evaluate the reasonableness of the claimed hours and rates . . . and as such, the claimed fees should be substantially reduced. (Opp. at 4-5.) Plaintiff is incorrect. Defendant provided extensive information to Plaintiff regarding work undertaken, and provided copies of redacted invoices to Plaintiff upon request.

To the extent that Plaintiff seeks now to argue that Defendant's reasonable fees cannot be recompensed because confidential information in the invoices that Defendant provided Plaintiff is redacted, such argument is now moot. Defendant submitted complete, itemized time records in the form of Defendant's invoices (the "Invoices") under seal for the Court to review *in camera* contemporaneously with this reply brief. (BRA Reply Declaration ¶ 2, Ex. A.[2]) These records specify, for each attorney and administrative staff, the date, hours expended, nature of the work

---

[2] "BRA Reply Declaration" refers to the Declaration of Benjamin Allee, filed contemporaneously herewith. Ex. A refers to the exhibit attached to the BRA Declaration.

2

performed, and the rate charged at that time. Nor can Plaintiff argue that the filing of Defendant's Invoices deprives her of the opportunity to respond to their contents. Plaintiff was provided with the time records in June 2024, subject to redactions for attorney-client privileged communications and work product. (ECF No. 270-1, ¶ 4.) Accordingly, Plaintiff's contention that the Court lacks an adequate basis to evaluate the reasonableness of Defendant's fees is no longer accurate, and the Court should disregard this argument. *See Jefrey v. I.N.S.*, 710 F. Supp. 486, 489 (S.D.N.Y. 1989) (considering contemporaneous time records filed with reply brief because of lack of prejudice to opposing party).

## II.     The Fees Requested are Limited to Work "Caused By" the Discovery Violation

As discussed in Defendant's Moving Brief, the fees Defendant seeks to recover were expended "in connection with" Plaintiff's discovery violation. (Br. at 12.) Plaintiff argues that "Defendant improperly seeks a windfall" and that "Defendant's own decisions to over-litigate the discovery issue is what caused him to incur the legal fees" claimed. (Opp. at 5-6.) Plaintiff is wrong.

In September 2022, Defendant sought to resolve the dispute informally through a detailed letter to Plaintiff's counsel. Plaintiff declined to answer *any* of the questions.. What followed—court appearances, expert retention, and motion practice—was a consequence of that refusal. (ECF No. 238, ¶¶ 6-7.) This discovery dispute required numerous court conferences, updates to the Court, full blown briefing on the motion for sanctions, and required Defendant to retain an expert and depose Plaintiff about the discovery violation. Plaintiff argues that Defendant's fees encompass "routine status conferences and correspondence with the Court that would have occurred regardless of Plaintiff's late production," "extensive forensic expert analysis and related communications with experts that go beyond what was needed to authenticate or review a single

3

video recording,"[3] "prolonged motion practice and letter writing that Defendant himself escalated rather than resolving efficiently," and "numerous repeated internal meetings and check-ins that were excessive in light of the relatively simple nature of the discovery violation." (Opp. at 6.) Plaintiff is plainly incorrect. None of the conferences Defendant seeks to recover his fees for were "routine status conferences"[4] nor were any letters "routine correspondence with the Court." Plaintiff's characterization of "prolonged motion practice and letter writing" occurred because of Plaintiff's refusal to cooperate, as was Defendant's retention of an expert. There was nothing "simple" about Plaintiff's discovery violation, given the fact that it took <u>18 months</u> to litigate to its end.

Moreover, Plaintiff argues that the Order "identified three specific categories of recoverable work: (1) Plaintiff's deposition regarding the video; (2) the sanctions motion itself; and (3) the first day of Defendant's deposition." (Opp. at 5.) Plaintiff purposefully leaves out the exact wording of this Court's Order, which included "costs and attorneys' fees <u>in connection with</u> the deposition of Plaintiff concerning the recording and <u>in connection with</u> [such] instant motion." (ECF No. 208 at 14.) The "costs and attorneys' fees in connection with the deposition of Plaintiff concerning the recording necessarily include more than the deposition and sanctions motion themselves.

---

[3] Plaintiff's Opposition Brief ignores that this dispute involved not only the late production of "a single video recording," but an entire supplemental production of data from the cell phone that the video recording was found on. (Opp. at 6.)

In addition, Plaintiff's brief makes no mention of the court appearance for which Plaintiff's counsel did not show up, without notice or explanation, which appearance the Court consequently adjourned for a number of weeks notwithstanding that undersigned counsel had prepared and appeared, as required. (ECF No. 229.)

[4] In fact, the last "routine status conference" the Court held in this case was on May 5, 2022, before the discovery dispute arose. (*See* ECF No. 144.)

Accordingly, because the entirety of Defendant's attorneys' fees requested were "incurred solely because of [Plaintiff's] misconduct," *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017), the Court should award them in their entirety.

### III. The Hours Expended by Defendant's Counsel on the Discovery Violation Are Reasonable

As discussed in Defendant's Moving Brief, the hours expended by Defendant's counsel are inherently reasonable because of Plaintiff's refusal to cooperate with Defendant's investigation into the discovery violation. (Br. at 11.) Plaintiff argues that the number of hours Defendant seeks to recover under this Motion "are not reasonable" and were "excessive . . . for a limited and discrete discovery issue." (Opp. at 7-9.) Plaintiff's argument rests on a distorted narrative of the record and a selective reading of the caselaw.

Plaintiff argues that "[r]eviewing one cellphone, exchanging letters, conducting forensic analysis, and taking one deposition could have reasonably required 40-60 hours," (Opp. at 8), yet provides no basis for this arbitrary number. While courts certainly have "ample discretion" to ensure attorney's fees awards reflect only reasonable work, that power does not empower the Court to cap compensable time at an imagined "40-60 hours" simply because Plaintiff has labeled the dispute as "limited."[5] (Opp. at 7-8.) The record and Defendant's Invoices show the opposite. This discovery dispute was not straightforward. Plaintiff dramatically understates both the complexity of the issues and the degree to which Defendant was forced to respond to Plaintiff's own discovery failures.

All of Plaintiff's claimed case support involves vague billing entries, duplicative work, or billing for paralegal tasks, none of which exist here. Plaintiff relies on *Rozell v. Ross-Holst*, 576

---

[5] Plaintiff has also admonished Defendant for "treat[ing] its fee application as if [it] were a prevailing-party fee petition under a substantive statute." (Opp. at 6.) Notably, all but three of the cases cited by Plaintiff in her Opposition Brief are prevailing party awards for attorneys' fees.

5

F. Supp. 2d 527, 543 (S.D.N.Y. 2008), a fee shifting case, for the proposition that a fifteen percent reduction in entries was warranted based on excessive work performed. (Opp. at 8.) The Court held that "363 hours . . . spent on conferences" between the recovering party's counsel and "80 hours . . . devoted to preparing proposed jury instructions and a verdict form" were excessive. *Rozell*, 576 F. Supp. 2d at 541. The court also found that "a disproportionate amount of time was billed by the more senior counsel . . . relative to that billed by more junior associates with lower hourly rates." *Id.* None of those things occurred here. There were only two main attorneys working on this case. In fact, Mr. Hilbie, the associate on this case with a lower hourly rate, billed more time than Mr. Allee, Defendant's senior counsel. (ECF No. 238, ¶¶ 14-15.) Plaintiff's reliance on *Lewis v. Am. Sugar Ref., Inc.*, 2019 WL 116420, at *6 (S.D.N.Y. Jan. 2, 2019) (vague billing entries), *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 509 (S.D.N.Y. 2012) (excessive billing and administrative tasks billed by attorneys), *Trs. Of the Bricklayers & Allied Craftworkers Lc. 5 N.Y. Retirement v. Helmer-Cronin Const., Inc.*, 2005 WL 3789085, at *5 (S.D.N.Y. Oct. 24, 2005) (vague billing entries); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (duplicative billing and excessive time); *Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr., Inc.*, 2008 WL 4925020, at *2 (S.D.N.Y. Nov. 10, 2008) (duplicative billing and administrative tasks billed by attorneys), is misplaced. Defendant did not "choose" to "over-litigate" this dispute. As indicated by Defendant's Invoices, there was neither duplicative billing, vague billing entries, nor administrative tasks billed by attorneys here. Defendant's Invoices contain detailed, task-specific entries documenting the expert forensic work, conference preparation, and the substantive work required to address Plaintiff's blatant refusal to provide information. Plaintiff did not—and cannot—point to vague, duplicative, or excessive time entries. Instead, she simply disagrees with the amount of work her own conduct made necessary.

6

For over 18 months, Defendant has been forced to pursue basic discovery compliance, totaling approximately 311 hours of reasonable work, that should have occurred without court intervention because of Plaintiff's own wrongdoing. The Court should award Defendant's attorneys' fees in full. *See Laba v. JBO Worldwide Supply Pty Ltd*, 2023 WL 4985290, at *15 (S.D.N.Y. July 19, 2023) (finding that 128.7 hours preparing for a motion for sanctions is not unreasonable, the additional time spent preparing for the deposition about the discovery violation was reasonable, and that payment for expert fees was warranted because the fee "would not have been incurred but for" the discovery dispute); *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 2020 WL 4750600, at *3 (S.D.N.Y. Aug. 17, 2020) (finding that 190 hours was reasonable to spend on a sanctions motion where the record was extensive, and that the time "speaks to the extent of Plaintiff's misconduct in [the] litigation rather than inefficiencies by Defendants' counsel").

In sum, the hours expended were a direct and foreseeable result of Plaintiff's discovery misconduct, the need to untangle the circumstances of the late-produced video, and thereafter, the entire contents of the cell phone as they related to this lawsuit, and the repeated letter-writing and motion practice required to compensate Defendant for Plaintiff's misconduct. Defendant's 311 hours of work are reasonable, no across-the board reduction is warranted, and the Court should award Defendant's requested attorneys' fees in full.

### IV.   The Rates Charged by Defendant's Counsel are Below Standard

As discussed in Defendant's Moving Brief, the rates charged by Defendant's counsel are presumptively reasonable. (Br. at 10-11.) Plaintiff argues that Defendants rates are excessive. (Opp. at 9-10.) Plaintiff is wrong.

Plaintiff's reliance on *Lewis v. Am. Sugar Ref., Inc.*, 2019 WL 116420 (S.D.N.Y. Jan 2, 2019) and *Wise v. Kelly*, 620 F. Supp. 2d 434, 442 (S.D.N.Y. Mar. 31, 2017) is misplaced. Those cases are outdated or otherwise inaccurate. Fee awards in the Southern District of New York have

7

consistently increased since then, particularly for complex litigation handled by experienced counsel. (Br. at 10 (*citing Reisman v. Northeastern Power and Gas LLC,* 720 F.Supp.3d 279, 293-94 (S.D.N.Y. 2024) (collecting cases and finding reasonable hourly rates at ranges between approximately $300 to $900, commensurate with experience); *Proimmune Company, LLC v. Holista Colltech Ltd.,* 2024 WL 54281, at *3 (S.D.N.Y. Jan. 4, 2024) (holding that requested hourly rates of $395 and $895 for associate and partner were reasonable)).[6]

Moreover, Plaintiff makes no attempt to distinguish the more recent authorities cited in Defendant's submission, which confirm that the rates requested here fall squarely within the range approved for attorneys of similar experience and expertise. *See United States ex rel. Nichols v. Computer Scis. Corp.*, 499 F. Supp. 3d 32, 41 (S.D.N.Y. 2020) (awarding rate of $850 per hour to Yankwitt LLP partner, and noting that "rates in this District are often in excess of $1,000 for complex commercial litigation"); *Sharbat v. Iovance Biotherapeutics, Inc.*, 2024 WL 2078390, at *8 (S.D.N.Y. May 9, 2024) ("For associates with three or less years of experience, courts generally approve rates ranging from $180 and $355 per hour."). Mr. Allee's and Mr. Hilbie's experience and credentials confirm the reasonableness of their respective rates of $750 and $350 per hour. (Br. at 8.)

Accordingly, the Court should find the rates of $750 and $350 per hour charged by Defendant's counsel were reasonable.

---

[6] Additionally, Plaintiff relies on *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012), a "prevailing party" case from the Eastern District of New York, for the proposition that "[c]ourts reduce claimed rates when they exceed market norms." (Opp. at 10.) Defendant notes that the market forum in connection with this Motion is the Southern District of New York, and accordingly, the Court's analysis of the market rate in *Hugee* should not be considered for purposes of this Motion.

**V.      This was the Sum of Attorney's Fees Paid by Defendant in Consequence of Plaintiff's Discovery Violation**

Plaintiff asks this Court to "[r]educe hours to no more than 50 reasonably expended, [a]pply prevailing rates of $500/hour (partner) and $200/hour (junior associate), and [l]imit recover to only those expenses directly attributable to Plaintiff's late production of the video." (Opp. at 11.) Plaintiff does not cite any relevant case law to support these requests. Plaintiff's cases that relate to the prevailing market rates for attorneys in the Southern District are wholly outdated, and the cases supporting the reduction of hours support fee-shifting awards of attorneys' fees, not those awarded after a discovery violation.

Plaintiff's opposition attempts to minimize the severity of her discovery misconduct and guide the Court as if Defendant's Motion were an exercise in hypotheticals. It is not. Defendant has suffered the very real burden and direct financial cost of responding to Plaintiff's incomplete and evasive discovery tactics for over 18 months—a burden that was entirely avoidable. The prolonged and unnecessary litigation of this discovery dispute was the direct result of Plaintiff's refusal to engage in good faith resolution in September 2022, when Defendant sent a detailed letter to Plaintiff's counsel requesting information and inviting resolution of the matter. Plaintiff flatly rejected Defendant's attempts. The Invoices show that Defendant's request to recover for 311 hours of work will "compensate [him], not punish [Plaintiff]." (Opp. at 11.)

## CONCLUSION

For the reasons stated herein, Defendant respectfully moves the Court to order that Defendant is entitled to an award of attorneys' fees in the amount of $176,169.30 against Plaintiff, as outlined herein.

9

Dated: White Plains, New York
　　　　November 26, 2025

**YANKWITT LLP**

By: _____
Russell M. Yankwitt
Benjamin Allee
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.: (914) 686-1500
Fax: (914) 487-5000
*Attorneys for Defendant/Counter-Claimant Hamed Wardak*