

140 Grand Street, Suite 705, White Plains, New York 10601  |  White Plains, NY
t 914.686.1500 · f 914.487.5000 · www.yankwitt.com  |  Atlantic City, NJ

April 16, 2026

**By ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> **Re:** **Sarah Goolden v. Hamed Wardak**
> **1:19 Civ. 06257 (ALC) (VF)**

Dear Judge Figueredo:

We represent the defendant and counter-claimant, Hamed Wardak ("Defendant"), in the above-referenced action. We write in response to plaintiff Sarah Goolden's ("Plaintiff") letter motion (the "Letter Motion") requesting that the Court stay indefinitely its order directing Plaintiff to make payment by April 10, 2026, of Defendant's attorneys' fees and costs awarded to him (the "Sanctions Payment Order") as a result of Plaintiff's discovery violation (the "Violation"), until such time as this case is concluded (ECF No. 285). For the reasons below, we oppose Plaintiff's motion.

### Background

On June 27, 2022, after three years of litigation, Defendant appeared for the first day of his deposition. (ECF No. 237 at 1.) That evening, Plaintiff's counsel informed Defendant's prior counsel that Defendant's deposition would need to be postponed. (*Id.*) The next morning, on June 28, 2022, Plaintiff's counsel produced a video recording, withheld during the document production phase of this case, which was the subject of the Violation. (*Id.* at 2.) Defendant's prior counsel promptly requested a Rule 37.2 Conference, and thereafter endured extensive litigation costs resulting from the Violation, and the lack of forthcoming, supportable explanations from Plaintiff for the Violation. (*Id.*)

On May 8, 2024, after two years extensive investigation into the Violation and lengthy motion practice, the Court sanctioned Plaintiff, ordering her to pay Defendant's attorneys' fees and costs in connection with, among other things, the Violation and such motion practice (the "Sanctions Order"). (ECF No. 208.) The Court also ordered that the deposition of Defendant be retaken.

In response to the Sanctions Order, Plaintiff did not make payment of Defendant's reasonable legal fees, and objected and delayed without any supportable basis, while at the same time Plaintiff moved forward with and did retake Defendant's deposition over two days. On



August 29, 2024, Defendant's counsel provided Plaintiff's counsel with Defendant's costs and attorneys' fees. (ECF No. 215). On March 3, 2025, Defendant filed his fee application seeking to recover his attorneys' fees and costs pursuant to the Order, after Plaintiff's refusal to pay. (ECF No. 237.) This application was not fully briefed until November 26, 2025, due to delays based on Plaintiff's counsel's motion to withdraw (ECF Nos. 239-262), which was ultimately denied, (ECF No. 263), and Plaintiff's counsel filing its opposition brief containing nonexistent and improper citations (ECF Nos. 270-273).

On February 24, 2026, the Court issued the Sanctions Payment Order, ordering Plaintiff to pay Defendant $66,580 in attorneys' fees and $526.28 in costs by April 10, 2022. (ECF No. 285.)

Plaintiff did not make payment. Instead, on the afternoon of April 9, 2026, Plaintiff's counsel emailed Defendant' counsel requesting that Defendant's agreement to defer payment until resolution of the case. (Exhibit A.) Defendant's counsel responded in the negative. Plaintiff's counsel then requested a payment plan of $250 per month to satisfy the Payment Order. Defendant's counsel requested a reason for the request, to which Plaintiff's counsel responded with "[f]inancial hardship." Attached hereto as Exhibit A is a true and correct copy of the email chain between Benjamin Allee and Carrie Goldberg dated April 9, 2026. Following Plaintiff's Counsel's brief email, Plaintiff filed the Letter Motion.

### Plaintiff's Burden

It is well-settled that a party seeking relief from a monetary sanction on the basis of financial hardship bears the burden of producing evidence of inability to pay the Payment Order "clearly, plainly, and unmistakably." *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995). "Conclusory statements are inadequate to carry this burden." *Id.* Plaintiff's Letter Motion claims in conclusory fashion the amount of Plaintiff's salary and that she "simply cannot" pay. (Letter Motion at 1.) Moreover, Plaintiff's declaration submitted in connection with the Letter Motion similarly fails to provide documentary evidence of her claimed inability to pay. Plaintiff provides no financial records, tax returns, bank statements or other financial resources from which the Court can confirm "clearly, plainly, and unmistakably" that Plaintiff has an inability to pay the Payment Order. Nor did Plaintiff provide any such information when Defendant requested a basis for her eleventh-hour request for a payment plan. By not submitting evidence of her inability to pay the Payment Order, Plaintiff further stalls this litigation.

Equally telling, at no point during the three years of motion practice leading up to the Sanctions Order or the subsequent fee application did Plaintiff ever assert an inability to pay, let alone documents supporting such an assertion. Only now, on the eve of the Court ordered payment deadline, after years of delay attributable to Plaintiff's conduct, does she raise this unsupported claim. Moreover, publicly available information from the intervening three years casts doubt on Plaintiff's unsupported assertions, as, for example, during the interim she appears to have had the wherewithal to afford, among other things, a wedding at the Plaza Hotel.

Plaintiff's claim that "Mr. Wardak is extraordinarily wealthy and will not be prejudiced by a delay in receiving these funds," (Letter Motion at 1), is entirely conclusory, and in any event is



irrelevant.  Moreover, Plaintiff's assertion that her claims are "meritorious" is unfounded.  (*Id.* at 2.)  Permitting relief on this record would effectively reward noncompliance and further delay enforcement of the Court's orders.  It would also undermine the purpose of the Sanctions Order, which was to reimburse Defendant for the costs caused by Plaintiff's misconduct and to deter similar misconduct.

Plaintiff brazenly violated her discovery obligations nearly four years ago.  She was sanctioned nearly two years ago by this Court and ordered to pay reasonable legal fees.  She did not.  After further motion practice, she was specifically ordered by this Court to pay more than $67,000 to reimburse Defendant, by April 10, 2026.  She did not.  During the entire ensuing nearly four years, Defendant not only never has reimbursed any of the Defendant's legal fees her discovery violation caused, she never once, until the day before the final Court-ordered deadline, raised the purported claim of financial hardship she now asserts.  Nor did she ever at any time offer any documentary support for such a claim, as plainly required under binding precedent.  All the while, Plaintiff has found the time, wherewithal, and funds to take Defendant's deposition a second time for two days, litigate with her own counsel regarding their withdrawal, and defend a separate action in Florida.  Under these circumstances, Plaintiff's aim is plain: to delay and obfuscate in every way possible to evade this Court's orders.  Such efforts should be fully and finally ended by this Court, without need for even further litigation over this issue.

For all of these reasons, and based on the current record, Defendant respectfully requests that the Court deny Plaintiff's Letter Motion and require compliance with the Payment Order as directed.  In addition, in the event that the Court considers delay or motion practice regarding Plaintiff's belated, unsupported claim of financial hardship, we request discovery regarding such claim, an opportunity to be heard further following receipt of such discovery, and we give notice that, absent satisfactory documentation to support Plaintiff's claim, we will seek reimbursement of the additionally wasteful costs and attorney's fees to which Defendant will be put for having to further litigate this issue, long-decided by this Court already.

We thank the Court for its consideration.

Respectfully submitted,

YANKWITT LLP

By: _____
Benjamin Allee

Cc:    All parties (by ECF)