646.666.8908  |  16 COURT STREET, 33rd FLOOR  | BROOKLYN, NY 11241
CARRIE@CAGOLDBERGLAW.COM  |  WWW.CAGOLDBERGLAW.COM

April 20, 2026

**VIA ECF**

Hon. Valerie Figueredo
United States Court Magistrate
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Sarah Goolden v Hamed Wardak 19-CV-6257 (ALC)(VF)*

Dear Magistrate Figueredo:

As you are aware, this firm is counsel for Sarah Goolden, Plaintiff-Counterclaim-Defendant in the above-captioned matter.

I write in response to the April 16, 2026, letter of Defendant's attorney, Benjamin Allee, Esq. (Doc. 287) and in furtherance of Ms. Goolden's request to defer payment of court-ordered fees.

I request an *in-camera* submission of Ms. Goolden's financial documentation substantiating her dire need for deferred payment.  I have the following documents to share with this court:
- Ms. Goolden's Fox News Network, LLC paystubs
- Ms. Goolden's Tax filings from 2019-2025
- Ms. Goolden's bank account balance
- Ms. Goolden's Federal Student Aid documents

The information above is highly confidential and we designate it For Attorneys Eyes Only. Ms. Goolden is terrified of Mr. Wardak accessing personal information about her and her son, including their activities of daily life.

To address arguments in Mr. Allee's letter, Mr. Wardak has repeatedly made his personal wealth and the disparity between the financial circumstances of Ms. Goolden and himself a central theme of this case and one of the Florida cases where Mr. Wardak sued Ms. Goolden for breaking off their engagement.  For instance, Mr. Wardak's counterclaim alleges:
- He spent "over $300,000" on Ms. Goolden in the summer of 2018 (SDNY Counterclaim ¶1)
- He discusses wiring her $30,000 and $41,000 (SDNY Counterclaim ¶¶28, 31)
- Paying her $5,000 cash (SDNY Counterclaim ¶ 31)
- The $32,500 lease on a Manhattan apartment after Ms. Goolden suggested he move to New York City (SDNY Counterclaim ¶ 32)
- First-class flights and full expenses for an extended Caribbean trip and yacht excursions (SDNY Counterclaim ¶ 33)

646.666.8908  |  16 COURT STREET, 33rd FLOOR  | BROOKLYN, NY 11241
CARRIE@CAGOLDBERGLAW.COM  |  WWW.CAGOLDBERGLAW.COM

- A five-carat Harry Winston engagement ring for approximately $160,000 purchased impulsively in a single afternoon (SDNY Counterclaim ¶39)
- A $40,000 shipping spree of designer clothing and handbags that same afternoon (SDNY Counterclaim ¶ 40)
- Sending "tens of thousands of dollars" to third parties at Ms. Goolden's request (SDNY Counterclaim ¶45)

A party who, by his own admission, casually disburses over $300,000 in a matter of weeks and leases a $32,500 per month Manhattan apartment on a whim is unconvincing to also claim he will experience hardship if the sanction award is stayed.  His allegations in the Southern District of Florida case, *Wardak v Goolden,* Index No. 1:19-cv-21121-RAR further contradicts his argument.  For instance, the Florida Complaint states:

- "Mr. Wardak is a wealthy businessman, known in the community for his lucrative businesses" (Florida Complaint ¶7)
- "[Ms. Goolden] knew at the time of their meeting and throughout the parties' entire relationship that Mr. Wardak had considerable assets and wealth" (Florida Complaint ¶8)
- Mr. Wardak claimed he paid for Ms. Goolden's "living expenses, wired money to pay off outstanding debts, purchased gifts and clothing, paid for elaborate trips, and bought a $200,000.00 engagement ring" (Florida Complaint ¶12)

In response to the other points in Mr. Allee's letter:

**The Florida litigation.**  Mr. Allee's letter implies she had the resources and choice to litigate in Florida. She had no choice. Mr. Wardak sued her there.  The alternative was to default or be doomed as a *pro se* litigant.

**The issue of the counsel withdrawal dispute.** Mr. Wardak uses that motion as evidence that she had funds to litigate. Not true. The dispute arose around Ms. Goolden not having funds to pay litigation expenses.  Again, Ms. Goolden herself was not the movant.

**On the Court's findings.** Mr. Wardak's characterization of the discovery violation is revisionist history.  The Court found that the violation was not willful or in bad faith. The Court denied Mr. Wardak's requested relief for a default judgment and for that critical evidence to be excluded.

**On the deposition costs**. Mr. Wardak's implication that Ms. Goolden funded the second deposition out of personal liquidity is untrue and misleading. Her contributions were a fraction of the $67,000 order.

In conclusion, Ms. Goolden has met her burden to show "clearly, plainly, and unmistakably" that the payment now is not just a financial hardship, but an impossibility.  She is very willing to supplement the record with the financial documents discussed above so long as this is balanced with her valid safety concerns.  Mr. Wardak's documented pattern of stalking Ms. Goolden and deploying his immense wealth to punish her via litigation has resulted in him bringing

646.666.8908  |  16 COURT STREET, 33rd FLOOR  | BROOKLYN, NY 11241
CARRIE@CAGOLDBERGLAW.COM  |  WWW.CAGOLDBERGLAW.COM

five lawsuits against her in six years across multiple jurisdictions and often simultaneously.  He has a pattern of weaponizing any personal information about Ms. Goolden that he gains.

With the underlying litigation still actively pending, aggressive collection efforts at this juncture would be premature and disproportionate, serving no legitimate remedial purpose but imposing maximum burden on Ms. Goolden while the merits remain unresolved.

Any financial documentation should be submitted *in camera* for attorneys' eyes only and with Mr. Wardak expressly excluded from access.


Respectfully,

C.A. GOLDBERG, PLLC

*/s/ Carrie Goldberg*
Carrie Goldberg, Esq.
C.A. Goldberg, PLLC
16 Court Street, 33rd Floor
Brooklyn, NY 11241
carrie@cagoldberglaw.com
*Attorneys for Plaintiff*

Copy to: All counsel via ECF