

140 Grand Street, Suite 705, White Plains, New York 10601
t 914.686.1500 · f 914.487.5000 · www.yankwitt.com

White Plains, NY
Atlantic City, NJ

May 8, 2026

**By ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

> Re:     **Sarah Goolden v. Hamed Wardak**
>         **1:19 Civ. 06257 (ALC) (VF)**

Dear Judge Figueredo:

We represent the defendant and counter-claimant, Hamed Wardak ("Defendant"), in the above-referenced action. We write following plaintiff Sarah Goolden's ("Plaintiff") submission of financial documentation to the Court, which has now also been produced to Defendant on an attorneys' eyes only basis. Plaintiff, in an *ex parte* submission that lacked the scrutiny produced by the adversary system, has pulled the wool over the Court's eyes. There is no basis for concluding that Plaintiff lacks financial ability to pay. Plaintiff has simply provided the Court a selective, incomplete, and self-serving smattering of documents that have not met, and do not withstand, the least bit of scrutiny. She has apparently omitted millions of dollars in family income from her husband, as well as any explanation that squares with her apparent luxury international travel during this case and luxury wedding at the Plaza Hotel. In any event, Plaintiff's production certainly does not substantiate Plaintiff's claim that she is unable to comply with the Court's Sanctions Payment Order.[1] Instead, it raises additional questions that cannot be resolved on the present record.

As previously noted, it is well-settled that a party seeking relief from a monetary sanction on the basis of financial hardship bears the burden of producing evidence of inability to pay the Payment Order "clearly, plainly, and unmistakably." *Huber v. Marine Midland Bank,* 51 F.3d 5, 10 (2d Cir. 1995). "Conclusory statements are inadequate to carry this burden." *Id.* For the reasons set forth below, Defendant respectfully requests that the Court deny any relief from the Sanctions Payment Order on the present record. In the alternative, Defendant requests that Plaintiff be directed to provide a complete financial disclosure, including sworn confirmation of completeness, and that Defendant be permitted limited discovery concerning Plaintiff's financial condition.

First, to persuade the Court to delay its Sanctions order, Plaintiff swore in her Affirmation that she has "no friends of family able to loan [her] money." (ECF No. 286-1 at ¶ 9.) Then Plaintiff

---

[1] The "Sanctions Payment Order" refers to the Court's Order directing Plaintiff to make by payment of Defendant's attorneys' fees and costs awarded to him as a result of Plaintiff's discovery violation. (ECF No. 285.)



submitted, *ex parte*, an unsigned tax filing that was purportedly prepared on a "married filing separately" basis.  Carefully omitted from Plaintiff's *ex parte* submissions and contrary to Plaintiff's sworn statement is that she presumably has previously had access to abundant combined family income arising from her marriage to a purportedly wealthy individual.  Plaintiff appears to have engaged in luxury international travel during this case and evidently had a wedding at the Plaza Hotel.  The tax filing, with its omission of family resources evidently enjoyed by Plaintiff, does not provide a complete picture of Plaintiff's financial circumstances, including any access to or benefit from spousal income, shared expenses, or other financial support.  Moreover, Plaintiff's tax returns are unsigned.  The Court cannot rely on them.  *See A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 279 F. Supp. 2d 341, 347 (S.D.N.Y. 2003) ("The Court, for obvious reasons, is unable to rely on unsigned tax returns without an explanation as to why signed copies are unavailable.").

Second, the materials submitted are vague and incomplete.  Notably, Plaintiff did not produce bank statements.  Instead, she submitted what appears to be a single phone screenshot of a Chase account home page, without transaction history, balances over time, or supporting detail.  That is not sufficient to analyze cash flow, available funds, or the movement of money.  *See Klein v. Aicher*, No. 19-CV-9172, 2022 WL 61352, at *6 (S.D.N.Y. Jan. 6, 2022) (declining to reduce sanctions amount because screenshots of account balances "do not show account history, income, or cashflow, but merely capture the balance of a bank account and mortgage at a time of [plaintiff's] choosing").  Nor does Plaintiff address whether there are additional accounts, including joint accounts with her spouse, investment accounts, or other financial resources.[2]  There is also no sworn statement or certification that the production is a complete production of Plaintiff's financial records.

The limited materials submitted also appear inconsistent with Plaintiff's claimed inability to pay.  As Defendant previously noted, publicly available information reflects that Plaintiff held a wedding at the Plaza Hotel in Manhattan during this litigation.  Plaintiff's submissions likewise do not address the extent of her international travel.  Such expenditures are relevant to Plaintiff's claim that she lacks the financial ability to satisfy the Sanctions Payment Order.  As a result, there is no way to determine whether the materials submitted reflect the full scope of Plaintiff's financial situation.

Finally, Plaintiff's retention of counsel in the Florida litigation directly undermines her claimed inability to pay.  *See Huber*, 51 F.3d 5, 11 (2d Cir. 1995) (affirming contempt findings where sanctioned party was "able to finance other recent litigation").  Such ongoing litigation expenditures are inconsistent with a defense of inability to pay.  Plaintiff should be ordered to account for the source of funds used to retain counsel in the Florida litigation or explain why paying counsel in a separate case is consistent with being unable to pay the Sanctions Payment Order.

---

[2] Additionally, Plaintiff represented to the Court that she had a retirement account.  (ECF No. 286-1 at ¶ 8.)  Plaintiff provides no documentation of such account.  *See A.V. By Versace, Inc.*, 279 F. Supp. 2d at 348 ("Self-serving, conclusory statements with incomplete financial records do not show an inability to pay the outstanding balances.").



For these reasons, Defendant respectfully requests that the Court deny any relief from the Sanctions Payment Order on the present record.  In the alternative, Defendant requests that Plaintiff be directed to provide a complete financial disclosure, including sworn confirmation of completeness, signed income tax returns, bank statements reflecting cash flow from 2023 to the present, and that he be permitted limited discovery concerning Plaintiff's financial condition.

We thank the Court for its consideration.

Respectfully submitted,

YANKWITT LLP

By: _____

Benjamin Allee

Cc:    All parties (by ECF)