

140 Grand Street, Suite 705, White Plains, New York 10601 | White Plains, NY
t 914.686.1500 · f 914.487.5000 · www.yankwitt.com | Atlantic City, NJ

June 15, 2026

**By ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

>      Re:    **Sarah Goolden v. Hamed Wardak**
>              **1:19 Civ. 06257 (ALC) (VF)**

Dear Judge Figueredo:

We represent the defendant and counter-claimant, Hamed Wardak ("Defendant"), in the above-referenced action. We write following Your Honor's Order dated June 8, 2026, directing Defendant to provide caselaw to "support the argument as to why the wealth of Plaintiff's husband is relevant or as to why Plaintiff must try to obtain money from her husband to satisfy the sanctions order." (ECF No. 296.) For the reasons set forth below, Defendant respectfully requests that the Court deny any relief from the Sanctions Payment Order on the present record. In the alternative, Defendant requests that Plaintiff be directed to provide a complete financial disclosure, including sworn confirmation of completeness, and that Defendant be permitted limited discovery concerning Plaintiff's financial condition.

On February 24, 2026, the Court ordered Plaintiff to pay Defendant $66,580 in attorneys' fees and $526.28 in costs by April 10, 2026. (ECF No. 285.) On April 9, 2026, Plaintiff moved to stay enforcement of the sanctions award, claiming inability to pay. (ECF No. 286.) Plaintiff had never made this claim before April 9, 2026 – the day before payment was due pursuant to this Court's order – including never during the four years since Plaintiff's discovery violation that led to the award of attorney's fees was revealed (*see* ECF No. 152), nor during the two years since the Court issued its order awarding attorney's fees (ECF No. 208). Plaintiff never provided discovery regarding this issue nor met and conferred nor otherwise raised it until April 9, whereupon she informed the Court in support of her claimed hardship: "I am a mother supporting my young child on a salary of [] . . . ." and "I have no friends [or] family able to loan me money . . ." and "If I were to pay Mr. Wardak [the sum ordered by the Court for her discovery violation], I would not have money for food or other necessities."(ECF No. 286.)

On April 16, 2026, Defendant opposed Plaintiff's request for a stay. (ECF No. 287.) Thereafter, without hearing from Defendant or providing opportunity for response, the Court reviewed documents submitted *ex parte* by Plaintiff, purportedly in support of her claimed financial hardship, and deferred enforcement of the sanctions award until the entry of a settlement or final judgment based on Plaintiff's claimed financial hardship. (ECF Nos. 289, 290.) Defendant thereafter objected to the *ex parte* proceedings, and on April 29, 2026, the Court directed Plaintiff



to file her financial records under seal, with access limited to counsel. (ECF Nos. 291-292.) On May 8 and June 2, 2026, Defendant submitted letters challenging Plaintiff's claimed financial hardship and requesting a ruling. (ECF Nos. 293-294.) On June 8, 2026, the Court directed Defendant to provide case law addressing whether Plaintiff's spouse's financial resources are relevant to her ability to satisfy the sanctions award. (ECF No. 296.)

A party seeking relief from a monetary sanction on the basis of financial hardship bears the burden of producing evidence of inability to pay the Payment Order "clearly, plainly, and unmistakably." *Huber v. Marine Midland Bank,* 51 F.3d 5, 10 (2d Cir. 1995); *U.S. S.E.C. v. Universal Exp., Inc.*, 546 F. Supp. 2d 132, 135 (S.D.N.Y. 2008) (party "must demonstrate [her] inability to comply categorically and in detail"). "Conclusory statements are inadequate to carry this burden." *Huber*, 51 F.3d at 10. A party seeking to stay a sanctions payment order must provide a "full and complete picture of [her] financial situation." *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 279 F. Supp. 2d 341, 348 (S.D.N.Y. 2003).

"Family income and assets" are directly relevant to Plaintiff's claimed inability to pay the sanctions payment order. *Friedman v. Self Help Community Svcs., Inc.*, 2018 WL 31393203, at * 8 (E.D.N.Y. June 28, 2018) (holding that "family income and assets" are the "kind of documentation with which courts must grapple before making a finding of inability to pay"); *Universal Exp., Inc.*, 546 F. Supp. 2d at 136-38, n.6 (considering jointly owned properties, vehicles, and joint living expenses with wife in concluding defendant had ability to pay); *Howe Labs., Inc. v. Stevick*, 1997 WL 340916 (E.D.N.Y. June 18, 1997) (considering joint income with wife in concluding defendant failed to demonstrate financial inability "categorically and in detail" and did not "clearly, plainly and unmistakably" prove that compliance with order was "impossible").

Plaintiff's submissions here fall far short of that standard. The issue is not whether Plaintiff's husband is legally obligated to satisfy the Sanctions Payment Order. Defendant has never argued that he is. Rather, the issue is whether Plaintiff has carried her burden of providing a complete and accurate picture of her financial circumstances before obtaining relief from the Court's Sanctions Payment Order. She has not.

Instead, Plaintiff submitted a selective, incomplete, and self-serving collection of documents that were initially presented *ex parte* and therefore not subjected to adversarial scrutiny. Those materials do not establish an inability to pay and instead raise substantial questions regarding the completeness and accuracy of Plaintiff's financial disclosures.

First, Plaintiff's submissions omit any meaningful accounting of family resources. In seeking to delay enforcement of the Sanctions Payment Order, Plaintiff swore that she has "no friends or family able to loan [her] money." (ECF No. 286-1 ¶ 9.) Yet Plaintiff also submitted an unsigned tax filing prepared on a purported "married filing separately" basis while omitting any explanation concerning her access to family resources arising from her marriage. Contrary to Plaintiff's sworn representation, Plaintiff appears to have enjoyed substantial family resources, including luxury international travel during this litigation and a wedding at the Plaza Hotel in Manhattan. These facts are relevant not because Plaintiff's husband is obligated to pay the



sanctions award, but because they bear directly on whether Plaintiff has provided the "full and complete picture" of her financial circumstances required under controlling authority. *See A.V. By Versace, Inc.*, 279 F. Supp. 2d at 348. At a minimum, Plaintiff was required to disclose any access to or benefit from spousal income, shared expenses, jointly held assets, or other financial support. She did not do so. Moreover, the tax returns Plaintiff submitted are unsigned. The Court cannot rely on unsigned tax returns absent an explanation for why signed versions are unavailable. *See id.* at 347 ("The Court, for obvious reasons, is unable to rely on unsigned tax returns without an explanation as to why signed copies are unavailable.").

Second, the materials submitted are vague and incomplete. Plaintiff did not produce bank statements. Instead, she submitted what appears to be a single screenshot from a Chase mobile banking application, without any transaction history, account balances over time, or supporting documentation. Such a submission is insufficient to assess Plaintiff's available funds, cash flow, or movement of money. *See Klein v. Aicher*, No. 19-CV-9172, 2022 WL 61352, at *6 (S.D.N.Y. Jan. 6, 2022) (declining to reduce sanctions where screenshots of account balances "do not show account history, income, or cashflow, but merely capture the balance of a bank account and mortgage at a time of [plaintiff's] choosing"). Nor has Plaintiff addressed whether additional accounts exist, including joint accounts with her spouse, investment accounts, retirement accounts, or other financial resources. There is likewise no sworn certification that Plaintiff's production constitutes a complete disclosure of her financial records.

Finally, Plaintiff's retention of counsel in separate Florida litigation further undermines her claimed inability to pay. The Second Circuit has recognized that a sanctioned party's ability to finance other litigation may be considered in evaluating a claimed inability to comply with a monetary obligation. *See Huber*, 51 F.3d at 11 (affirming contempt findings where the sanctioned party was "able to finance other recent litigation"). Plaintiff should therefore be required to account for the source of funds used to retain counsel in the Florida litigation or explain how those expenditures are consistent with her claimed inability to satisfy the Sanctions Payment Order.

For these reasons, Defendant respectfully requests that the Court deny any relief from the Sanctions Payment Order on the present record. In the alternative, Defendant requests that Plaintiff be directed to provide a complete financial disclosure, including sworn confirmation of completeness, signed income tax returns, bank statements reflecting cash flow from 2023 to the present, and that he be permitted limited discovery concerning Plaintiff's financial condition.

We thank the Court for its consideration.

Respectfully submitted,

YANKWITT LLP

By: _____

Benjamin Allee

Cc:    All parties (by ECF)