

**incendii**
civil justice, **together.**

195 Plymouth Street | Suite 4-3
Brooklyn NY 11201 | 646-722-8655
www.incendiilaw.com

Aurore DeCarlo | Founding Partner
aurore@incendiilaw.com

June 22, 2026

VIA ECF

Honorable Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**RE:  Goolden v Wardak and Wardak v Goolden, No. 19-CV-6257(ALC)(VF)**

Dear Judge Figueredo:

We represent Plaintiff/Counterclaim-Defendant Sarah Goolden ("Ms. Goolden") in the above-referenced matter. We submit this jointly with counsel for Defendant/Counterclaim-Plaintiff Hamed Wardak ("Wardak") to provide the court with an update of the status of the case and possible next steps, as requested by the Court on June 8, 2026 (Dkt. No. 296).

**Ms. Goolden's Position**

Fact discovery is largely complete however there is one outstanding issue that the parties will need the court's input on. During Defendant Hamed Wardak's deposition on January 30, 2025, Defendant's counsel objected to any inquiry regarding a previous matter involving Mr. Wardak and a woman by the name of Wazhma Mahmand. Defendant's counsel specifically instructed Mr. Wardak not to answer any questions related to Ms. Mahmand.  It is Plaintiff's position that we are entitled to inquire about Ms. Mahmand, inclusive of any matters or incidents involving her and Mr. Wardak, pursuant to a decision issued by Judge Debra Freeman during a conference held between the parties on March 15, 2022 (Dkt. No. 135). A copy of the conference transcript, in relevant part, is annexed here to as <u>Exhibit A</u>. After arguments on the issue of whether Plaintiff could inquire and seek discovery on previous matters involving Mr. Wardak and other women, including Ms. Mahmand, Judge Freeman adjudged as follows:

> [W]hat I'm finding discoverable, by the way, is accusations of conduct similar to that alleged in this case. Okay? I'm leaving it at that. I'm not finding relevant information about a prior dispute between Mr. Wardak and his company unless there's some very direct  tie-in to conduct that's similar to the conduct alleged  here. But the conduct as to the individual women, it seems to me is fair game for discovery; maybe not for trial, but for discovery. All right?

<u>See</u>, Exhibit A, p. 44, lines 3-11.

Despite ongoing meet and confers about this issue, via both email and phone, the parties have failed to reach an agreement on this issue. Plaintiff anticipates filing a motion to compel Defendant to be questioned about this narrow issue and the parties jointly request a pre-motion conference in that regard.

Additionally Plaintiff's counsel has reminded Defendant's counsel for limited information otherwise requested during Defendant's deposition and we anticipate a response to those limited requests shortly.

The parties agree that aside from the Mahmand matter referenced above, fact discovery is complete.

**Wardak's Position**

Wardak's position is that Judge Freeman's order permitted questioning only about "accusations of conduct similar to that alleged in this case." <u>See</u> Exhibit A at 44:3-11.  Based on the argument before the Court, the matter between Wazhma Mahmand and Wardak was sealed pursuant to court order.  Accordingly, any questioning about that litigation itself, including allegations made in that litigation, is not permitted.

During the first day of Wardak's deposition, counsel objected to questions about Ms. Mahmand pending review of Judge Freeman's conference transcript.  After counsel conferred that evening, Wardak's counsel stated on the record the next day that he would not instruct Wardak not to answer questions regarding facts concerning that matter. Plaintiff's counsel then asked questions directed to allegations made in the sealed litigation, rather than the underlying conduct itself, and Wardak's counsel properly objected.

Thus, Plaintiff had every opportunity to ask appropriate questions during the second day of Wardak's deposition. To the extent Plaintiff contends that the issue was never revisited, that contention is incorrect and is belied by Wardak's deposition transcript.  Wardak's position is that questions concerning the sealed litigation, allegations made in that litigation, or other litigation-specific matters are improper, while questions limited to the conduct underlying the litigation are proper.

Sincerely,

Incendii Law PLLC
/s/ _Aurore C. DeCarlo_____
Aurore DeCarlo

C. A. Goldberg, PLLC

/s/ _Carrie A. Goldberg_____
Carrie Goldberg

*Attorneys for Plaintiff/Counter-Defendant Sarah Goolden*

Yankwitt LLP

*/s/ Benjamin R. Allee*
Benjamin Allee

*Attorneys for Defendant/Counter-Plaintiff Hamed Wardak*

