646.666.8908 | 16 COURT STREET, 33RD FLOOR | BROOKLYN, NY 11241
CARRIE@CAGOLDBERGLAW.COM | WWW.CAGOLDBERGLAW.COM

June 25, 2026

<u>Via ECF</u>
Hon. Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

*Delivered via ECF*

### Re: Case 1:19-cv-06257-ALC-VF; Goolden v. Wardak

Dear Judge Figueredo

As you are aware I am counsel for Plaintiff and Counter-defendant Sarah Goolden in the above-referenced matter. I write regarding the June 15, 2026, correspondence from Benjamin Allee, Esq., counsel for Hamed Wardak (Doc. 297) wherein he requests that "the Court deny any relief from the Sanctions Payment Order," that the Plaintiff be directed to provide unnecessary financial disclosures, including her spouse's financial information, and that Defendant be permitted "limited discovery concerning Plaintiff's financial condition."

This Court ordered Defendant to provide case law addressing whether Plaintiff's spouse's financial resources are relevant to her inability to pay the sanctions awards (Doc. 296). Defendant fails to present any binding authority that requires this Court to consider Plaintiff's spouse's financial resources. Rather, this Court retains discretion to determine Plaintiff's inability to pay based on evidence already submitted in-camera.

Here, Ms. Goolden submitted various forms of financial documentation to this Court for in-camera review, including her most recent paystub, her 2023-2025 Tax filings, her checking and savings account balances, and her federal student aid documents. This Court has already determined that Ms. Goolden has clearly, plainly, and unmistakably demonstrated financial hardship or an inability to pay the discovery sanctions (Doc. 290).

Defendant's argument that Plaintiff's spouse's financial information will "provide a full and complete picture of her financial circumstances" is a red herring that wholly misinterprets precedent. The standard in this Circuit is to prove Plaintiff's *inability* to pay, not her ability to pay. *See Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995). Defendant's "limited discovery request" is merely a fishing expedition designed to procure supposed evidence of Plaintiff's spouse's ability to pay the sanctions award. Defendant speculates as to what, if any, financial support Ms. Goolden receives from her spouse. However, is it not Ms. Goolden's spouse's responsibility or legal obligation to pay the sanctions award. The mere fact that Ms. Goolden celebrated her marriage with a wedding and traveled internationally does not make her



646.666.8908 | 16 COURT STREET, 33RD FLOOR | BROOKLYN, NY 11241
CARRIE@CAGOLDBERGLAW.COM | WWW.CAGOLDBERGLAW.COM

spouse's finances relevant to her inability to pay the sanctions award. Rather, Plaintiff has clearly and plainly demonstrated her inability to pay based on her *own* financial documents as previously determined by this Court (Doc. 290).

The singular binding authority that Defendant cites does not require this Court to consider a party's spouse's finances when determining the plaintiff's inability to pay. *U.S. S.E.C. v. Universal Exp., Inc.*, 546 F. Supp. 2d 132, 135 (S.D.N.Y. 2008). In *Universal*, the defendant had millions of dollars in income for years prior to the order, as well as significant liquidated assets. *Id.* Rather than provide a full, sworn accounting of his finances, the defendant invoked his Fifth Amendment privilege against self-incrimination in response to many questions about his financial situation. *Id.* at 136. The defendant claimed that he was unable to complete payments on his self-imposed schedule because of the substantial payments on his jointly owned properties and jointly leased vehicles. *Id.* The court then considered the value of the properties because the defendant represented at a hearing that "[he] and his wife committed to putting this second home on the market, with the proceeds gained from the sale going to pay down the judgment." *Id.* at 137. Finally, the defendant testified that "his wife handled all the checks and that he had never written a check…[and] professed ignorance of to whom and for what his wife writes checks…" *Id.* at 136, n.5.

The facts of this case are easily distinguished from those in *Universal*. Here, Ms. Goolden does not have millions of dollars in income and liquidated assets, and her financial records reflect as much. Moreover, Ms. Goolden was forthcoming in her presentation of her financial records to this Court, unlike the defendant in *Universal*. The defendant in *Universal* put his jointly owned property and accounts at issue, directly tying them to his inability to pay the judgment. Plaintiff's tax returns are clearly labeled "married filing separately." Therefore, her spouse's financial information is irrelevant to the determination of her inability to pay.

Mr. Wardak's motive in submitting this letter is obvious: to continue to badger and harass Ms. Goolden. This Court's April 28, 2026 decision resolved the motion with finality and is unchanged by precedent cited by Defendant (Doc. 290).

Mr. Wardak's option is to seek relief from the Second Circuit if he dislikes the outcome of your Honor's decision.

Sincerely,

*/s/ Carrie Goldberg*
Carrie Goldberg
C.A. Goldberg, PLLC
16 Court St, 33rd Fl
Brooklyn, NY 11241

*Counsel for Sarah Goolden*

