**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SARAH GOOLDEN,

Plaintiff, Counterclaim-Defendant

-against-

HAMED WARDAK,

Defendant, Counterclaim-Plaintiff.

**19-CV-6257 (ALC) (VF)**

**DEFENDANT/COUNTERCLAIM-PLAINTIFF HAMED WARDAK'S OBJECTIONS TO THE MAGISTRATE JUDGE'S RULING STAYING ENFORCEMENT OF THE SANCTIONS PAYMENT ORDER**

YANKWITT LLP
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.: (914) 686-1500
Fax: (914) 487-5000
*Counsel for Defendant/*
*Counterclaimant Hamed Wardak*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 1
STATEMENT OF FACTS .......... 2
I. Plaintiff's Discovery Violation and Sanctions Obligation .......... 2
II. The *Ex Parte* Proceeding .......... 4
III. Defendant's Objection to the *Ex Parte* Proceeding .......... 4
IV. Defendant's Continuing Challenges to Plaintiff's Insufficient Showing .......... 5
V. The September 17, 2026 Ruling .......... 6
ARGUMENT .......... 7
I. Standard of Review .......... 7
II. The Ruling Is Contrary to Law .......... 7
III. The Ruling Is Clearly Erroneous .......... 10
CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*,
279 F. Supp. 2d 341 (S.D.N.Y. 2003) .......... 7

*Auscape International v. National Geographic Society*,
No. 02-CIV-6441 (LAK) (HBP), 2003 WL 22508509 (S.D.N.Y. Nov. 6, 2003) .......... 9, 10, 11

*Huber v. Marine Midland Bank*,
51 F.3d 5 (2d Cir. 1995) .......... 4, 7

*Industrial Aircraft Lodge 707 v. United Techs. Corp.*,
104 F.R.D. 471 (D. Conn. 1985) .......... 9

*Klein v. Aicher*,
No. 19-CV-9172, 2022 WL 61352 (S.D.N.Y. January 6, 2022) .......... 8, 9, 10

*Rugova v. Silverstone Prop. Grp., LLC*,
No. 23-CV-2648 (RA), 2026 WL 1790842 (S.D.N.Y. June 10, 2026) .......... 7

*S.E.C. v. Universal Exp., Inc.*,
546 F. Supp. 2d 132 (S.D.N.Y. 2008) .......... 7, 8, 9

**Statutes**

28 U.S.C. § 636(b)(1)(A) .......... 1, 7

**Rules**

Fed. R. Civ. P. 72(a) .......... 1, 7

Defendant/Counterclaim Plaintiff Hamed Wardak ("Defendant") respectfully submits this memorandum of law in support of his objections to the Magistrate Judge's ruling staying enforcement of the sanctions payment order (the "Motion") against Plaintiff/Counterclaim Defendant Sarah Goolden ("Plaintiff"), pursuant to Rules 72(a) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(A), and Magistrate Judge Figueredo's September 17, 2026, oral ruling deferring enforcement of the sanctions payment order (the "Ruling") (Dkt. No. 303).

## PRELIMINARY STATEMENT

After Plaintiff was sanctioned for failing to timely produce a responsive iPhone video, Plaintiff was ordered to pay Defendant $66,580 in attorneys' fees and $526.28 in costs by no later than April 10, 2026. When that deadline came, Plaintiff did not make any payment. Rather, Plaintiff, without ever previously claiming financial hardship, moved one day before the deadline to defer her sanctions payment indefinitely. Plaintiff asserted that she was a mother supporting a young child, that she was of modest means, had no additional income or available loans, and an inability to afford necessities if required to pay.

Thereafter, Honorable Valerie Figueredo, United States Magistrate Judge (hereinafter, the "Magistrate Judge"), conducted an *ex parte* proceeding over Defendant's objection of Plaintiff's claimed financial hardship. Without Defendant's response, the Magistrate Judge stayed payment until the case concluded. This was the second instance that the Court, following an *ex parte* proceeding, awarded Plaintiff a windfall in support of her baseless suit against Defendant, as previously the Magistrate Judge denied Plaintiff's counsel's motion to withdraw, notwithstanding Plaintiff's counsel's assertion that she did not feel she could represent Plaintiff "to a jury in a way that is going to lead to a successful outcome in this case." (ECF No. 263 at 8.)

Defendant objected and later received, post hoc, the documents on which the Magistrate Judge relied. The documents were plainly and substantially insufficient to support any claim of financial hardship. Moreover, the apparent reality of Plaintiff's financial circumstances—including spousal resources, luxury travel, and a luxury wedding during this litigation—was omitted and seemingly inconsistent with her sworn statements. Defendant requested that the Magistrate Judge deny Plaintiff's request, now with the benefit of Defendant's response to the inadequate financial records and under applicable law.

On September 17, 2026, the Magistrate Judge ordered that Plaintiff may defer payment until the case is concluded, adhering to the *ex parte* ruling. In doing so, the Magistrate Judge wrongly relieved Plaintiff of her burden to establish an inability to pay, relied on a financial record that is incomplete on its face, and misframed the relevance of resources available to Plaintiff through her spouse.

For the reasons set forth below, Defendant respectfully requests that the Court set aside the Magistrate Judge's ruling staying payment of the sanctions as clearly erroneous and contrary to law, and that Plaintiff be directed to pay the sanctions award forthwith.

## STATEMENT OF FACTS

### I. Plaintiff's Discovery Violation and Sanctions Obligation

On May 8, 2024, this Court sanctioned Plaintiff for failing to produce a video recording she had surreptitiously taken and stored on her iPhone that was responsive to numerous discovery requests. (ECF No. 208) Plaintiff was ordered to pay Defendant's reasonable attorney's fees and costs as described by the Court.[1]

---

[1] In the Court's order, Plaintiff was also permitted to retake Defendant's deposition. Whereas she delayed as described herein regarding the Court's order that she pay sanctions, she proceeded without delay or difficulty in taking the deposition of Defendant, which took place in January 2025.

Plaintiff did not do so. Rather, she delayed and then purported to dispute Defendant's attorneys' fees and costs, which exceeded $170,000 incurred and actually expended because of Plaintiff's discovery failure. Defendant required further motion practice to enforce the order. On March 3, 2025, Defendant filed a motion for his reasonable attorneys' fees and costs. (ECF Nos. 236-38)

Plaintiff did not respond initially to Defendant's motion. Rather, Plaintiff's counsel moved to withdraw, staying the attorneys' fees motion. (ECF Nos. 239-40, 244-45, 246-63) Thereafter, the Magistrate Judge conducted *ex parte* withdrawal proceedings. During the *ex parte* proceedings, Plaintiff's counsel evidently informed the Court that she did not feel she could represent Plaintiff "to a jury in a way that is going to lead to a successful outcome in this case." (ECF No. 263 at 8.) The Magistrate Judge denied withdrawal. (*Id.*)

Plaintiff later opposed the attorneys' fees motion. In its first opposition brief, Plaintiff's counsel cited non-existent cases and made-up quotations. (ECF No. 267). Plaintiff thereafter filed a second opposition. (ECF No. 270.)

On February 24, 2026, the Court ultimately ordered Plaintiff to pay Defendant $66,580 in attorneys' fees and $526.28 in costs by April 10, 2026 (the "Sanctions Award"), arising out of Plaintiff's discovery violation. (ECF No. 285.)

Plaintiff did not do so. Instead, on April 9, 2026, the day before payment was due, Plaintiff moved to defer her payment obligation until resolution of the case, on the ground of claimed financial hardship. (ECF No. 286.) With her motion, Plaintiff submitted a sworn statement purporting to set forth her lack of resources. (ECF No. 286-1.) Plaintiff stated, among other things, "I am a mother supporting my young child . . ."; "I have no additional income [than a modest

salary]"; "I have no friends or family able to loan me money."; and "If I were to pay [Defendant], I would not have money for food or other necessities." (*Id.*)

Defendant opposed the motion on April 16, 2026, noting that Plaintiff had never previously claimed an inability to pay in the nearly four years since her discovery violation, or the two years since the Court's underlying sanctions order, and that a party seeking relief from a monetary sanction on grounds of financial hardship must demonstrate inability to pay "clearly, plainly, and unmistakably." (ECF No. 287 (citing *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995)).)

## II. The *Ex Parte* Proceeding

On April 20, 2026, in reply, Plaintiff requested leave to make an *in camera* submission of her financial documentation on an attorneys'-eyes-only basis. (ECF No. 288.) The Court granted that request on April 22, 2026. (ECF No. 289.)

On April 24, 2026, Plaintiff's counsel asked the Court how to transmit the financial documentation. Defendant's counsel promptly objected to any *ex parte* transmission. On April 27, 2026, the Court nonetheless permitted Plaintiff to email her financial documentation to the Court "without opposing counsel copied." (Declaration of Benjamin Allee, Exhibit A.) Defendant's counsel could not review the documents, test completeness, or respond before the ruling.

On April 28, 2026, based on the *ex parte* submission, the Court entered an order deferring enforcement of the sanctions award until entry of a settlement or final judgment. (ECF No. 290.)

## III. Defendant's Objection to the *Ex Parte* Proceeding

On April 28, 2026, Defendant wrote to the Court objecting to the *ex parte* process by which deferral was granted. (ECF No. 291.) Defendant explained that the Court's prior memo

endorsement had authorized only an *in camera* submission for review by the Court and defense counsel, not the exclusion of Defendant's counsel from the proceedings in his own case, particularly where Plaintiff herself had proposed producing the materials to defense counsel on an attorneys'-eyes-only basis, a request inconsistent with any need for *ex parte* treatment. (*Id.*) Defendant cited authority holding that *ex parte* submissions are strongly disfavored outside narrow circumstances not present, and that Plaintiff had made no showing to justify departing from the adversarial process. (*Id.*) Defendant requested reconsideration of the deferral, disclosure of the financial materials subject to appropriate confidentiality protections, and an opportunity to review and respond, or in the alternative that the Court decline to consider the *ex parte* submission altogether. (*Id.*)

On April 29, 2026, the Court directed Plaintiff to file the financial documentation under seal, viewable by counsel only, by May 1, 2026. (ECF No. 292.)[2]

**IV. Defendant's Continuing Challenges to Plaintiff's Insufficient Showing**

After obtaining the materials, Defendant identified substantial deficiencies. On May 8, 2026, Defendant wrote to the Court explaining that Plaintiff's submission was selective, incomplete, and inconsistent with her sworn declaration. (ECF No. 293.) Although Plaintiff swore she had "no friends or family able to loan [her] money," (ECF No. 286-1 ¶ 9), she simultaneously submitted an unsigned tax filing on a "married filing separately" basis that omitted any accounting of family resources arising from her marriage, notwithstanding publicly available information showing that she was married and had enjoyed luxury international travel and a wedding at the

[2] Plaintiff did not file the financial documents under seal, and instead, transmitted such documents to Defendant's counsel by email on May 1, 2026. Defendant submits the financial documentation herewith, under seal, pursuant to the Court's April 29, 2026 Order. (Declaration of Benjamin Allee, Exhibit B.)

Plaza Hotel during litigation. (Declaration of Benjamin Allee, Exhibit B.) Defendant further noted that Plaintiff had produced only a single undated screenshot of an account balance; had not addressed the existence of joint accounts, investment accounts, or other resources; had offered no sworn certification that her production was complete; and Plaintiff's funded Florida litigation contradicted a claimed inability to pay the Sanctions Award. (ECF No. 293.) Defendant requested that the Court deny relief on the existing record, or in the alternative order a complete financial disclosure and permit limited discovery. (*Id.*)

Defendant renewed his request on June 2, 2026. (ECF No. 294.) On June 8, 2026, the Court directed Defendant to submit case law addressing the relevance of Plaintiff's spouse's financial resources to her claimed inability to pay. (ECF No. 296.) Defendant did so on June 15, 2026, and Plaintiff opposed on June 25, 2026. (ECF Nos. 297, 299.)

**V. The September 17, 2026 Ruling**

The Court scheduled a September 17, 2026 status conference. (ECF No. 300.) There, the Magistrate Judge issued an oral decision rejecting Defendant's arguments and granting Plaintiff's deferment of the sanctions payment obligation. (*See* Declaration of Benjamin Allee, Exhibit C ("Transcript" or "Tr.").) The Court acknowledged that, at the time of Plaintiff's original submission, the financial materials provided consisted of a single paystub showing biweekly net pay of $2,102, a screenshot showing an account balance of approximately $2,000, student loan records, and unsigned tax filings from 2023 to 2025. (Tr. At 7:3-7.) Based on that record, and on the view that Defendant had identified no case requiring a plaintiff to demonstrate inability to pay "categorically and in detail" where she seeks only to defer, rather than avoid payment, the Court again stayed payment of the sanctions award until the conclusion of the case. (*Id.* at 6:4-8:2.) The ruling did not address the completeness of Plaintiff's disclosure, the unexplained omission of

spousal and family resources, the absence of bank statements or account history, or Plaintiff's demonstrated ability to fund concurrent litigation in Florida notwithstanding her claimed inability to pay a comparatively modest sanctions award.

## ARGUMENT

### I. Standard of Review

A magistrate judge's ruling on a non-dispositive matter, including a ruling on the timing of payment of a discovery sanction, may be set aside if it is "clearly erroneous or contrary to law." Fed R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A ruling is clearly erroneous where, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed . . . [and] a ruling is contrary to law only if it fails to apply or misapplies relevant statutes, case law, or rules of procedure[.]" *Rugova v. Silverstone Prop. Grp., LLC*, No. 23-CV-2648 (RA), 2026 WL 1790842, at *2 (S.D.N.Y. June 10, 2026) (internal citations omitted).

### II. The Ruling Is Contrary to Law

A party seeking relief from a monetary sanction on the ground of financial hardship must demonstrate her inability to pay "clearly, plainly, and unmistakably," and conclusory statements are inadequate to carry that burden. *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995). A party seeking to delay a sanctions payment must present a "full and complete picture" of her financial situation. *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 279 F. Supp. 2d 341, 348 (S.D.N.Y. 2003). Family income and assets are part of the documentation a court must consider before finding an inability to pay. *See S.E.C. v. Universal Exp., Inc.*, 546 F. Supp. 2d 132, 136-38, n.6 (S.D.N.Y. 2008).

Plaintiff did not meet that standard. Plaintiff swore that she had "no friends or family able to loan [her] money" (ECF No. 286-1 ¶ 9), yet submitted an unsigned tax return prepared on a

"married filing separately" basis without any accounting of the family resources arising from her marriage, notwithstanding evidence of luxury international travel and a wedding at the Plaza Hotel during the pendency of this litigation. (ECF No. 293, at 1–2.) Plaintiff produced no bank statements reflecting account history or cash flow, only a single undated screenshot of an account balance. Plaintiff did not address whether joint accounts, investment accounts, or other financial resources exist, and offered no sworn certification that her production was complete. And Plaintiff's demonstrated ability to retain and pay counsel in concurrent litigation in Florida, while professing an inability to satisfy the sanctions award in this case, is itself probative of an ability to pay that the Ruling did not address.

At the conference, the Magistrate Judge distinguished the authority Defendant cited—*SEC v. Universal Express, Inc.*, 546 F. Supp. 2d 132 (S.D.N.Y. 2008), and *Klein v. Aicher*, No. 19-CV-9172, 2022 WL 61352 (S.D.N.Y. January 6, 2022)—on the ground that both cases involved a sanctioned party seeking relief from payment in its entirety, whereas Plaintiff seeks only to defer, not avoid, payment. (Tr. At 4:11-5:13.) That distinction does not survive scrutiny.

In *Universal Express*, the court held that a party invoking inability to pay "bears the burden of producing evidence of his inability to comply," and that this burden is to establish inability "clearly, plainly, and unmistakably" and "categorically and in detail." 546 F. Supp. 2d at 134–35. That standard does not depend on whether relief is permanent or temporary; the court in *Universal Express* imposed it because the contemnor "ha[d] not sworn to the completeness and accuracy of the financial statements that he ha[d] submitted, and his records contain[ed] troubling inconsistencies," and because "generalized assertions of poverty" are never sufficient standing alone. *Id.* at 139. The same defects exist here: Plaintiff's tax returns are unsigned, her bank records

are limited to a single undated screenshot, and she has offered no sworn certification of completeness.

*Klein v. Aicher* likewise turned on evidentiary sufficiency, not debt forgiveness. Klein submitted only two pieces of evidence of his financial circumstances—a screenshot of his checking account balance and a screenshot of his mortgage balance—along with two declarations, and the court held that showing insufficient because it failed to establish Klein was "clearly, plainly, and unmistakably" unable to pay." *Klein v. Aicher*, No. 19-CV-9172, 2022 WL 61352, at *6 (S.D.N.Y. January 6, 2022). Both cases require a complete, reliable showing, regardless of deferral or discharge. The Magistrate Judge's distinction on that basis was therefore contrary to the reasoning of the very cases she cited.

The two cases the Magistrate Judge cited in support of deferring payment instead undermine deferral. She cited *Industrial Aircraft Lodge 707 v. United Techs. Corp.*, 104 F.R.D. 471 (D. Conn. 1985), for the proposition that a trial court has considerable discretion to determine when an award of discovery-sanction costs must be paid. But the court in that case exercised that discretion by declining to defer payment, holding that deferral would not "serve to deter obstructive conduct by litigants in the course of discovery." *Industrial Aircraft Lodge 707 v. United Techs. Corp.*, 104 F.R.D. at 473. The movant did not claim inability to pay. Rather, *Industrial Aircraft Lodge 707* stands for the proposition that a court should decline to delay payment where doing so would blunt the sanction's deterrent purpose—precisely the concern Defendant has raised here.

The Magistrate Judge likewise cited *Auscape International v. National Geographic Society*, No. 02-CIV-6441 (LAK) (HBP), 2003 WL 22508509 (S.D.N.Y. Nov. 6, 2003), for the same proposition, but in that case, the plaintiff did in fact request a stay of a sanctions payment until the conclusion of the case. Nowhere in that decision does the Court state the plaintiff claimed

an inability to pay. On the contrary, the court in *Auscape International* declined to stay a sanctions order pending final resolution of the case because doing so would send "entirely the wrong message" and leave "no effective sanction" on the misconduct at issue. *Id.* at *1. The same risk exists here: deferring payment of a sanction until the conclusion of litigation that Plaintiff herself continues to prosecute, on a financial showing riddled with unexplained gaps, sends the same wrong message and leaves the sanctions order without practical effect in the interim. Both cases counsel against deferral on this record.

Accordingly, the Ruling is contrary to law, and on this basis alone, the Court should set aside the Ruling.

**III. The Ruling Is Clearly Erroneous**

In addition to being contrary to law, the Order also rests on findings that are clearly erroneous on this record.

First, the current account balances Plaintiff submitted do not show the movement of money into or out of her accounts, any recurring income beyond a single paystub, her spending patterns, nor expenses paid by others, including her spouse. A snapshot balance, without more, cannot support a finding of inability to pay because it reveals nothing about cash flow. *See Klein v. Aicher*, No. 19-CV-9172 (RA) (S.D.N.Y. May 14, 2021).

Second, the Court's denial of discovery into Plaintiff's inability-to-pay claim was error. Having placed her finances squarely at issue in seeking relief from the sanctions award, and having submitted a record with material, unexplained gaps, Plaintiff should not have been permitted to foreclose the limited discovery Defendant requested regarding the completeness of her financial disclosure.

Third, indefinite deferral of payment on this record undermines the purpose of the sanctions award. The award was intended to make Defendant whole for costs he actually incurred and to deter discovery misconduct. Permitting Plaintiff to defer payment indefinitely, based on a showing that does not “clearly, plainly, and unmistakably” establish an inability to pay, rewards delay and leaves the sanction without practical effect while this litigation, which Plaintiff continues to prosecute, remains pending. *See Auscape Int'l v. Nat'l Geographic*, No. 02-CIV-6441 (LAK) (HBP), 2003 WL 22508509 (S.D.N.Y. Nov. 6, 2003) (declining to stay a sanctions order because doing so would send "entirely the wrong message" and leave "no effective sanction" on the misconduct at issue). The inequity is sharpened by the fact that Defendant has already paid the underlying legal fees the sanctions award was meant to reimburse, and continues to bear the cost of defending this litigation, while Plaintiff, whose counsel this Court has directed to remain in the case notwithstanding counsel's own stated doubts about the case, bears none of the corresponding financial consequence.

Fourth, rather than requiring Plaintiff to prove her inability to pay on a complete record, the Ruling effectively required Defendant to disprove inability to pay using only the selective record Plaintiff chose to submit. That inverts the burden *Huber* and its progeny place squarely on the party seeking relief from a sanction, and excuses exactly the kind of conclusory, incomplete showing those cases hold is insufficient.

Finally, the initial erroneous fact-finding, to which the Court later adhered in its September 17 Order, was made upon an *ex parte* proceeding from which Defendant was wrongly excluded. In a prior *ex parte* communication, Plaintiff's own counsel previously represented to the Court concerning her motion to withdraw, that she did not believe she could represent Plaintiff "to a jury in a way that is going to lead to a successful outcome in this case." *(See* Opinion and Order, at 8

(ECF No. 263); *see also* ECF No. 291, at 3.) The Court denied that motion and directed counsel to remain in the case, and counsel has continued to litigate this case on Plaintiff's behalf, including in pursuit of the sanctions deferral now at issue, while Defendant has borne the costs of continuing to defend against claims that are now pursued by a Plaintiff in receipt of two windfalls from the Court. *(Id.*) Defendant respectfully submits that the Order should be set aside, and that Plaintiff should be directed to pay the outstanding sanctions award without further delay.

## CONCLUSION

For the reasons stated herein, Defendant respectfully requests that the Court sustain these objections, set aside the Magistrate Judge's September 17, 2026 Ruling continuing deferral of enforcement of the sanctions award, and order Plaintiff to pay the outstanding sanctions award of $66,580 in attorneys' fees and $526.28 in costs forthwith.

Dated: White Plains, New York
October 1, 2026

YANKWITT LLP

By: ________________________

Benjamin Allee
140 Grand Street, Suite 705
White Plains, New York 10601
benjamin@yankwitt.com
Tel.: (914) 686-1500
Fax: (914) 487-5000
*Attorneys for Defendant/Counter-Claimant Hamed Wardak*

## CERTIFICATION

Pursuant to Local Civil Rules 6.3 and 7.1(c), I hereby certify that this brief was prepared on a computer using Microsoft Word with a proportionally spaced typeface as follows:

Name of typeface: Times New Roman

Point Size: 12

Line spacing: Double

Margins: One-Inch

The total number of words in this brief, inclusive of point headings and footnotes and exclusive of the caption, table of contents, table of authorities, signature blocks, and this Certification, is 3,449. I have relied on the word count function of Microsoft Word to prepare this Certification.

Dated: White Plains, New York
October 1, 2026

YANKWITT LLP

By: ______________________

Benjamin Allee
140 Grand Street, Suite 705
White Plains, New York 10601
benjamin@yankwitt.com
Tel.: (914) 686-1500
Fax: (914) 487-5000
*Attorneys for Defendant/Counter-Claimant Hamed Wardak*