**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SARAH GOOLDEN,

Plaintiff, Counterclaim-Defendant

-against-

HAMED WARDAK,

Defendant, Counterclaim-Plaintiff.

**19-CV-6257 (ALC) (VF)**

**PLAINTIFF/COUNTERCLAIM-DEFENDANT SARAH GOOLDEN'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT/COUNTERCLAIM-PLAINTIFF HAMED WARDAK'S OBJECTIONS TO THE MAGISTRATE JUDGE'S RULING STAYING ENFORCEMENT OF THE SANCTIONS PAYMENT ORDER**

Incendii Law PLLC
195 Plymouth Street
Brooklyn, NY 11201
646-722-8655

C.A. GOLDBERG, PLLC
16 Court Street, 33rd Floor
Brooklyn, NY 11241
Tel.: (646)-666-8908
Fax: (914) 487-5000

*Counsel for Plaintiff / Counterclaim Defendant Sarah Goolden*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................................................... 1

RELEVANT PROCEDURAL HISTORY ........................................................................................ 1

STANDARD OF REVIEW ................................................................................................................ 2

ARGUMENT........................................................................................................................................ 2

I. THE MAGISTRATE JUDGE'S FACT-BASED RULING ON PLAINTIFF GOOLDEN'S FINANCIAL CAPABILITIES WAS NOT CLEARLY ERRONEOUS. ............ 2

II. THE MAGISTRATE JUDGE'S RULING DEFERRING ENFORCEMENT WAS NOT CONTRARY TO LAW. ............................................................................................................ 4

III. THE APRIL 28, 2026 ORDER REMAINS VALID .......................................................... 5

CONCLUSION.................................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*,
301 F.R.D. 47, 50 (S.D.N.Y. 2014)……………………………………………………2

*Huber v. Marine Midland Bank*,
51 F.3d 5, 10 (2d Cir. 1995)……………………………………………………...3, 4

*Khaldei v. Kaspiev,*
961 F.Supp.2d 572, 575 (S.D.N.Y.2013)……………………………………………3

*MacNamara v. City of New York*,
249 F.R.D. 70, 77 (S.D.N.Y. 2008)…………………………………………………4

*Pall Corp. v. Entegris, Inc.*,
655 F. Supp. 2d 169, 174 (E.D.N.Y. 2008)…………………………………………4

*Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*,
924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013)………………………………………….3

**Statutes**

28 United States Code § 636(b)(1)(A) ……………………………………………......2, 3, 4

**Rules**

Federal Rules of Civil Procedure 72(a)……………………...………………………..2, 3, 4

Plaintiff/Counterclaim Defendant Sarah Goolden ("Plaintiff Goolden") respectfully submits this Memorandum of Law in opposition to Defendant/Counterclaim Plaintiff Hamed Wardak's ("Defendant Wardak's") objections to the Magistrate Judge's ruling deferring payment of the attorney's fee award in this matter until a final judgment.

## PRELIMINARY STATEMENT

The District Court should uphold the Magistrate Judge's ruling because this non-dispositive pre-trial ruling was not contrary to law nor clearly erroneous. The Magistrate Judge's fact-based ruling deferring payment of the attorney's fees award was not clearly erroneous because it was supported by extensive evidence of Plaintiff Goolden's limited financial capabilities. Further, the Magistrate Judge's ruling deferring enforcement was not contrary to law because Magistrate Judges, inclusive in their power to issue, reduce, or reverse attorney's fees awards, are empowered to defer payment of such awards. The Magistrate's decision was not a knee-jerk reaction, but rather the result of multiple rounds of extensive and painstaking briefing by both parties and hearings and not one, but *two,* careful decisions to defer the payment (ECF 285-307). The Magistrate Judge, in addition to the parties and their legal teams, have invested dozens of hours of work into this attorney's fees deferral issue. Deferral is hardly a win for Plaintiff, who ultimately is still saddled with this financial obligation. To ensure no further judicial resources are wasted and because it was the correct decision, the District Court must uphold the Magistrate Judge's discretionary, fact-based ruling, and allow this litigation to proceed.

## RELEVANT PROCEDURAL HISTORY

On February 24, 2026, the Honorable Valerie Figueredo, United States Magistrate Judge (hereinafter, the "Magistrate Judge") ordered Plaintiff Goolden to pay Defendant Wardak $66,580 in attorneys' fees and $526.28 in costs as a discovery sanction (ECF 285). On April 9, 2026,

Plaintiff Goolden moved to stay enforcement of the award, claiming financial hardship (ECF 286). Plaintiff supplied the Court with proof of her hardship (ECF 289). The Court subsequently entered an order on April 28, 2026, granting Plaintiff Goolden's request to defer payment of the award until a final judgment and directing the Clerk of Court to close the motion (ECF290). Characteristically refusing to take no for an answer, Defendant Wardak disregarded the finality of the Magistrate's April 28th Order. Defendant Wardak filed objections on the docket and improperly forced more briefing on the motion. At the Magistrate Judge's direction, Plaintiff Goolden provided Defendant Wardak's counsel financial documentation to prove her inability to pay the award, including her most recent paystubs, her 2023-2025 tax filings, her checking and savings account balances, and her federal student aid documents (ECF 291-299). On September 17, 2026, the Magistrate Judge affirmed in an oral ruling the deferral of payment until final judgment (ECF 303).

## STANDARD OF REVIEW

A party seeking to overturn a Magistrate Judge's non-dispositive order bears a heavy burden. When reviewing objections to a Magistrate Judge's non-dispositive order, reversal by the District Court is appropriate only if the Magistrate Judge abused their discretion. *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, 301 F.R.D. 47, 50 (S.D.N.Y. 2014). With this highly deferential standard of review, the District Court may only set aside the Magistrate Judge's non-dispositive ruling if it is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). Defendant Wardak has not met his burden of satisfying that standard here.

## ARGUMENT

### I. THE MAGISTRATE JUDGE'S FACT-BASED RULING ON PLAINTIFF GOOLDEN'S FINANCIAL CAPABILITIES WAS NOT CLEARLY ERRONEOUS.

The Magistrate Judge's ruling deferring payment of the attorney's fees award until a final judgment (ECF 303) was not clearly erroneous. Instead, the Magistrate Judge's ruling was sufficiently supported by the facts provided during *months* of letters, motions, briefs, and status conferences with the parties and the Magistrate Judge.

For the "clearly erroneous" prong of Rule 72(a) of the Federal Rules of Civil Procedure, the District Court focuses on the Magistrate Judge's factual findings, which are "clearly erroneous only when the reviewing court…is left with the definite and firm conviction that a mistake has been committed." *Khaldei v. Kaspiev,* 961 F.Supp.2d 572, 575 (S.D.N.Y.2013). The District Court's analysis must be confined to the factual record that was before the Magistrate Judge. *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013); Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A).

Plaintiff Goolden provided financial documentation to prove her inability to pay the attorney's fees award, including her most recent paystubs, her 2023-2025 tax filings, her checking and savings account balances, and her federal student aid documents.

Based on the factual evidence Plaintiff Goolden provided, the Magistrate Judge's ruling staying enforcement of the attorney's fees award was factually supported and not clearly erroneous. As required by *Huber v. Marine Midland Bank*, Plaintiff Goolden proved her inability to pay the attorney's fees award at this time. 51 F.3d 5, 10 (2d Cir. 1995).

The District Court must not disturb the Magistrate Judge's finding that Plaintiff Goolden is unable to pay the attorney's fees award because her finding is sufficiently clear, adequately supported by the evidence, and not clearly erroneous. No additional facts about Plaintiff Goolden's financial circumstances are required to support the Magistrate Judge's ruling to merely defer, not

reduce, nor forgive, the attorney's fees award until a final judgment. The Magistrate Judge's factual findings are free from error and must be upheld by the District Court.

## II. THE MAGISTRATE JUDGE'S RULING DEFERRING ENFORCEMENT WAS NOT CONTRARY TO LAW.

The Magistrate Judge's ruling was not contrary to law. Rather, it was sufficiently supported by relevant precedent and Defendant Wardak failed to prove that the Magistrate Judge's ruling deferring payment ran counter to any controlling authority.

The "contrary to law" prong of Rule 72(a) of the Federal Rules of Civil Procedure focuses on the Magistrate Judge's legal conclusions, which are contrary to law if they are countered by controlling authority. *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008); *Pall Corp. v. Entegris, Inc*., 655 F. Supp. 2d 169, 174 (E.D.N.Y. 2008). The objecting party bears the burden of proof and the failure to identify such authority is fatal to an objecting party's "contrary to law" argument. *Id.;* Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A).

The standard in this Circuit for challenging the payment of a discovery fee award is for the party to prove their inability to pay and not merely make bare claims of her inability to comply. *Huber*, 51 F.3d at 10. In compliance with this standard, the Magistrate Judge reviewed the submitted evidence of Plaintiff Goolden's financial circumstances and correctly determined that deferring payment until resolution of this litigation was proper and supported by law.

Provided that a Magistrate Judge may reduce or even reverse a discovery sanctions award, a Magistrate Judge is acting well within the bounds of the law when taking the far more modest step of deferring payment of an attorney's fees award while preserving the obligation in full. Deferral of Plaintiff Goolden's payment of the attorney's fees award accounts for the financial reality of the party, while upholding purpose of this discovery fee award, which was to make Defendant Wardak whole. The Magistrate Judge did not award the discovery fees as a punitive

measure because the Magistrate Judge "did not find that the conduct plaintiff engaged in was…in bad faith or intentional," rather it was "mistaken" (ECF 306-2). Magistrate Judges are empowered to rule on non-dispositive pre-trial issues, including issuing awards of attorney's fees, granting relief from such awards, and deferring payment of such awards. As the attorney's fees were not awarded as a deterrent or punitive measure, but to make Defendant Wardak whole, deferral upholds the underlying intent for the Magistrate Judge's order.

### III. THE APRIL 28, 2026 ORDER REMAINS VALID

Even if the September 17, 2026 Order was to be set aside, the April 28, 2026 Order granting deferral remains valid and binding.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's ruling staying enforcement of the attorney's fees award should be upheld, and Defendant Wardak's objections should be denied. The Magistrate Judge's non-dispositive ruling staying enforcement of the attorney's fees award was neither clearly erroneous nor contrary to law. The District Court shall affirm the Magistrate Judge's order.

Dated: Brooklyn, New York
October 15, 2026

*/s/ Carrie Goldberg*
Carrie Goldberg, Esq.
C.A. Goldberg, PLLC
16 Court Street, 33rd Floor
Brooklyn, NY 11241
646-666-8908
carrie@cagoldberglaw.com

*/s/ Aurore DeCarlo*
Aurore DeCarlo, Esq.
Incendii Law PLLC
195 Plymouth Street
Brooklyn, NY 11201
646-722-8655
*aurore@incendiilaw.com*

*Counsel for Plaintiff / Counterclaim Defendant Sarah Goolden*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing memorandum complies with Local Rule 7.1(c). The memorandum contains 1355 words, exclusive of the portions exempted by Rule 7.1(c), as determined by the Word Count feature in Microsoft Word.

Dated: October 15, 2026
Brooklyn, New York

*/s/ Carrie Goldberg*
Carrie Goldberg, Esq.